FILED

JAN 2 2 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL D. ALLISON )
)
Plaintiff, )
v. )
)
JAMES M. NEAL, individually and in his official capacity as City )
Attorney for City of Bridgeport, and individually and in his official ) Case No. 26-cv-70-SMY
capacity as Attorney for the County Seat of Lawrence County; )
TYLER J. GRIFFIN, individually and in his official capacity as )
Mayor and Chief Executive Officer of City of Bridgeport Illinois; )
CITY OF BRIDGEPORT, IL., a municipality in Lawrence County;)
BARBIE MOREY, individually and in her official capacity as )
Lawrence County Treasurer; and )
LAWRENCE COUNTY, IL., a County in the State of Illinois; )
)
Defendants. )

COMPLAINT AND DEMAND FOR JURY TRIAL AND
MOTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND
MOTION FOR RECUSAL OF CHIEF JUDGE ROSENSTENGEL
FOR CLEAR BIAS AND/OR PREJUDICE AGAINST THE PLAINTIFF'S CASE AND/OR
FOR CLEAR BIAS AND/OR PREJUDICE AGAINST THE PLAINTIFF IN THIS CASE

NOW COMES Michael D. Allison, Pro Se, Property Owner of 744 Keppas St. Bridgeport Illinois 62417, (hereinafter "Plaintiff"), for his Complaint and Demand for Jury Trial against James M. Neal, Tyler J. Griffin, City of Bridgeport IL., Barbie Morey, and Lawrence County IL., (collectively and/or equally culpable, "Defendants"). Plaintiff alleges that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or the application of Section 11-31-1 of the Illinois Municipal Code are unconstitutional on their face as stated authority and/or as applied authority against Plaintiff in this case. Plaintiff also alleges that Defendants, acting under color of state law, have continued (in an "Ongoing" and/or "Continuing Violation") to violate Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States

Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4), and Plaintiff seeks to redress various deprivations of rights, privileges, and/or immunities secured by the United States Constitution and/or other laws of the United States and Plaintiff seeks Declaratory Judgment and Injunctive Relief and Plaintiff demands a Jury Trial. For his Complaint and Demand for Jury Trial, Plaintiff states as follows:

## I

## JURISDICTION

This action is brought to the United States District Court for the Southern District of Illinois, under Federal Question Jurisdiction and under Original Jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a),(1),(2),(3),(4), because Plaintiff alleges causes of action for alleged violations arising under the United States Constitution, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and under other laws of the United States, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and because the United States District Court for the Southern District of Illinois has subject-matter jurisdiction. Jurisdiction is founded on the aforementioned Statutory and Constitutional provisions.

## II

## VENUE

Venue in this Court exists and is proper pursuant to 28 U.S.C. § 1391 (a), (b), and (c), in that Defendants reside in the Southern District of Illinois, and a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred within the Southern District of Illinois.

## III

## TABLE OF CONTENTS

Exhibit (1). (See Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" attached hereto as Exhibit (1).

Exhibit (2). (See Illinois Governor JB Pritzker's shelter in place Executive Order 2020-10 attached hereto as Exhibit (2).

Exhibit (3). (See "Notice Of Intent To Proceed With Demolition" from September 29, 2023, attached hereto as Exhibit (3.).

Exhibit (4). (See "Notice To Remediate" attached hereto as Exhibit (4.).

Exhibit (5). (See State Court "Record Sheet" from 04/04/2024 attached hereto as Exhibit (5.).

Exhibit (6). (See "Notice of Status Hearing" attached hereto as Exhibit (6.).

Exhibit (7). (See "Notice of Hearing - Demolition of Unsafe and Dangerous Building" attached hereto as Exhibit (7.).

Exhibit (8). (See copy of State Court Filing Fee Receipt attached hereto as Exhibit (8.).

Exhibit (9). (See State Court "Record Sheet" from 05/17/2024 attached hereto as Exhibit (9.).

Exhibit (10). (See "Notice Of Intent To Proceed With Demolition" from May 17, 2024, attached hereto as Exhibit (10.).

## COUNT I - DEFENDANT NEAL HAS CONTINUED (IN AN "ONGOING" AND/OR "CONTINUING VIOLATION") TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS, UNDER COLOR OF STATE LAW, AS PROTECTED UNDER THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

105. Plaintiff incorporates paragraphs 1. - 104., above as if set forth in this section in full.

000. Defendant Neal starts on Page 53.

000. Defendant Neal ends on Page 87.

178. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff

prays that this Court:

COUNT II - DEFENDANT GRIFFIN HAS CONTINUED (IN AN "ONGOING" AND/OR "CONTINUING VIOLATION") TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS, UNDER COLOR OF STATE LAW, AS PROTECTED UNDER THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

179. Plaintiff incorporates paragraphs 1. - 104., above as if set forth in this section in full.

000. Defendant Griffin starts on Page 87.

000. Defendant Griffin ends on Page 131.

266. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff

prays that this Court:

COUNT III - DEFENDANT BRIDGEPORT HAS CONTINUED (IN AN "ONGOING" AND/OR "CONTINUING VIOLATION") TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS, UNDER COLOR OF STATE LAW, AS PROTECTED UNDER THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

267. Plaintiff incorporates paragraphs 1. - 104., above as if set forth in this section in full.

000. Defendant Bridgeport starts on Page 131.

000. Defendant Bridgeport ends on Page 150.

310. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff

prays that this Court:

COUNT IV - DEFENDANT MOREY HAS CONTINUED (IN AN "ONGOING" AND/OR "CONTINUING VIOLATION") TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS, UNDER COLOR OF STATE LAW, AS PROTECTED UNDER THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

311. Plaintiff incorporates paragraphs 1. - 104., above as if set forth in this section in full.

000. Defendant Morey starts on Page 151.

000. Defendant Morey ends on Page 172.

354. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff

prays that this Court:

COUNT V - DEFENDANT LAWRENCE COUNTY HAS CONTINUED (IN AN "ONGOING" AND/OR "CONTINUING VIOLATION") TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS, UNDER COLOR OF STATE LAW, AS PROTECTED UNDER THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

355. Plaintiff incorporates paragraphs 1. - 104., above as if set forth in this section in full.

000. Defendant Lawrence County starts on Page 172.

000. Defendant Lawrence County ends on Page 237.

490. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff prays that this Court:

MOTION FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF

491. Plaintiff incorporates paragraphs 1. - 596., as if set forth in this section in full.

000. Motion for Declaratory Judgment and Injunctive Relief starts on Page 237.

000. Motion for Declaratory Judgment and Injunctive Relief ends on Page 268.

553. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff prays that this Court:

MOTION FOR RECUSAL OF CHIEF JUDGE ROSENSTENGEL
FOR CLEAR BIAS AND/OR PREJUDICE AGAINST THE PLAINTIFF'S CASE AND/OR
FOR CLEAR BIAS AND/OR PREJUDICE AGAINST THE PLAINTIFF IN THIS CASE

554. Plaintiff incorporates paragraphs 1. - 596., as if set forth in this section in full.

000. Motion for Recusal of Chief Judge Rosenstengel starts on Page 268.

000. Motion for Recusal of Chief Judge Rosenstengel ends on Page 291.

596. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff prays that this Court:

IV

PARTIES

1. Plaintiff Michael D. Allison (hereinafter "Plaintiff") is a citizen of the United States. At all times relevant to the events described herein, Plaintiff was and still is a legal resident of the City of Bridgeport, Illinois and Property Owner of 744 Keppas St. Bridgeport, Illinois 62417.

2. Defendant James M. Neal (hereinafter "Defendant Neal"). At all times relevant to the events described herein, Defendant Neal was City Attorney for City of Bridgeport and/or Defendant Neal was an employee of City of Bridgeport and/or Defendant Neal was acting as an agent for City of Bridgeport and at all times relevant to the events described herein, Defendant Neal was Attorney and/or Defendant Neal was an employee of Lawrence County Illinois and/or Defendant Neal was acting as an agent for Lawrence County Illinois and/or Defendant Neal was City Attorney for the County Seat of Lawrence County Illinois, Lawrenceville Illinois, and at all times relevant to the events described herein, Defendant Neal was acting as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Neal was acting as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and at all times relevant to the events described herein, Defendant Neal was a State Actor, acting under color of state law. Defendant Neal is sued individually and in his official capacity as City Attorney and/or as an employee and/or as an agent for City of Bridgeport and Defendant Neal is sued individually and in his official capacity as Attorney and/or as an employee and/or as an agent for Lawrence County Illinois and Defendant Neal is sued individually and in his official capacity as City Attorney for the County Seat of Lawrence County Illinois, Lawrenceville Illinois and Defendant Neal is sued individually and in his official capacity as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Neal is sued individually and in his official capacity as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and Defendant Neal is sued individually and in his official capacity as a State

Actor, acting under color of state law. (Hereinafter, Defendant Neal will be referred to, either individually as "Defendant Neal" and/or Defendant Neal will be referred to, collectively and/or equally culpable, as "Defendants").

3. Defendant Tyler J. Griffin (hereinafter "Defendant Griffin"). At all times relevant to the events described herein, Defendant Griffin was Mayor and Chief Executive Officer of City of Bridgeport Illinois, a municipality, in Lawrence County Illinois, and at all times relevant to the events described herein, Defendant Griffin was an elected employee of City of Bridgeport and/or Defendant Griffin was an agent of and/or an agent for, City of Bridgeport, and at all times relevant to the events described herein, Defendant Griffin was as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Griffin was acting under color of state law, as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and at all times relevant to the events described herein, Defendant Griffin was a State Actor, acting under color of state law. Defendant Griffin is sued individually and in his official capacity as Mayor and Chief Executive Officer of City of Bridgeport, Illinois and/or Defendant Griffin is sued individually and in his official capacity as an elected employee of City of Bridgeport and/or Defendant Griffin is sued individually and in his official capacity as an agent for City of Bridgeport and Defendant Griffin is sued individually and in his official capacity as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Griffin is sued individually and in his official capacity as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and Defendant Griffin is sued individually and in his official capacity as a State Actor, acting under color of state law. (Hereinafter, Defendant Griffin will be referred to, either individually as "Defendant Griffin" and/or Defendant Griffin will be referred to, collectively and/or equally culpable, as "Defendants").

4. Defendant City of Bridgeport, Illinois (hereinafter "Defendant Bridgeport") is a city municipality, in Lawrence County, in the State of Illinois. At all times relevant to the events described herein, Defendant Bridgeport was an employer of Defendant Neal, as one of its agents, and at all times relevant to the events described herein, Defendant Bridgeport was an employer of Defendant Griffin, as Mayor and Chief Executive Officer of City of Bridgeport Illinois and/or as an elected employee and/or as an agent for Defendant Bridgeport and at all times relevant to the events described herein, Defendant Bridgeport was acting as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Bridgeport was acting as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and at all times relevant to the events described herein, Defendant Bridgeport was a State Actor, acting under color of state law. Defendant Bridgeport is sued individually and in its official capacity and as employer of its agents, and Defendant Bridgeport is sued individually and in its official capacity as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Bridgeport is sued individually and in its official capacity as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and Defendant Bridgeport is sued individually and in its official capacity as a State Actor, acting under color of state law. (Hereinafter, Defendant Bridgeport will be referred to, either individually as "Defendant Bridgeport" and/or Defendant Bridgeport will be referred to, collectively and/or equally culpable, as "Defendants").

5. Defendant Barbie Morey (hereinafter "Defendant Morey"). At all times relevant to the events described herein, Defendant Morey was the Lawrence County Treasurer and/or Defendant Morey was an employee of Lawrence County Illinois, employed at the Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL., and at all times relevant to the events described herein, Defendant Morey was acting as an agent for Lawrence County Illinois,

and at all times relevant to the events described herein, Defendant Morey was acting as an agent for Defendant Bridgeport and at all times relevant to the events described herein, Defendant Morey was acting as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Morey was acting as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and at all times relevant to the events described herein, Defendant Morey was a State Actor, acting under color of state law. Defendant Morey is sued individually and in her official capacity as the Lawrence County Treasurer and Defendant Morey is sued individually and in her official capacity as an employee of Lawrence County Illinois and Defendant Morey is sued individually and in her official capacity as an agent for Lawrence County Illinois and Defendant Morey is sued individually and in her official capacity as an agent for Defendant Bridgeport and Defendant Morey is sued individually and in her official capacity as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Morey is sued individually and in her official capacity as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and Defendant Morey is sued individually and in her official capacity as a State Actor, acting under color of state law. (Hereinafter, Defendant Morey will be referred to, either individually as "Defendant Morey" and/or Defendant Morey will be referred to, collectively and/or equally culpable, as "Defendants").

6. Defendant Lawrence County Illinois (hereinafter "Defendant Lawrence County") is a County in the State of Illinois. At all times relevant to the events described herein, Defendant Lawrence County was employer of Lawrence County Treasurer, Defendant Morey, and at all times relevant to the events described herein, Defendant Lawrence County was employer of Defendant Neal and at all times relevant to the events described herein, Defendant Lawrence County was an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of

Bridgeport and/or Defendant Lawrence County was an enforcer of Section 11-31-1 of the Illinois Municipal Code, and at all times relevant to the events described herein, Defendant Lawrence County was a State Actor, acting under color of state law. Defendant Lawrence County is sued individually and in its official capacity as employer of Lawrence County Treasurer, Defendant Morey, and Defendant Lawrence County is sued individually and in its official capacity as employer of Defendant Neal, and Defendant Lawrence County is sued individually and in its official capacity as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Lawrence County is sued individually and in its official capacity as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and Defendant Lawrence County is sued individually and in its official capacity as a State Actor, acting under color of state law. (Hereinafter, Defendant Lawrence County will be referred to, either individually as "Defendant Lawrence County" and/or Defendant Lawrence County will be referred to, collectively and/or equally culpable, as "Defendants").

V

NATURE OF ACTION

7. Plaintiff alleges that Defendants, acting under color of state law, have continued (in an "Ongoing" and/or "Continuing Violation") to violate Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. §§ 1331 and 1343(a),(1),(2),(3),(4).

8. Plaintiff also alleges that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or the application of Section 11-31-1 of the Illinois Municipal Code are unconstitutional on their face as stated authority and/or as applied authority

against Plaintiff in this case.

9. Plaintiff further alleges that the excessive and/or arbitrary fines and/or penalties which Plaintiff alleges are imposed, under color of state law, are imposed in the form of what Plaintiff alleges is some sort of erroneous lien, under color of state law, which Plaintiff alleges are imposed against Citizens and/or against Citizens Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period, and/or at any time thereafter, of notice being given and/or prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges amounts to an unreasonable "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges amounts to an "unreasonable seizure" of property, under color of state law, and Plaintiff alleges that the "excessive" and/or arbitrary "fines" and/or "penalties", in the form of some sort of erroneous lien, are so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) and (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) and (substantive and procedural due process) Amendments to the United States Constitution, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and

pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

VI

## FACTUAL BACKGROUND

10. On May 9, 2024, when the Plaintiff originally filed this case in the United States District Court for the Southern District of Illinois, the Plaintiff's case was assigned to Judge Phil Gilbert, under Case No: 3:24-cv-01258-JPG. However, Judge Phil Gilbert recused himself from the Plaintiff's case. The Plaintiff's case was then assigned to the Chief Judge of the United States District Court for the Southern District of Illinois, Nancy J. Rosenstingel, under Case No: 3:24-cv-01258-NJR.

11. On January 23, 2025, the Chief Judge of the United States District Court for the Southern District of Illinois, Nancy J. Rosenstingel, filed a "MEMORANDUM AND ORDER" denying the Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint, and thereby the Chief Judge of the United States District Court for the Southern District of Illinois, Nancy J. Rosenstingel, also dismissed the Plaintiff's entire lawsuit "without prejudice", which the Plaintiff had filed in the United States District Court for the Southern District of Illinois on May 9, 2024. *(See Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" attached hereto as Exhibit (1).*

12. Nevertheless, as of January 22, 2026, the Plaintiff will have refilled this case within one year of its Dismissal and the Plaintiff has added a Motion For Recusal Of Chief Judge Rosenstengel For Clear Bias And/Or Prejudice Against The Plaintiff's Case And/Or For Clear Bias And/Or Prejudice Against The Plaintiff In This Case. The Plaintiff relies on Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" as evidence of this Clear Bias And/Or Prejudice Against The Plaintiff's Case And/Or For Clear Bias And/Or Prejudice Against The

Plaintiff In This Case. *(See Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" attached hereto as Exhibit (1).*

13. Furthermore, the Plaintiff refilled this case, on January 22, 2026, within one year of its Dismissal, based on an "Ongoing" and/or "Continuing Violation" of the Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4), and Plaintiff seeks to redress various deprivations of rights, privileges, and/or immunities secured by the United States Constitution and/or other laws of the United States.

14. The Plaintiff contends that because the Plaintiff refilled this case, on January 22, 2026, within one year of its Dismissal, and because this case is based on an "Ongoing" and/or "Continuing Violation" of the Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4), the Plaintiff contends that the application of the statute of limitations in this case is moot.

15. Moreover, the Plaintiff states that this case has never spent more than one year outside the Court System since this case was originally filed in the State Court on June 22, 2020, and the Plaintiff states that because the Plaintiff's case has never spent more than one year outside the Court System since this case was originally filed in the State Court on June 22, 2020, the Plaintiff contends that the application of the statute of limitations in this case is also moot.

16. At all times relevant to the events described herein, Plaintiff was a Construction Worker working mostly outside the State of Illinois for extended periods of time. The roof on the

south side of Plaintiff's two-story home started leaking several years prior to the events described herein. However, because of the size, the shape, the steepness of the roof, and the time involved in doing a complete reroof, Plaintiff chose to only temporarily patch the roof. As the temporary patches began failing Plaintiff was, for the most part, working outside the State of Illinois for extended periods of time and Plaintiff was unable to remedy the leaking roof.

17. Plaintiff had been working outside the State of Illinois when Plaintiff was informed that the entire south side of his home had collapsed. Plaintiff had not anticipated such a catastrophic collapse of the structure and Plaintiff continues to have personal possessions inside the structure in which Plaintiff intends to make every attempt to salvage. Upon learning of the collapse of the structure, Plaintiff returned to the State of Illinois to salvage his personal possessions and to begin the process of demolishing the remainder of the structure.

18. After returning to the State of Illinois, Plaintiff bought a semi trailer and began the process of salvaging some of his personal possessions, using the semi trailer for storage, and Plaintiff ordered a large roll-off dumpster and began the process demolishing parts of the structure by hand and by saw, working on the project, when he could, through the winter months of 2019.

19. Plaintiff met with a contractor and made arrangements to eventually have the remainder of the structure demolished with a Trackhoe. However, because of cold and rainy weather and because of other circumstances beyond Plaintiff's control, Plaintiff was unable to have the contractor bring his Trackhoe onto Plaintiff's property. Nevertheless, Plaintiff continued demolishing parts of the structure by hand and by saw and Plaintiff continued filling the first large roll-off dumpster until the first dumpster was full.

20. Plaintiff ordered the first dumpster to be picked up on February 28, 2020 whereby

Plaintiff disposed of over 12,000 lbs. of debris. However, because of the cold and rainy weather, and because the ground was soft and was turning to mud, Plaintiff decided to hold off from ordering the second large roll-off dumpster until after better weather.

21. While Plaintiff was waiting for better weather before proceeding with work on the project, the Coronavirus emergency swept over the entire United States and in particular the Coronavirus emergency swept over the State of Illinois.

22. Plaintiff states that during the Coronavirus emergency, Plaintiff chose to take temporary refuge at his Mother's home in a different County and Plaintiff states that after Illinois Governor JB Pritzker's shelter in place Executive Order to the Residents of the State of Illinois issued on March 20, 2020, Plaintiff found it absolutely impossible to proceed with work on the project until the Coronavirus emergency was over. (See Illinois Governor JB Pritzker's shelter in place Executive Order 2020-10 attached hereto as Exhibit (2).

23. Defendant Bridgeport, through and/or by its City Council and through and/or by its Mayor and Chief Executive Officer, has established and maintained a city ordinance, which contains Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport.

24. On or about September 29, 2023, Plaintiff contends that Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, through and/or by one or more of its agents, acting under color of state law, and/or through and/or by one or more of the Defendants, acting under color of state law, sent "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving Plaintiff (30) days to move to vacate the Circuit Court's Order granting Plaintiff's previous "Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice", which Plaintiff contends had been Previously Motioned to

Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff contends had been Previously Granted and Ordered Dismissed by the State Court, in Lawrence County on November 10, 2022. (See "Notice Of Intent To Proceed With Demolition" from September 29, 2023, attached hereto as Exhibit (3.).

25. Plaintiff contends that the "Notice Of Intent To Proceed With Demolition" also threatens Plaintiff and states that Plaintiff is advised that if Plaintiff does not file the motion to vacate the order of dismissal, and give the required notice within (30) days after the mailing of the notice, and serve a copy of the motion on the Chief Executive Officer of the City: Mayor Tyler J. Griffin, or if the motion is denied by the Court, or if the action is again dismissed, then the dismissal is with prejudice and the demolition of Plaintiff's Property will proceed forthwith.

26. Plaintiff contends that in the "Notice Of Intent To Proceed With Demolition", Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code from (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1., as Defendants sole authority and as Defendants sole justification for all of the Defendants actions, under color of state law, which Plaintiff contends have already been taken against the Plaintiff in this case, under color of state law, and Plaintiff contends have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given to the Plaintiff in this case, and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction.

27. However, the relevant part of (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Demolition, repair, enclosure, or remediation, states as follows:

"(65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1)
Sec. 11-31-1. Demolition, repair, enclosure, or remediation.
(a) The corporate authorities of each municipality may
demolish, repair, or enclose or cause the demolition, repair, or

> enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of the municipality and may remove or cause the removal of garbage, debris, and other hazardous, noxious, or unhealthy substances or materials from those buildings. In any county having adopted by referendum or otherwise a county health department as provided by Division 5-25 of the Counties Code or its predecessor, the county board of that county may exercise those powers with regard to dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of any city, village, or incorporated town having less than 50,000 population."
>
> "The corporate authorities shall apply to the circuit court of the county in which the building is located (i) for an order authorizing action to be taken with respect to a building"

28. The relevant part of Section (i) and Section (d), states as follows:

> "If the municipality proves that the conditions described in this subsection exist and (i) the owner of record of the property does not enter an appearance in the action,"
>
> "(d), the court shall declare the property abandoned."

29. Plaintiff contends that on May 17, 2024, the State Actor Defendants in this case, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving Plaintiff (30) days to Move to Vacate the State Court's Order Of Dismissal In The Aforesaid Proceeding And Serve A Copy Of The Motion On The Chief Executive Officer Of The City: Mayor Tyler J. Griffin, Bridgeport City Hall,. Plaintiff contends that the State Actor Defendants threatened the Plaintiff and stated that Plaintiff is Further Advised That If Plaintiff Does Not File The Motion And Give The Required Notice, Or If The Motion Is Denied By The Court, Or If The Action Is Again Dismissed For Want Of Prosecution, Then The Dismissal Is With Prejudice And The Demolition Will Proceed

Forthwith. (See "Notice Of Intent To Proceed With Demolition" from May 17, 2024, attached hereto as Exhibit (10.).

30. Plaintiff also contends that by the State Actor Defendants in this case improperly filling "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's dismissed State Court case, Plaintiff contends that all of the State Actor Defendants in this case not only created a brand new "Cause of Action", but Plaintiff also contends that based upon the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", Plaintiff also contends that all of the State Actor Defendants in this case themselves demonstrate that all of the issues raised by the Plaintiff in this case about all of the matters alleged in this complaint were all part of an "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights which Plaintiff contends Directly Relates Back and/or Plaintiff contends Relates Directly Back to Plaintiff's original "Cause of Action" which Plaintiff contends began on or about May 27, 2020 sometime prior to the end of the thirty (30) day time period time period of notice being given to the Plaintiff in this case by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction and continuing to the present date, which Plaintiff contends has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

31. Plaintiff also contends that on or about March 27, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, acting under color of state law, through and/or by one or more of its agents, and/or one or more of the State Actor Defendants, acting

under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to improperly file "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case, and Plaintiff contends that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants to improperly file the "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case, and Plaintiff contends that the State Court, in Lawrence County, set the planed hearing, in the State Court, in Lawrence County, for May 15, 2024, which Plaintiff contends seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. (See "Notice of Hearing - Demolition of Unsafe and Dangerous Building" attached hereto as Exhibit (7.).

32. Plaintiff contends that on May 15, 2024, the State Actor Defendants and the State Court, in Lawrence County held some kind of "hearing" about Plaintiff's Previously and Properly Dismissed State Court Case, which Plaintiff contends was Improperly and Purposefully Reopened by the State Actor Defendants in this case and Plaintiff contends that the State Court seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly and/or Purposefully Reopen Plaintiff's Previously and Properly Dismissed State Court Case. However, because Plaintiff had already filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court, on May 9, 2024, Plaintiff did not attend the planed "hearing" in the State Court about Plaintiff's Previously and Properly Dismissed State Court Case.

33. Nevertheless, Plaintiff contends that on May 15, 2024, the State Actor Defendants in this case and the State Court, in Lawrence County, once again continue to be intent and/or continue to be determined to take further action against the Plaintiff in this case by, the State Actor Defendants in this case and the State Court, in Lawrence County, setting some sort of planed "hearing" in the State Court, in Lawrence County, which the State Court referred to in the State Court Record Sheet as the following: FTC/FTA notice set for June 26, 2024, at 1:00 in courtroom A. Attorney Defendant Neal appears for Respondents; Petitioner Failure To Appear. Case dismissed for want of prosecution. FTC set June 26, 2024 at 1:00. (See State Court "Record Sheet" from 05/17/2024 attached hereto as Exhibit (9.).

34. Furthermore, Plaintiff contends that on or about May 14, 2024, the State Court in Lawrence County, and/or the Lawrence County Circuit Clerk, provided Attorney Defendant Neal with an advanced copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief". Plaintiff contends that on May 15, 2024, the State Actor Defendants and the State Court, in Lawrence County held some kind of "hearing" about Plaintiff's Previously and Properly Dismissed State Court Case, which Plaintiff contends that the issue about the fact that Plaintiff had filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court on May 9, 2024, which Plaintiff contends was surely raised at the "hearing" on May 15, 2024.

35. Plaintiff contends that on May 17, 2024, two days after the State Actor Defendants and the State Court, in Lawrence County held their "hearing" on May 15, 2024, Plaintiff contends that the State Court Entered a PROPOSED ORDER on May 17, 2024, and the State Court Entered an Order Dismissing Action For Want Of Prosecution Filed., on May 17, 2024. (See State Court "Record Sheet" from 05/17/2024 attached hereto as Exhibit (9.).

36. However, Plaintiff contends that on May 17, 2024, two days after the State Actor Defendants and the State Court, in Lawrence County held their "hearing" on May 15, 2024, Plaintiff contends that the State Actor Defendants in this case, continue to be intent and/or continue to be determined to take further action against the Plaintiff in this case.

37. Plaintiff contends that the Plaintiff in this case has exercised extreme Due Diligence in Plaintiff's efforts to present Plaintiff's "Cause of Action" to a Court of Competent Jurisdiction. However, Plaintiff contends that even though the Plaintiff in this case has exercised extreme Due Diligence, Plaintiff contends that the State Actor Defendants in this case continue to be intent and/or continue to be determined to violate Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff contends that the State Actor Defendants in this case continue to be intent and/or continue to be determined to violate Plaintiff's Substantive Due Process rights, under color of state law, and Plaintiff contends that the State Actor Defendants in this case, continue to be intent and/or continue to be determined to violate Plaintiff's Equal Protection rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff contends that the State Actor Defendants in this case, continue to be intent and/or continue to be determined to violate Plaintiff's other "privileges" and "immunities" under color of state law, which Plaintiff contends has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

38. Plaintiff contends that on or about March 13, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, and/or acting under color of state law,

through and/or by one or more of its agents, and/or through and/or by one or more of the State Actor Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to improperly reopen Plaintiff's Previously and Properly Dismissed State Court case, which Plaintiff contends had been previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff contends had been previously Ordered Dismissed by the State Court, in Lawrence County Illinois, on November 10, 2022, and Plaintiff contends that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants to improperly reopen Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case.

39. Plaintiff also contends that on or about March 13, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, and/or acting under color of state law, through and/or by one or more of its agents, and/or through and/or by one or more of the State Actor Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to improperly file a "Notice of Status Hearing", into Plaintiff's Previously and Properly Dismissed State Court case, and Plaintiff contends that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants to improperly file the "Notice of Status Hearing", into the Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. (See "Notice of Status Hearing" attached hereto as Exhibit (6.).

40. Plaintiff contends that by the State Actor Defendants in this case, improperly filling "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case; Plaintiff contends that the State Actor Defendants in this case, created a brand new "Cause of Action" in which Plaintiff contends that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff contends that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Substantive Due Process rights, under color of state law, and Plaintiff contends that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Equal Protection rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff contends that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's other "privileges" and "immunities" under color of state law, which Plaintiff contends has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

41. However, Plaintiff contends that because he believes that all the State Actor Defendants' threats and/or demands were improper, the Plaintiff in this case chose to file his "objections" in a Competent Court of Jurisdiction, instead of filing his "objections" in the State Court, in Lawrence County, and Plaintiff contends that the State Actor Defendants themselves stated in the "Notice To Remediate", in relevant part the following:

> "A person objecting to the proposed actions of the City of Bridgeport may file his or her objection in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction."

42. Plaintiff also contends that by filling Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", in the District Court, Plaintiff contends that the District Court NOW has Complete Jurisdiction over Plaintiff's Case, and Plaintiff contends that the District Court NOW has Complete Jurisdiction over all of the matters alleged in this Complaint, including Plaintiff's Motion For Injunctive Relief, which Plaintiff contends leaves all of the State Actor Defendants in this case, including Attorney Defendant Neal, and the State Court, in Lawrence County, in the clear absence of all jurisdiction.

## VII

## FACTUAL ALLEGATIONS

43. Plaintiff contends that (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. (a), (i), (d), (commands) that the (corporate authorities) (shall apply to the circuit court) of the county in which the building is located (for an Court order) (authorizing legal action to be taken) with respect to a building, and (if the municipality proves in Court) that the conditions described in this subsection exist, and (if the owner of record of the property) (does not enter an appearance in the legal action), (the court) shall declare the property abandoned. *(emphasis added).*

44. Plaintiff contends that all of the corporate authorities of Defendant Bridgeport, as well as all of Defendant Bridgeport's agents, as well as all of the public authorities of Defendant Lawrence County, as well as all of Defendant Lawrence County's agents, as well as all of the Defendants, as well as all of the Defendants' agents, failed to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Plaintiff further contends that all of the corporate authorities of Defendant Bridgeport, as well as all of Defendant Bridgeport's agents, as well as all of the

public authorities of Defendant Lawrence County, as well as all of Defendant Lawrence County's agents, as well as all of the Defendants, as well as all of the Defendants' agents, knew or should have known that failure to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1., would implicate violations of Procedural Due Process and thereby, would implicate violations of Equal Protection and violations of Substantive Due Process, under the Fifth, and the Fourteenth Amendments to the United States Constitution.

45. Plaintiff contends that Plaintiff, being the owner of record of the property in question, could not have (entered his appearance) in the (legal action), because the corporate authorities of Defendant Bridgeport, and/or one or more of its agents, and/or one or more of the Defendants, (failed to apply) to the Circuit Court of Lawrence County in which Plaintiff's Private Property is located (for a Court Order Authorizing) (legal action to be taken) with respect to the remainder of the former structure located on Plaintiff's Private Property.

46. Plaintiff contends that the entire Constitutional, Judicial, and Legal System was designed, established, and intended to protect the Citizens of the United States from government overreach, and to insure Citizens Equal Protection, Rights, Freedoms, and Liberties, are guaranteed. However, Plaintiff contends that the Defendants in this case have turned the entire concept of Equal Protection and Procedural Due Process completely upside-down and backward and thereby, Plaintiff contends that the Defendants in this case have turned the entire concept of Equal Protection and Substantive Due Process completely upside-down and backward as well.

47. Section 11-31-1(e) of the Illinois Municipal Code from (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Demolition, repair, enclosure, or remediation, states as follows:

> "(e) Each municipality may use the provisions of this subsection to expedite the removal of certain buildings that are a

continuing hazard to the community in which they are located.

If a residential or commercial building is 3 stories or less in height as defined by the municipality's building code, and the corporate official designated to be in charge of enforcing the municipality's building code determines that the building is open and vacant and an immediate and continuing hazard to the community in which the building is located, then the official shall be authorized to post a notice not less than 2 feet by 2 feet in size on the front of the building. The notice shall be dated as of the date of the posting and shall state that unless the building is demolished, repaired, or enclosed, and unless any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials are removed so that an immediate and continuing hazard to the community no longer exists, then the building may be demolished, repaired, or enclosed, or any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials may be removed, by the municipality.

Not later than 30 days following the posting of the notice, the municipality shall do all of the following:

(1) Cause to be sent, by certified mail, return receipt requested, a Notice to Remediate to all owners of record of the property, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, stating the intent of the municipality to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if that action is not taken by the owner or owners.

(2) Cause to be published, in a newspaper published or circulated in the municipality where the building is located, a notice setting forth (i) the permanent tax index number and the address of the building, (ii) a statement that the property is open and vacant and constitutes an immediate and continuing hazard to the community, and (iii) a statement that the municipality intends to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if the owner or owners or lienholders of record fail to do so. This notice shall be published for 3 consecutive days.

(3) Cause to be recorded the Notice to Remediate mailed under paragraph (1) in the office of the recorder in the county in which the real estate is located or in the office of the registrar of titles of the county if the real estate is registered under the Registered Title (Torrens) Act.

Any person or persons with a current legal or equitable interest in the property objecting to the proposed actions of the corporate authorities may file his or her objection in an appropriate form in a court of competent jurisdiction.

> If the building is not demolished, repaired, or enclosed, or the garbage, debris, or other hazardous, noxious, or unhealthy substances or materials are not removed, within 30 days of mailing the notice to the owners of record, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, or within 30 days of the last day of publication of the notice, whichever is later, the corporate authorities shall have the power to demolish, repair, or enclose the building or to remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials."

48. Plaintiff contends that Plaintiff's interpretation of the plain language of Section 11-31-1 of the Illinois Municipal Code, (commands) that the corporate authorities (shall apply to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) and that (after the corporate authorities have applied to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) any person or persons with a current legal or equitable interest in a property, said to be in violation of the statute, objecting to the proposed actions of the corporate authorities, (shall remediate said violation within (30) days of notice given) (OR) (may enter an appearance into the legal action) and (may file his or her objection) in an appropriate form in a court of competent jurisdiction within (30) days of notice given.

49. Plaintiff contends that to interpret the plain language, of Section 11-31-1 of the Illinois Municipal Code, without the element of "Due Process" would completely deny said person or persons objecting, to the proposed actions of the corporate authorities, an opportunity for a due process hearing under the principles set forth in the "Due Process" Clauses as well as other "privileges" and "immunities" under the United States Constitution.

50. Alternatively, Plaintiff contends that if Plaintiff's interpretation of the plain language of Section 11-31-1 of the Illinois Municipal Code, is incorrect, Plaintiff contends that Section 11-

31-1 of the Illinois Municipal Code itself, on its face, and its enforcement, under color of state law, violates Plaintiff's Procedural Due Process rights, and violates Plaintiff's Substantive Due Process rights, and violates Plaintiff's Equal Protection rights, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as violates other "privileges" and "immunities", under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

51. Nevertheless, on or about May 27, 2020, Plaintiff contends that Defendants, acting under color of state law, and/or through and/or by one or more of their agents, acting under color of state law, sent "Notice To Remediate" to Plaintiff's address by certified mail, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport, as Defendants authority and as Defendants rationale for giving Plaintiff (30) days to comply with the "Notice To Remediate" or to file his objections in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction. (See "Notice To Remediate" attached hereto as Exhibit (4.).

52. Also on or about May 27, 2020, Plaintiff contends that in defiance of Plaintiff's "Private Property No Trespassing" signs which were clearly posted on Plaintiff's Private Property, Plaintiff contends that Defendants, acting under color of state law, through and/or by one or more of their agents, acting under color of state law, physically trespassed onto Plaintiff's Private Property and physically affixed a 2 ft. x 2 ft. Poster Board Type Notice to the north side of Plaintiff's home with screws screwed into the exterior siding, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport as Defendants rationale for giving Plaintiff (30) days to comply with Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport or to file his objections in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction, even though Plaintiff had "Private Property No Trespassing"

signs clearly posted on Plaintiff's Private Property.

53. Also in the "Notice To Remediate", Plaintiff contends that Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport as Defendants sole authority and/or as Defendants sole justification for all of the Defendants actions, under color of state law, which Plaintiff states have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff states have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given to the Plaintiff in this case, and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction.

54. Nevertheless, upon receiving "Notice To Remediate", Plaintiff called the Lawrence County Treasurer Office to inquire about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff's Private Property. Plaintiff was able to confirm, by an employee of the Lawrence County Treasurer Office, other than Defendant Morey, that the property taxes associated with the Real Property located at 744 Keppas St. Bridgeport Illinois were indeed paid. However, Plaintiff was unable to obtain any further information about the so called "Lien Holder" mentioned in the "Notice To Remediate".

55. Soon after Plaintiff had called the Lawrence County Treasurer Office to inquire about the listing of Defendant Morey, Lawrence County Treasurer, as a "Lien Holder" against Plaintiff's Private Property, Plaintiff went to the Lawrence County Recorder's Office of the Registrar and Plaintiff was able to confirm that the Lawrence County Recorder's Office of the Registrar did indeed have a record that Defendant Morey, Lawrence County Treasurer, did indeed have some sort of lien against Plaintiff's Private Property. However, the information Plaintiff obtained from the Lawrence County Recorder's Office of the Registrar about the so

called "Lien Holder" was very vague and incomplete information.

56. Soon after Plaintiff was able to confirm that the Lawrence County Recorder's Office of the Registrar did indeed have a record of some sort of lien imposed against the Plaintiff and/or against Plaintiff's Private Property, Plaintiff went to the Lawrence County Treasurer Office located at the Lawrence County Courthouse Annex and Plaintiff had a conversation with Defendant Morey to inquire about the listing of Defendant Morey as one of the "Lien Holders" against the Plaintiff and/or against Plaintiff's Private Property, even though the property taxes associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois were indeed paid. Plaintiff contends that when Plaintiff inquired about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff's Private Property, Plaintiff contends that Defendant Morey was very vague and very lackadaisical about the listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, and Plaintiff contends that Defendant Morey tried to down play the seriousness of the issue, and Plaintiff contends that Defendant Morey stated about the issue, that it was a "common practice" and that it was "done all the time".

57. Also in the "Notice To Remediate", Plaintiff contends that Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport as Defendants sole authority and/or as Defendants sole justification for all of the Defendants actions, under color of state law, which Plaintiff states have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff states have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given to the Plaintiff in this case, and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction.

58. The "Notice To Remediate" states in relevant part the following:

> "The City of Bridgeport finds that the structure described above is open, vacant and in immediate and continuing hazard to the city and that unless this structure is demolished, repaired or enclosed, and unless all garbage, debris and other hazardous, noxious or unhealthy substances or materials are removed within thirty (30) days of this notice, then the City of Bridgeport will proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from this property, and may place a lien on this property for the costs thereof. A person objecting to the proposed actions of the City of Bridgeport may file his or her objection in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction. The owner shall be responsible for all expenses incidental to the issuance of this notice"

59. However, Plaintiff contends that after only a cursory reading of the plain language of Defendants rationale of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, Plaintiff's interpretation of the plain language is as follows: that (after the corporate authorities) (have applied to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) and that (if a person or persons receiving a "Notice To Remediate") (fails to "Remediate" the property in question within thirty (30) days of notice given), (the City of Bridgeport will then proceed) to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from the property, and (the Defendants may place a lien on the property for the costs thereof) (unless a person objecting to the proposed actions), (enters an appearance in the legal action) and (files his or her objection) in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction within thirty (30) days of notice given for an opportunity for a "Due Process" hearing. *(emphasis added)*.

60. Plaintiff contends that based on Plaintiff's interpretation of the plain language of

Defendants rationale in Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, Plaintiff contends that all of the corporate authorities of Defendant Bridgeport, as well as all of the other State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport.

61. Plaintiff contends that the "Notice To Remediate", which was sent to Plaintiff's address by certified mail on or about May 27, 2020, also lists Defendant Morey, Lawrence County Treasurer, Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, as one of the "Lien Holders" against Plaintiff's Private Property, however, Plaintiff contends that Defendants rationale, in Section 25-5-1 of Defendants Revised Code of Ordinances of the City of Bridgeport, does not mention liens being imposed, against Citizens and/or against Citizens Private Property for only an alleged violation of the ordinance, prior to the end of the thirty (30) day time period of notice being given to a person or persons who are only said to be in violation without said person or persons being given a prior opportunity for a "Due Process" hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

62. Plaintiff contends that Plaintiff's interpretation of the plain language of Section 11-31-1(e) of the Illinois Municipal Code, relevant to Plaintiff's case, states as follows:

> "(e) Each municipality may use the provisions of this subsection to expedite the removal of certain buildings that are a continuing hazard to the community in which they are located."
>
> "If a residential or commercial building is 3 stories or less in height as defined by the municipality's building code, and the corporate official designated to be in charge of enforcing the municipality's building code determines that the building is open and vacant and an immediate and continuing hazard to the community in which the building is located,"
>
> [T]hen the official shall be authorized to post a notice not less than 2 feet by 2 feet in size on the front of the building. The notice shall be dated as of the date of the posting and shall state

> that unless the building is demolished, repaired, or enclosed, and unless any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials are removed so that an immediate and continuing hazard to the community no longer exists, then the building may be demolished, repaired, or enclosed, or any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials may be removed, by the municipality."
>
> "Not later than 30 days following the posting of the notice, the municipality shall do all of the following:"
>
> "Cause to be sent, by certified mail, return receipt requested, a Notice to Remediate to all owners of record of the property, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, stating the intent of the municipality to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if that action is not taken by the owner or owners."
>
> "(2) Cause to be published, in a newspaper published or circulated in the municipality where the building is located, a notice setting forth (i)"
>
> "The corporate authorities shall apply to the circuit court of the county in which the building is located (i) for an order authorizing action to be taken with respect to a building"
>
> "If the municipality proves that the conditions described in this subsection exist and (i) the owner of record of the property does not enter an appearance in the action,"
>
> "(d), the court shall declare the property abandoned." ***(emphasis added)***

63. Plaintiff contends that Defendants fraudulently exploit the plain language of Section 11-31-1 of the Illinois Municipal Code, to fraudulently achieve Defendants own purposes and/or to fraudulently achieve Defendants own goals. However, Plaintiff contends that because Defendants fail to follow the law, and because Defendants fail to follow the plain language of Section 11-31-1 of the Illinois Municipal Code, and because Defendants fail to provide the proper and Constitutionally required "Due Process", Plaintiff contends that all of Defendants' actions and/or acts and/or all of Defendants agent's actions and/or acts, alleged in this complaint, were therefore not based in law, and Plaintiff contends that therefore all of Defendants' actions and/or acts and/or all of Defendants agent's actions and/or acts, alleged in this complaint, were

therefore unlawful.

64. Plaintiff contends that because Defendants fraudulently exploit the plain language of Section 11-31-1 of the Illinois Municipal Code, to fraudulently achieve Defendants own purposes and/or to fraudulently achieve Defendants own goals, and Plaintiff contends that because Defendants fail to follow the law, and because Defendants fail to follow the plain language of Section 11-31-1 of the Illinois Municipal Code, and because Defendants fail to provide the proper and Constitutionally required "Due Process", Plaintiff contends that this "lien" against Plaintiff and/or against Plaintiff's Private Property, by the Defendants listing of Defendant Morey, Lawrence County Treasurer as "Lien Holder", against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff has evidence and Plaintiff has proof of this "lien" against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff contends has already been attached against Plaintiff and/or which has already been attached against Plaintiff's Private Property, without the proper and Constitutionally required "Due Process", which Plaintiff contends, was not based in law, and Plaintiff contends were therefore unlawful and fraudulent erroneous liens, which Plaintiff contends were unlawfully and fraudulently levied against the Plaintiff, and/or which Plaintiff contends were unlawfully and fraudulently levied against the Plaintiff's Private Property.

65. Plaintiff contends that the creation of this unlawful and fraudulent erroneous lien, which Plaintiff contends, was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, by the Defendants listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder", against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff contends, gives the appearance that the property taxes, associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois, have gone unpaid, even though Plaintiff

states that the property taxes, associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois have continued to be paid on time since Plaintiff has owned the property.

66. Plaintiff contends that the State Actor Defendants, acting under color of state law, took it upon themselves to conspire with and/or to conspire through and/or to conspire by one or more of their agents, acting under color of state law, to unlawfully and fraudulently create an unlawful and fraudulent erroneous lien, which Plaintiff contends was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, and Plaintiff contends that the proof that this unlawful and fraudulent erroneous lien, which Plaintiff contends was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property exists, and is indicated in the "Notice To Remediate", by the Defendants listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff and/or against Plaintiff's Private Property.

67. Plaintiff contends that the State Actor Defendants, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of themselves, acting under color of state law, and/or one or more of their agents, acting under color of state law, to send notice of this unlawful and fraudulent erroneous lien, which Plaintiff contends was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Plaintiff's Bank and Mortgage Holder. Plaintiff contends that by the State Actor Defendants actions, Plaintiff contends that the State Actor Defendants; (1) violated the Plaintiff's Constitutional Right to Privacy and/or (2) Plaintiff contends that by the Defendants actions the Defendants damaged Plaintiff's "Name" and/or (3) Plaintiff contends that by the Defendants actions the Defendants damaged Plaintiff's "Reputation" with his Bank and Mortgage Holder, (4) Plaintiff contends that by the Defendants actions the Defendants damaged

Plaintiff's "Credit Rating" with his Bank and Mortgage Holder, (5) Plaintiff contends that by the Defendants actions the Defendants damaged Plaintiff's "Name" and/or damaged Plaintiff's "Reputation" and/or damaged Plaintiff's "Credit Rating" with all of the Credit Rating Establishments, (6) Plaintiff contends that by the Defendants actions the Defendants damaged Plaintiff's "Name" and/or damaged Plaintiff's "Reputation" and/or damaged Plaintiff's "Credit Rating" throughout Lawrence County and/or throughout Illinois and/or throughout the entire United States. Plaintiff further contends that the Fourteenth Amendment guarantees that the Plaintiff shall not be deprived of his Private Property and/or shall not be deprived of his Privacy without due process of law.

68. Plaintiff contends that the State Actor Defendants, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of themselves, acting under color of state law, and/or one or more of their agents, acting under color of state law, to send notice, of this unlawful and fraudulent erroneous lien, which Plaintiff contends was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Lawrence County Newspaper and caused notice of this unlawful and fraudulent erroneous lien, which Plaintiff contends was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to be published in the Lawrence County Newspaper for 3 consecutive days. Plaintiff contends that by the State Actor Defendants actions Plaintiff contends that the State Actor Defendants; (1) violated the Plaintiff's Constitutional Right to Privacy and/or (2) Plaintiff contends that by the State Actor Defendants actions the Defendants damaged Plaintiff's "Name" and/or (3) Plaintiff contends that by the Defendants actions the Defendants damaged Plaintiff's "Reputation" and/or (4) Plaintiff contends that by the Defendants actions the Defendants damaged Plaintiff's "Credit Rating"

throughout Lawrence County and/or throughout Illinois and/or throughout the entire United States. Plaintiff further contends that the Fourteenth Amendment guarantees that the Plaintiff shall not be deprived of his Private Property and/or shall not be deprived of his Privacy without due process of law.

69. Plaintiff contends that the State Actor Defendants, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of themselves, acting under color of state law, and/or one or more of their agents, acting under color of state law, to send notice of this unlawful and fraudulent erroneous lien, which Plaintiff contends was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Lawrence County Recorder's Office of the Registrar, and causing notice of this unlawful and fraudulent erroneous lien, which Plaintiff contends was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to be permanently recorded. Plaintiff contends that by the Defendants actions Plaintiff contends that the Defendants; (1) violated the Plaintiff's Constitutional Right to Privacy and/or (2) Plaintiff contends that by the Defendants actions the Defendants damaged the Plaintiff's "Name" and/or (3) Plaintiff contends that by the Defendants actions the Defendants damaged the Plaintiff's "Reputation" and/or (4) Plaintiff contends that by the Defendants actions the Defendants damaged the Plaintiff's "Credit Rating" throughout Lawrence County and/or throughout Illinois and/or throughout the entire United States, and/or throughout all of recorded history. Plaintiff further contends that the Fourteenth Amendment guarantees that the Plaintiff shall not be deprived of his Private Property and/or shall not be deprived of his Privacy without due process of law.

70. Plaintiff contends that when Plaintiff inquired about the listing of Defendant Morey,

Lawrence County Treasurer as a "Lien Holder" against Plaintiff and/or against Plaintiff's Private Property, Plaintiff contends that Defendant Morey stated about the issue, that it was a "common practice" and that it was "done all the time".

71. Plaintiff contends that based on Defendant Morey statement about the issue, that it was a "common practice" and that it was "done all the time", Plaintiff contends that Defendant Neal, and/or Defendant Griffin and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, created and maintained an unlawful and fraudulent scheme which Plaintiff contends that unlawfully and fraudulently imposes unlawful and fraudulent erroneous liens, against Citizens Private Property, which Plaintiff contends that these unlawful and fraudulent erroneous liens are imposed without "Due Process", as a means to effect an unconstitutional "taking" of said Private Property without "Due Process" and without "Just Compensation", which Plaintiff contends that Plaintiff has reason to believe is a "common practice" and is "done all the time" and whereby through the Discovery Process, Plaintiff contends that Plaintiff will be able to obtain and gather information and evidence, of any other parties involved in the alleged scheme, to be named as Defendants, as well as information and evidence of any other victims, of the alleged scheme, who are "similarly situated" to be named as Co-Plaintiffs, in a possible Class Action.

72. Plaintiff contends that Defendants, acting under color of state law, and/or through and/or by one or more of their agents, acting under color of state law, send an alleged violator, of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or an alleged violator, of Section 11-31-1 of the Illinois Municipal Code, a "Notice To Remediate" claiming that Defendant Morey, Lawrence County Treasurer, already has a lien attached to the alleged violator's Private Property, which Plaintiff contends that the lien, which Plaintiff contends is

already attached to the alleged violator's Private Property, is attached sometime prior to the end of the thirty (30) day time period of notice being given in the "Notice To Remediate", and/or at any time thereafter and Plaintiff contends that proof of the existence of this lien is also indicated in the "Notice To Remediate", by the listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against a Citizen and/or against a Citizens Private Property, who are only said to be in violation. Plaintiff contends that acting under color of state law, Defendants, and/or through and/or by one or more of their agents, acting under color of state law, also threaten, under color of state law, to take further action against a Citizen and/or against a Citizens Private Property, at any time thereafter, thirty (30) days of notice being given by the "Notice To Remediate" and Plaintiff contends that the proof of the existence of this threat is also indicated in the "Notice To Remediate" and Plaintiff contends that if the alleged violator wishes to challenge the action which has already been taken, or if the alleged violator wishes to challenge any further action, Plaintiff contends that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff contends that the alleged violator is then forced to pay the required filing fee of $326.00 in order to file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, to prevent Defendants from seizing complete possession and/or to prevent Defendants from seizing complete control over the alleged violator's Private Property, which Plaintiff contends forces the alleged violator to choose whether or not to spend $326.00 for the required filing fee, whether or not the alleged violator can afford to spend $326.00 for the required filing fee and Plaintiff contends that if the alleged violator cannot afford to pay the required filing fee, but still wishes to challenge the action that has already been taken and/or wishes to challenge any further action, well then, Plaintiff contends that the alleged violator is just out of luck because Plaintiff contends

that if the alleged violator does not pay the required filing fee of $326.00 and file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, within thirty (30) days from the date of notice given, then, Plaintiff contends that under color of state law, Defendants, and/or through and/or by one or more of their agents, acting under color of state law, seizes complete possession and/or seizes complete control over the alleged violator's Private Property, under color of state law, and Plaintiff contends that Defendants, acting under color of state law, through and/or by one or more of their agents, acting under color of state law, will then proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from the alleged offending property, under color of state law, and Plaintiff contends that Defendants, acting under color of state law, through and/or by one or more of their agents, will then place an even larger lien on the alleged offending property, under color of state law, for all of the costs thereof.

73. On June 22, 2020, Plaintiff entered his appearance in the State Court and filed: (Doc. 1.) Petitioner's Notice Of Appearance and Plaintiff paid a filing fee. (See copy of State Court Filing Fee Receipt attached hereto as Exhibit (8.).

74. On June 22, 2020, Plaintiff filed in the State Court: (Doc. 2.) Petitioner's Cause Of Action, whereby Plaintiff stated his objections to any and/or all proposed actions against him and/or against his private property and whereby Plaintiff requested injunctive relief. Petitioner's Cause Of Action was intended to act as Petitioner's Complaint Against Respondents.

75. On June 22, 2020, Plaintiff also filed in the State Court: (Doc. 3.) Petitioner's Objections To The Proposed Actions Against Him And Motion For Injunctive Relief, whereby Plaintiff duplicated the information in Petitioner's Cause Of Action and titled the document

"Petitioner's Objections" because Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport states in relevant part that:

> "A person objecting to the proposed actions of the City of Bridgeport may file his or her objection in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction."

76. On or about July 20, 2020, Attorney Defendant Neal filed in the State Court: (Doc. 4.) Entry Of Appearance for Respondent City of Bridgeport.

77. On or about July 20, 2020, Attorney Defendant Neal filed in the State Court: (Doc. 5.) Motion To Dismiss Cause Of Action, whereby in paragraph 4. Defendants state the following:

> "4. The Petitioner's "Cause of Action" is a mere reiteration of the statements and claims set forth in his written objection, and further sets forth no cause of action upon which relief can be granted."

78. On or about July 20, 2020, Attorney Defendant Neal filed in the State Court: (Doc. 6.) Respondents Response To Petitioner's Objections, whereby Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code as justification for Defendants actions which Plaintiff contends have already been taken against Plaintiff and have already been taken against Plaintiff's property interest in Plaintiff's Private Property without Plaintiff being given a prior opportunity for a "Due Process" hearing and without a prior and/or valid Court Order given by a Court of Competent Jurisdiction.

79. Plaintiff also contends that in (Doc. 6.) Respondents Response To Petitioner's Objections and in Respondents Motion To Dismiss Petitioner's Cause Of Action, Defendants appeared to be asking the State Court to dismiss Plaintiff's Cause Of Action based "upon the

merits", however, Plaintiff contends that Defendants arguments fail on the merits. Plaintiff also contends that even if some of Defendants arguments did not fail on the merits, Plaintiff contends that Defendants arguments fail to be dispositive to Plaintiff's Cause of Action and Defendants arguments fail to be dispositive to Plaintiff's entire case. In paragraph 5. of (Doc. 6.) Respondents Response To Petitioner's Objections, Defendants state the following:

> "5. More than thirty (30) days have passed since the mailing of the notice to the Property Owner, the lienholders of record, and the last day of publication of notice; and the Property Owner has failed to remediate the Dangerous Building."

80. Plaintiff contends that in paragraph 5. of (Doc. 6.) Respondents Response To Petitioner's Objections, Defendants created a false representation to the State Court and thereby Plaintiff contends that Defendants created a false representation to this Court as well and Plaintiff contends that Defendants created a false representation against Plaintiff and against Plaintiff's case by Defendants implying that more than thirty (30) days have passed and the Property Owner has failed to act within (30) days of notice given. However, Plaintiff states that notice was given on or about May 27, 2020 and Plaintiff states that he filed his "Objections" in the State Court on June 22, 2020 within (30) days of notice given.

81. On August 11, 2020, Plaintiff filed in the State Court: (Doc. 7.) Petitioner's Motion To Quash Respondents Motion To Dismiss and Respondents Response To Petitioner's Objections, whereby in paragraphs 6. and 7. Plaintiff stated:

> "6. Petitioner states that notice was given on or about May 27, 2020 and Petitioner states that he filed his "Objections" in a Court of Competent Jurisdiction on June 22, 2020 within (30) days of notice given."
>
> "7. Petitioner also contends that the action of Petitioner filing his "Objections" in a Court of Competent Jurisdiction within (30) days of notice given creates a legal estoppel of Respondents (30) day time period and therefore does not require the Property

> Owner to remediate the property within (30) days of notice given, but rather Petitioner can use the (30) day time period from notice given to file his "Objections" in a Court of Competent Jurisdiction for an opportunity for a due process hearing."

82. On August 11, 2020, Plaintiff filed in the State Court: (Doc. 8.) Petitioner's Motion To Stay and/or Continue, whereby in paragraph 4. Plaintiff stated the following:

> "4. Petitioner states that he does not know all of the Rules of the Court nor the Proper Court Procedures and that he is not competent nor qualified to represent himself in this case going forward. Therefore, Petitioner hereby respectfully requests that this Court grant all of Petitioner's pending motions and Stay and/or Continue all other action in this case until Petitioner obtains proper and qualified legal counsel."

83. Plaintiff states that even though Plaintiff submitted in the State Court case a Motion to Stay and/or Continue the State Court case to find proper and qualified legal Counsel, Plaintiff states that the State Court took no action on any of Plaintiff's pending documents in the State Court case including Plaintiff's Motion to Stay and/or Continue.

84. Plaintiff states that nearly two-years after the date of July 20, 2020 when Attorney James M. Neal had filed in the State Court: (Doc. 5.) Motion to Dismiss Cause of Action, on or about July 7, 2022, Attorney James M. Neal filed in the State Court: (Doc. 9.) Notice Of Hearing - Motion To Dismiss, whereby Defendants requested an immediate hearing to dismiss Petitioner's Cause Of Action and the Notice of Hearing was set for July 26, 2022.

85. On July 26, 2022, during the hearing to dismiss Petitioner's Cause Of Action (Doc. 2.), the Judge in the State Court struck down Petitioner's Cause Of Action (Doc. 2.), and kept in place: (Doc. 3.) Petitioner's Objections To The Proposed Actions Against Him And Motion For Injunctive Relief. However, after the Judge in the State Court struck down Petitioner's Cause Of Action, Plaintiff requested in open-court that the Judge in the State Court take up and/or rule on all of Plaintiff's pending Motions. However, Plaintiff contends that the Judge in the State Court

refused Plaintiff's request. Furthermore, after the Judge in the State Court refused Plaintiff's request to take up and/or to rule on any of Plaintiff's pending Motions, Plaintiff attempted to submit, in open-court, (Doc. 12.) Petitioner's Supplemental Motion To Stay and/or Continue and (Doc. 11.) Petitioner's Supplemental Motion to Quash Respondents Motion To Dismiss Petitioner's Cause Of Action and Petitioner's Supplemental Motion to Quash Respondents Response To Petitioner's Objections, whereby in the original Certificate of Service, Plaintiff stated the following:

> "It is hereby certified that on July 26, 2022, Petitioner's Supplemental Motion to Quash Respondents Motion To Dismiss Petitioner's Cause Of Action and Petitioner's Supplemental Motion to Quash Respondents Response To Petitioner's Objections was submitted in open Court to be filed with the Clerk of the Court and was served in open Court upon the following:
>
> James M. Neal
> 721 12th St.
> Lawrenceville, IL 62439
> 618-943-3900"

86. However, the Judge in the State Court refused Plaintiff's attempt to submit Petitioner's Supplemental Motions in open-court and the Judge in the State Court stated that Plaintiff was free to file his Motions with the Clerk of the Court after the hearing had concluded then the Judge in the State Court set this case for a bench trial and the bench trial was set for September 8, 2022. (See State Court "Record Sheet" from 04/04/2024 attached hereto as Exhibit (5.).

87. On July 26, 2022, because the Judge in the State Court had refused to allow Plaintiff to submit either of Plaintiff's Supplemental Motions in open-court, after the hearing concluded Plaintiff filed with the Clerk of the State Court: (Doc. 11.) Petitioner's Supplemental Motion to Quash Respondents Motion To Dismiss Petitioner's Cause Of Action and Petitioner's

Supplemental Motion to Quash Respondents Response To Petitioner's Objections and (Doc. 12.) Petitioner's Supplemental Motion To Stay and/or Continue whereby Plaintiff was forced to alter the Certificate of Service on both of Plaintiff's Supplemental Motions to best fit the situation before filing the documents. In the original Certificate of Service Plaintiff stated the following:

> "It is hereby certified that on July 26, 2022, Petitioner's Supplemental Motion To Stay and/or Continue was submitted in open Court to be filed with the Clerk of the Court and was served in open Court upon the following:
>
> James M. Neal
> 721 12th St.
> Lawrenceville, IL 62439
> 618-943-3900"

88. Plaintiff also contends that after the Judge in the State Court refused to take up and/or to rule on any of Plaintiff's pending Motions, and after the Judge in the State Court refused to allow Plaintiff to submit either of Plaintiff's Supplemental Motions in open-court, and after the Judge in the State Court set this case for a bench trial set for September 8, 2022, the Judge in the State Court effectively barred any and/or all of Plaintiff's Constitutional claims under the United States Constitution raised by Plaintiff on August 11, 2020, in (Doc. 7.) Petitioner's Motion To Quash Respondents Motion To Dismiss and Respondents Response To Petitioner's Objections, whereby in paragraph 12. Plaintiff stated:

> "Petitioner's Cause Of Action is based upon violations of Substantive Due Process and Procedural Due Process as founded under the principles set forth in the "Due Process Clause" as well as other "privileges and immunities" under the United States Constitution."

89. Plaintiff contends that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or the application of Section 11-31-1 of the Illinois Municipal Code, are unconstitutional on their face as stated authority and/or as applied authority

against Plaintiff in this case because Plaintiff contends that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien appear to be automatic. Furthermore, Plaintiff contends that this lien which Plaintiff contends that is imposed against Citizens and/or imposed against Citizens Private Property, are imposed under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff contends that amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, which Plaintiff contends is only for an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff contends that amounts to an "unreasonable seizure" of property, under color of state law, and which Plaintiff contends that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien are so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) (substantive and procedural due process) Amendments, which Plaintiff contends amounts to nothing less than Civil Forfeiture, under color of state law, and/or which Plaintiff contends amounts to nothing less than Legalized Theft of Citizens Real Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code.

90. Plaintiff contends that the Due Process Clauses in the Fifth and Fourteenth

Amendments, insure Equal Protection under the law and require that, before a person is deprived of his Real Property by the government, he must be given adequate notice and an adequate opportunity for a "meaningful hearing" before a "neutral magistrate", and Plaintiff contends that there must be a judicial determination that the seizure is justified. Furthermore, Plaintiff contends that the Fourth Amendment guarantees each citizen of the United States "[t]he right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Plaintiff also contends that the Eighth Amendment and the Fourteenth Amendment bar the government from imposing such excessive and/or arbitrary fines and/or penalties.

91. Plaintiff contends that the penalty scheme, of excessive and/or arbitrary fines and/or penalties, in the form of some sort of lien, which is imposed, under color of state law, against Citizens and/or against Citizens Private Property for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, are so excessive and/or are so arbitrary that it can easily swamp the actual Real Value and/or it can easily swamp the actual Cash Value of the Real Property that is only said to be in violation.

92. Furthermore, Plaintiff contends that by Defendants listing Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, Plaintiff contends that Defendants, acting under color of state law, and/or through and/or by one or more of their agents, acting under color of state law, namely Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, seized legal and/or equitable interest and/or

possession and/or control over Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, under color of state law, without Plaintiff being given a prior and adequate opportunity for a "meaningful due process hearing" before a "neutral magistrate", and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

93. Plaintiff had been working outside the State of Illinois when Plaintiff was informed that the entire south side of his home had collapsed. Upon learning of the collapse of the structure, Plaintiff returned to the State of Illinois to salvage his personal possessions and to begin the process of demolishing the remainder of the structure. After returning to the State of Illinois, Plaintiff met with a contractor and made arrangements to eventually have the remainder of the structure demolished with a Trackhoe. After meeting with the contractor, Plaintiff discovered that depending on the contractor and depending on the size and type of the contractor's equipment, Plaintiff contends that Defendants, acting under color of state law, through and/or by one or more of their agents, acting under color of state law, may charge a Citizen, who is only said to be in violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or in violation of Section 11-31-1 of the Illinois Municipal Code, as much as $500.00 Dollars Per Hour to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from a particular alleged offending property.

94. On its face, Plaintiff contends that Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code, as Defendants authority and as Defendants sole rationale,

and therefore, as Defendants sole justification, for all of Defendants actions, under color of state law, alleged in this complaint. However, Plaintiff contends that Defendants rationale appears to be applied as if Defendants rationale were based upon a strict liability scheme. Any unkempt building found on any Private Property within the city limits is to be treated *per se* as an abandoned or junk building which, in turn, is *per se* a threat to the health, safety, and well being of the residents which, in turn, is subject to a fine and/or is subject to a penalty imposed in the form of a Lien which is imposed against the alleged violator and/or which is imposed against the alleged violator's Real Private Property. Plaintiff contends that Defendants do not allow for any prior defense on these points before Defendants, take action under color of state law, against the alleged violator and/or against the alleged violators Real Private Property, under color of state law.

95. However, Plaintiff contends that the strict liability issue is largely moot, because Defendants do not even provide the alleged violator with a prior opportunity for a "Due Process" hearing in which to present a defense, and/or to challenge the legality of Defendants actions which have already been taken against the alleged violator prior to the end of the thirty (30) days given by the "Notice To Remediate"'. Furthermore, the strict liability issue is largely moot, because Defendants do not even provide the alleged violator with a prior opportunity for a due process hearing in which to challenge the legality of Defendants proposed future actions unless the alleged violator pays the filing fees and files his or her "objections" in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction after Defendants have already taken action against the alleged violator.

96. Plaintiff contends that in weighing the government's legitimate interest in eliminating nuisances such as dilapidated and abandoned buildings from abandoned properties, Plaintiff

contends that Defendants cannot even legitimately claim a legitimate State Interest, as a legitimate defense for all of the Defendants alleged actions alleged in this complaint.

97. Plaintiff contends that because of the fundamental Constitutional issues impacted in this case, all of the Defendants, and/or all of their agents, should have been required to make a particularized showing that Plaintiff's Private Property was actually an abandoned property, which actually posed an actual threat to: (1) the health; (2) the safety; or (3) the well-being of the Citizens of the City of Bridgeport. Without such a particularized showing, and without the proper Constitutionally required "Due Process", Plaintiff contends that all of the Defendants actions, under color of state law, and/or all of Defendants agents, acting under color of state law, were not Constitutionally authorized to impose any kind of fine and/or any kind of penalty and/or any kind of Lien against the Plaintiff in this case and/or against the Plaintiff's Private Property.

98. Nevertheless, on September 1, 2022, Plaintiff filed, Plaintiff's "Notice of Removal of Pending State Court Action", in the District Court, however, after Plaintiff moved to remove Plaintiff's State Court case from the State Court, in Lawrence County Illinois, to the District Court, the District Court decided that removal by the "Plaintiff" was improper and the District Court remanded Plaintiff's State Court case back to the State Court, in Lawrence County, and Plaintiff contends that on September 12, 2022, the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County Illinois, to "Close This Case."

99. However, Plaintiff contends that even though District Court remanded Plaintiff's State Court case back to the State Court, in Lawrence County, and Plaintiff contends that even though the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County, to "Close This Case.", Plaintiff contends that State Court, and/or the Clerk of the State Court, in Lawrence County, seemingly chose to either ignore and/or deify the District Court's

DIRECTION to Close Plaintiff's Remanded State Court Case, and instead Plaintiff contends that the State Court, in Lawrence County, seemingly chose to maintain Plaintiff's remanded State Court case as an open case.

100. Plaintiff truly believes and hereby contends that the reason the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County Illinois, to Close Plaintiff's Remanded State Court Case, instead of the District Court just simply remanding Plaintiff's case, back to the State Court, in Lawrence County, without any direction, Plaintiff contends that the District Court understood the upside-down and backward bizarro world nature of Plaintiff's State Court case, whereby the Defendant actually drags the Plaintiff into Court, by proxy, which Plaintiff contends was completely brought about because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1., of the Illinois Municipal Code, and because all of the State Actor Defendants in this case, as well as all of their agents, failed to provide the Plaintiff in this case with the proper and Constitutionally required "Due Process", which Plaintiff contends resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

101. Plaintiff contends that because the State Court, in Lawrence County, seemingly choose to either ignore and/or deify the District Court's DIRECTION to "Close This Case.", and instead the State Court, in Lawrence County, seemingly chose to maintain Plaintiff's remanded

State Court case, in the State Court, as an open case, Plaintiff contends that Plaintiff was then forced to file in the State Court, in Lawrence County, on October 14, 2022, Petitioner's Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice, in order for Plaintiff to end Plaintiff's remanded State Court case.

102. On November 10, 2022, the State Court, in Lawrence County Illinois granted Petitioner's Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice, stating the following: "Michael Allison; Motion of Petitioner (MA) to Dismiss the Petition (Complaint) Herin W/O Prejudice is Hearby Granted". (See State Court "Record Sheet" from 04/04/2024 attached hereto as Exhibit (5.).

103. Plaintiff contends that on or about September 29, 2023, Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving Plaintiff (30) days to move to vacate the Circuit Court's Order granting Plaintiff's previous "Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice", which Plaintiff contends had been Previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff contends had been Previously Granted and Ordered Dismissed by the State Court, on November 10, 2022. (See "Notice Of Intent To Proceed With Demolition" from September 29, 2023, attached hereto as Exhibit (3.).

104. Plaintiff contends that the "Notice Of Intent To Proceed With Demolition" also threatens that Plaintiff Is Advised That If Plaintiff Does Not File The Motion To Vacate The Order Of Dismissal, And Give The Required Notice Within (30) Days After The Mailing Of The

Notice, And Serve A Copy Of The Motion On The Chief Executive Officer Of The City: Mayor Tyler J. Griffin, Or If The Motion Is Denied By The Court, Or If The Action Is Again Dismissed, Then The Dismissal Is With Prejudice And The Demolition Of Plaintiff's Property Will Proceed Forthwith. However, Plaintiff contends that after Plaintiff was sent, "Notice Of Intent To Proceed With Demolition" by certified mail, on or about September 29, 2023, Plaintiff chose not to comply with any of the State Actor Defendants improper demands and Plaintiff contends that Plaintiff did NOT file any other Motions into Plaintiff's Previously and Properly Dismissed State Court case, which Plaintiff contends was no longer pending, in the State Court, in Lawrence County Illinois.

COUNT I - DEFENDANT NEAL HAS CONTINUED (IN AN "ONGOING" AND/OR "CONTINUING VIOLATION") TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS, UNDER COLOR OF STATE LAW, AS PROTECTED UNDER THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

105. Plaintiff incorporates paragraphs 1. - 104., above as if set forth in this section in full.

106. Plaintiff alleges that at all times relevant to the events described herein, Defendant Neal was City Attorney for City of Bridgeport and/or Defendant Neal was an employee of City of Bridgeport and/or Defendant Neal was acting as an agent for City of Bridgeport and at all times relevant to the events described herein, Defendant Neal was Attorney and/or Defendant Neal was an employee of Lawrence County Illinois and/or Defendant Neal was acting as an agent for Lawrence County Illinois and/or Defendant Neal was City Attorney for the County Seat of Lawrence County Illinois, Lawrenceville Illinois, and at all times relevant to the events described herein, Defendant Neal was acting as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Neal was acting as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and at all times relevant to the events described herein, Defendant Neal was a State Actor, acting under color of state law.

107. Plaintiff alleges that on or about May 27, 2020, Plaintiff alleges that Defendants, acting under color of state law, through and/or by one or more of their agents, acting under color of state law, sent "Notice To Remediate" to Plaintiff's address by certified mail, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport as Defendants sole authority and as Defendants rationale for giving Plaintiff (30) days to comply with the "Notice To Remediate" or to file his objections in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction. (See "Notice To Remediate" attached hereto as Exhibit (4.).

108. Plaintiff alleges that also on or about May 27, 2020, in defiance of Plaintiff's "Private Property No Trespassing" signs which were clearly posted on Plaintiff's Private Property, Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to physically trespass onto Plaintiff's Private Property and conspired to physically affixed a 2 ft. x 2 ft. Poster Board Type Notice to the north side of Plaintiff's home with screws screwed into the exterior siding, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport as Defendants sole authority and as Defendants sole rationale for giving Plaintiff (30) days to comply with the "Notice To Remediate" or to file his objections in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction.

109. Plaintiff also alleges that the "Notice To Remediate", which was sent to Plaintiff's address by certified mail on or about May 27, 2020, also lists Defendant Morey, Lawrence County Treasurer, Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL, as one of the "Lien Holders" against Plaintiff's Private Property, which Plaintiff alleges gives the appearance that Plaintiff's property taxes associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois have gone unpaid. However, Plaintiff states that the property

taxes associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois have continued to be paid on time since Plaintiff has owned the property.

110. Plaintiff alleges that Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code, as Defendants authority and as Defendants justification for all of the Defendants actions, under color of state law, which Plaintiff alleges have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff alleges have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period being given to the Plaintiff in this case, and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

111. However, Plaintiff alleges that because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 11-31-1 of the Illinois Municipal Code, Plaintiff alleges that on June 22, 2020, Plaintiff was improperly forced to be the Party to file first in the State Court, in Lawrence County, to prevent the Defendants from seizing complete possession and/or to prevent the Defendants from seizing complete control over Plaintiff's Private Property. Plaintiff also alleges that on June 22, 2020, because Plaintiff was improperly forced to be the Party to file first in the State Court, in Lawrence County, Plaintiff also alleges that because the

State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff was also improperly forced to be the Party to pay the required filing fee of $326.00. On June 22, 2020, Plaintiff filed in the State Court: (Doc. 1.) Petitioner's Notice of Appearance in the State Court and Plaintiff contends that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff paid the required filing fee of $326.00. (See copy of State Court Filing Fee Receipt attached hereto as Exhibit (8.).

112. Also on June 22, 2020, Plaintiff filed in the State Court: (Doc. 2.) Petitioner's Cause of Action, whereby Plaintiff stated his objections to any and/or all proposed actions against him and/or against his private property and whereby Plaintiff requested injunctive relief. Petitioner's Cause of Action was intended to act as Petitioner's Complaint against Respondents. Also on June 22, 2020, Plaintiff also filed in the State Court: (Doc. 3.) Petitioner's Objections To The Proposed Actions Against Him And Motion For Injunctive Relief, whereby Plaintiff duplicated the information in Petitioner's Cause Of Action and titled the document "Petitioner's Objections" because Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport states in relevant part that:

> "A person objecting to the proposed actions of the City of Bridgeport may file his or her objection in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction."

113. On or about July 20, 2020, Defendant Neal filed in the State Court: (Doc. 4.) Entry Of Appearance for Respondent City of Bridgeport. Also on or about July 20, 2020, Defendant Neal filed in State Court: (Doc. 5.) Motion To Dismiss Cause Of Action, whereby in paragraph 4. Defendants stated the following:

> "4. The Petitioner's "Cause of Action" is a mere reiteration of the statements and claims set forth in his written objection, and further sets forth no cause of action upon which relief can be

granted."

114. Also on or about July 20, 2020, Defendant Neal also filed in the State Court: (Doc. 6.) Respondents Response To Petitioner's Objections, whereby Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code from (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1., as Defendants authority and as Defendants rationale, and therefore, as Defendants sole justification, for all of Defendants actions, under color of state law, alleged in this complaint, which Plaintiff alleges that have already been taken against the Plaintiff and have already been taken against Plaintiff's property interest in Plaintiff's Private Property sometime prior to the end of the thirty (30) day time period of notice being given and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

115. The relevant part of (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Demolition, repair, enclosure, or remediation, states as follows:

> "(65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1)
> Sec. 11-31-1. Demolition, repair, enclosure, or remediation.
> (a) The corporate authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair, or enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of the municipality and may remove or cause the removal of garbage, debris, and other hazardous, noxious, or unhealthy substances or materials from those buildings. In any county having adopted by referendum or otherwise a county health department as provided by Division 5-25 of the Counties Code or its predecessor, the county board of that county may exercise those powers with regard to dangerous and

> unsafe buildings or uncompleted and abandoned buildings within the territory of any city, village, or incorporated town having less than 50,000 population."
>
> "The corporate authorities shall apply to the circuit court of the county in which the building is located (i) for an order authorizing action to be taken with respect to a building"

116. The relevant part of Section (i) and Section (d), states as follows:

> "If the municipality proves that the conditions described in this subsection exist and (i) the owner of record of the property does not enter an appearance in the action,"
>
> "(d), the court shall declare the property abandoned."

117. Plaintiff alleges that (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. (a), (i), (d), (commands) that the (corporate authorities) (shall apply to the circuit court) of the county in which the building is located (for an court order) (authorizing legal action to be taken) with respect to a building, and (if the municipality proves in court) that the conditions described in this subsection exist, and (if the owner of record of the property) (does not enter an appearance in the legal action), (the court) shall declare the property abandoned. *(emphasis added).*

118. Nevertheless, Plaintiff alleges that all of the corporate authorities of Defendant Bridgeport, as well as all of Defendant Bridgeport's agents, as well as all of the public authorities of Defendant Lawrence County, as well as all of Defendant Lawrence County's agents, as well as all of the Defendants, as well as all of the Defendants' agents, failed to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Plaintiff also alleges that all of the corporate authorities of Defendant Bridgeport, as well as all of Defendant Bridgeport's agents, as well as all of the public authorities of Defendant Lawrence County, as well as all of Defendant Lawrence County's agents, as well as all of the Defendants, as well as all of the Defendants' agents, knew or should have known that failure to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1)

Sec. 11-31-1., would implicate violations of Procedural Due Process and thereby, would implicate violations of Plaintiff's Equal Protection and Substantive Due Process rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and the Fourteenth Amendments to the United States Constitution.

119. Plaintiff alleges that Plaintiff being the owner of record of the property in question, could not have (entered his appearance) in the (legal action), because Plaintiff alleges that the (corporate authorities) of Defendant Bridgeport, and/or one or more of its agents, and/or one or more of the State Actor Defendants in this case, (failed to apply to the Circuit Court of Lawrence County) in which Plaintiff's Private Property is located (for a Court Order Authorizing) (legal action to be taken) with respect to the remainder of the former structure located on Plaintiff's Private Property.

120. Plaintiff alleges that the entire Constitutional, Judicial, and Legal System was designed, established, and intended to protect the Citizens of the United States from government overreach, and to insure Citizens Equal Protection, Rights, Freedoms, and Liberties, are guaranteed. However, Plaintiff alleges that the Defendants in this case have turned the entire concept of Equal Protection and Procedural Due Process completely upside-down and backward and thereby, the Defendants in this case have turned the entire concept of Equal Protection and Substantive Due Process completely upside-down and backward as well.

121. Plaintiff alleges that all of the corporate authorities of Defendant Bridgeport, as well as all of Defendant Bridgeport's agents, as well as all of the public authorities of Defendant Lawrence County, as well as all of Defendant Lawrence County's agents, as well as all of the Defendants, as well as all of the Defendants' agents, knew or should have known that (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. (a), (i), (d), (commands) that the (corporate

authorities shall apply) to the (circuit court of the county) in which the building is located (for an Court order) (authorizing) (legal action to be taken) with respect to a building, and (if the municipality proves in Court) that the conditions described in this subsection exist, and (if the owner of record of the property) does not (enter an appearance in the legal action), (the court) shall declare the property abandoned.

122. However, Plaintiff alleges that because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and Plaintiff alleges that because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 11-31-1 of the Illinois Municipal Code, Plaintiff alleges that because all of the State Actor Defendants in this case, as well as all of their agents, failed to provide the Plaintiff in this case with the proper and Constitutionally required "Due Process", Plaintiff alleges that on June 22, 2020, Plaintiff was improperly forced to be the Party to file first in the State Court, in Lawrence County, in order for Plaintiff to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property.

123. Plaintiff alleges that just like in some kind of upside-down and backward bizarro world, all of the State Actor Defendants in this case have turned the entire concept of Procedural Due Process, and Substantive Due Process, and Equal Protection, completely upside-down and backward. Plaintiff alleges that after receiving the "Notice To Remediate", because it appeared to Plaintiff that some sort of legal action had already been taken against Plaintiff and/or against Plaintiff's property interests in Plaintiff's Private Property prior to the end of the thirty (30) days given by the "Notice To Remediate", which was indicated in the "Notice To Remediate" by the listing of Defendant Morey as one of the "Lien Holders", against the Plaintiff and/or against

Plaintiff's Private Property, Plaintiff states that when Plaintiff was preparing to file Plaintiff's "objections" in the State Court, Plaintiff was unsure whether Plaintiff was the Petitioner or whether Plaintiff was the Respondent because Plaintiff was unsure whether the State Actor Defendants in this case had already filed a case in the Circuit Court of Lawrence County against the Plaintiff, which Plaintiff alleges, would have made the Plaintiff in this case, the Respondent in the State Court and would have made the State Actor Defendants in this case, the Petitioners in the State Court. However, Plaintiff alleges that because the all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1., of the Illinois Municipal Code, and because the all of the State Actor Defendants in this case, as well as all of their agents, failed to apply to the Circuit Court of Lawrence County in which Plaintiff's Private Property is located for a Court Order Authorizing legal action to be taken with respect to the remainder of the former structure located on Plaintiff's Private Property, Plaintiff prepared two sets of documents. One set of documents was prepared to reflect that Plaintiff was the Petitioner and one set of documents was prepared to reflect that Plaintiff was the Respondent, and Plaintiff intended to file whichever one set of documents would be required by the State Court. However, when Plaintiff tried to file the documents in the State Court case on or about June 20, 2020, Plaintiff was told by an employee of the Clerk's office of the State Court, other than the Clerk herself, that there was no case which had already been filed against the Plaintiff or which was currently pending in the State Court against the Plaintiff, so Plaintiff attempted to file the one set of documents which was prepared to reflect that Plaintiff was the Petitioner. However, the employee of the Clerk's office of the State Court refused to file

the documents claiming that Plaintiff's documents were deficient and claiming that the State Court Judge would not like the fact that Plaintiff's documents had been filed. Therefore, Plaintiff was forced to prepare a third set of documents and when Plaintiff tried to file the third set of documents in the State Court case on June 22, 2020, Plaintiff alleges that because Plaintiff was improperly forced to be the Party to file first in the State Court case, in order for Plaintiff to file Plaintiff's "objections" and in order for Plaintiff to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property. Plaintiff also alleges that Plaintiff was also improperly forced to be the Petitioner in the State Court, and Plaintiff alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that Plaintiff was also improperly forced to pay the required filing fee of $326.00 in the State Court, in order for Plaintiff to file Plaintiff's "objections" and in order for Plaintiff to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property. (See copy of State Court Filing Fee Receipt attached hereto as Exhibit (8.).

124. Section 11-31-1(e) of the Illinois Municipal Code from (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Demolition, repair, enclosure, or remediation, states as follows:

> "(e) Each municipality may use the provisions of this subsection to expedite the removal of certain buildings that are a continuing hazard to the community in which they are located.
>
> If a residential or commercial building is 3 stories or less in height as defined by the municipality's building code, and the corporate official designated to be in charge of enforcing the municipality's building code determines that the building is open and vacant and an immediate and continuing hazard to the community in which the building is located, then the official shall be authorized to post a notice not less than 2 feet by 2 feet in size on the front of the building. The notice shall be dated as of the date of the posting and shall state that unless the building is demolished,

repaired, or enclosed, and unless any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials are removed so that an immediate and continuing hazard to the community no longer exists, then the building may be demolished, repaired, or enclosed, or any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials may be removed, by the municipality.

Not later than 30 days following the posting of the notice, the municipality shall do all of the following:

(1) Cause to be sent, by certified mail, return receipt requested, a Notice to Remediate to all owners of record of the property, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, stating the intent of the municipality to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if that action is not taken by the owner or owners.

(2) Cause to be published, in a newspaper published or circulated in the municipality where the building is located, a notice setting forth (i) the permanent tax index number and the address of the building, (ii) a statement that the property is open and vacant and constitutes an immediate and continuing hazard to the community, and (iii) a statement that the municipality intends to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if the owner or owners or lienholders of record fail to do so. This notice shall be published for 3 consecutive days.

(3) Cause to be recorded the Notice to Remediate mailed under paragraph (1) in the office of the recorder in the county in which the real estate is located or in the office of the registrar of titles of the county if the real estate is registered under the Registered Title (Torrens) Act.

Any person or persons with a current legal or equitable interest in the property objecting to the proposed actions of the corporate authorities may file his or her objection in an appropriate form in a court of competent jurisdiction.

If the building is not demolished, repaired, or enclosed, or the garbage, debris, or other hazardous, noxious, or unhealthy substances or materials are not removed, within 30 days of mailing the notice to the owners of record, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, or within 30 days of the last day of publication of the notice, whichever is later, the corporate authorities shall have the power to demolish, repair, or enclose the building or to remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials."

125. Plaintiff alleges that Plaintiff's interpretation of the plain language of Section 11-31-1 of the Illinois Municipal Code, (commands) that the corporate authorities (shall apply to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) and that after the corporate authorities (have applied to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) any person or persons with a current legal or equitable interest in a property, said to be in violation of the statute, objecting to the proposed actions of the corporate authorities, (shall remediate said violation within (30) days of notice given) (OR) (may enter an appearance into the legal action) and (may file his or her objection) in an appropriate form in a court of competent jurisdiction within (30) days of notice given.

126. Plaintiff further alleges that to interpret the plain language of Section 11-31-1 of the Illinois Municipal Code, without the element of "Due Process" would completely deny said person or persons objecting, to the proposed actions of the corporate authorities, an opportunity for a due process hearing under the principles set forth in the "Due Process Clause" as well as other "privileges and immunities" under the United States Constitution.

127. Alternatively, Plaintiff alleges that if Plaintiff's interpretation of the plain language of Section 11-31-1 of the Illinois Municipal Code is incorrect, Plaintiff alleges that Section 11-31-1 of the Illinois Municipal Code itself on its face and its enforcement violates Plaintiff's Substantive Due Process rights as well as violates Plaintiff's Procedural Due Process rights as well as violates Plaintiff's Equal Protection rights as founded under the principles set forth in the "Due Process Clauses" under the Fifth and Fourteenth Amendments as well as violates other "privileges and immunities", under color of state law, as protected under the Fourth, Fifth,

Eighth, and Fourteenth Amendments of the United States Constitution.

128. On or about July 20, 2020, Defendant Neal filed in the State Court: (Doc. 6.) Respondents Response To Petitioner's Objections, whereby Defendants appeared to be asking the State Court to dismiss Plaintiff's Cause Of Action based "upon the merits", However, Plaintiff alleges that Defendants arguments fail on the merits. Plaintiff also alleges that even if some of Defendants arguments did not fail on the merits, Plaintiff alleges that Defendants arguments fail to be dispositive to Plaintiff's Cause of Action and Defendants arguments fail to be dispositive to Plaintiff's entire case. In paragraph 5. of Respondents Response To Petitioner's Objections, Defendants state the following:

> "5. More than thirty (30) days have passed since the mailing of the notice to the Property Owner, the lienholders of record, and the last day of publication of notice; and the Property Owner has failed to remediate the Dangerous Building."

129. Plaintiff alleges that in paragraph 5. of Respondents Response To Petitioner's Objections, Defendants created a false representation to the State Court, and thereby Defendants created a false representation to this Court as well, against Plaintiff and against Plaintiff's case by Defendants implying that more than thirty (30) days have passed and the Property Owner has failed to act within (30) days of notice given. However, Plaintiff states that notice was given on or about May 27, 2020 and Plaintiff states that he filed his "objections" in State Court on June 22, 2020 within (30) days of notice given.

130. Moreover, Plaintiff alleges that Defendants created another false representation to the State Court, and thereby Defendants created another false representation to this Court as well, and against Plaintiff and against Plaintiff's case, by Defendants implying under the false pretext and under the false pretence that Plaintiff's entire property is tantamount to a junk or an abandoned property, by referring to the remainder of the former structure located on Plaintiff's

Private Property as the "Dangerous Building."

131. Plaintiff states that that after the entire south side of Plaintiff's home had collapsed wholly onto Plaintiff's own Private Property, and after Plaintiff had already demolished part of the structure by hand and by saw filling the first large roll-off dumpster until the first dumpster was full whereby Plaintiff disposed of over 12,000 lbs. of debris, Plaintiff states that the remainder of the former structure located on Plaintiff's Private Property could hardly be considered a "Dangerous Building" by anyone other than by Trespassers who violate Plaintiff's "Private Property No Trespassing" signs which are clearly posted on Plaintiff's Private Property, unlike the actual "Dangerous Building" which had recently collapsed right in front of the north side of the Lawrence County Courthouse in Lawrenceville Illinois, which collapsed right out over a Public Sidewalk and right out into a Public Street.

132. Moreover, Plaintiff states that the remainder of the former structure located on Plaintiff's Private Property could hardly be considered a "Dangerous Building" because (1) Plaintiff states that the remainder of the former structure, located on Plaintiff's Private Property, more closely resembles a twisted pile of used lumber and roofing shingles, and (2) because Plaintiff states that if any more of the remainder of the former structure further collapses, Plaintiff states that any further collapse of the former structure, located on Plaintiff's Private Property, would also be contained wholly onto Plaintiff's own Private Property.

133. Plaintiff alleges that Defendants unlawfully and fraudulently exploit Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code, as a false pretext to effect the "seizer" of the entire Real Property of the alleged offending properties. Plaintiff also alleges that the entire Real Property of the alleged offending properties is "seized" in violation of the Fourth Amendment, under the false pretence

and under the false pretext that the entire Real Properties are tantamount to junk or abandoned property, which have no value. Plaintiff infers from Defendants actions that the purpose of this false pretence and this false pretext is to effect an unconstitutional "taking" of his property, as a junk and/or as an abandoned property, without just compensation, which Plaintiff alleges is also in violation of the Fifth Amendment and because Plaintiff alleges that the "seizer" and the "taking" of alleged offending properties are effected without the alleged violator being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction, the "seizer" and the "taking" of alleged offending properties is also in violation of the "Due Process Clauses" and the "Equal Protection Clauses" of the Fifth and Fourteenth Amendments of the United States Constitution.

134. On August 11, 2020, Plaintiff filed in the State Court: (Doc. 7.) Petitioner's Motion To Quash Respondents Motion To Dismiss and Respondents Response To Petitioner's Objections, whereby in paragraphs 6. and 7. Plaintiff stated:

> "6. Petitioner states that notice was given on or about May 27, 2020 and Petitioner states that he filed his "Objections" in a Court of Competent Jurisdiction on June 22, 2020 within (30) days of notice given."
>
> "7. Petitioner also contends that the action of Petitioner filing his "Objections" in a Court of Competent Jurisdiction within (30) days of notice given creates a legal estoppel of Respondents (30) day time period and therefore does not require the Property Owner to remediate the property within (30) days of notice given, but rather Petitioner can use the (30) day time period from notice given to file his "Objections" in a Court of Competent Jurisdiction for an opportunity for a due process hearing."

135. Plaintiff states that even though the remainder of the former structure in question, located on Plaintiff's Private Property, is in a state of disrepair, Plaintiff states that the Real Property located at 744 Keppas St. Bridgeport Illinois and any and/or all contents thereof, is

NOT to be considered abandoned property.

136. Plaintiff further states that Plaintiff has every intention of demolishing the remainder of the structure and removing all of the debris as quickly as is possible according to the availability of large roll-off dumpsters, the availability of a contractor and/or the availability of his equipment, hot and/or humid weather, cold and/or rainy weather, and according the Plaintiff's physical abilities and/or capabilities, as well as any other factors whether foreseen or unforeseen, including but not limited to, this seemingly unending legal battle which Plaintiff alleges was completely brought about by the State Actor Defendants unlawful and fraudulent interference into Plaintiff's property interests in Plaintiff's Private Property.

137. Plaintiff is sure that Defendant Bridgeport and/or one or more of its agents could easily just shove the remainder of the structure down, scoop everything up, throw it all in some large roll-off dumpsters and haul it all away, probably all in one day and Plaintiff states that one reason why it could be done that fast is because it is NOT their property.

138. However, Plaintiff intends to proceed by pulling down part of the structure, cutting the large pieces into more manageable pieces, and throwing the pieces into a large dumpster. Plaintiff then intends to sort through and try to salvage some of his personal possessions. Plaintiff then intends to pull down more of the structure and so on and so forth until the structure is down and Plaintiff objects to any further interference by Defendant Bridgeport and/or by any of its agents. Plaintiff's personal possessions are also a form of personal effects, much valued by Plaintiff. Therefore, Plaintiff alleges that Plaintiff's personal possessions are protected by the Fourth Amendment guarantees that Plaintiff should be secure in his home and effects, free from unreasonable seizures by the government.

139. On August 11, 2020, Plaintiff filed in the State Court: (Doc. 8.) Petitioner's Motion

To Stay and/or Continue, whereby in paragraph 4. Plaintiff stated the following:

> "4. Petitioner states that he does not know all of the Rules of the Court nor the Proper Court Procedures and that he is not competent nor qualified to represent himself in this case going forward. Therefore, Petitioner hereby respectfully requests that this Court grant all of Petitioner's pending motions and Stay and/or Continue all other action in this case until Petitioner obtains proper and qualified legal counsel."

140. Plaintiff alleges that even though Plaintiff originally filed Plaintiff's State Court case, in the State Court, in on June 22, 2020, and even though on August 11, 2020, Plaintiff filed in State Court: (Doc. 8.) Petitioner's Motion To Stay and/or Continue, to find proper and qualified legal Counsel, Plaintiff alleges that the State Court took no action on any of Plaintiff's pending documents in Plaintiff's State Court case including Plaintiff's Motion to Stay and/or Continue. Plaintiff alleges that even though the State Courthouse was open to the public for regular business, other than the public was required to wear a face-mask at all times while entering the State Courthouse, and Plaintiff alleges that even though Plaintiff waited nearly two-years for the State Court to take action on any and/or all of Plaintiff's pending Documents and Motions, Plaintiff alleges that the State Court took no action whatsoever in Plaintiff's State Court case until nearly two-years after Plaintiff's State Court case was first filed until just after the State Court had lifted its face-mask mandate, which Plaintiff alleges seemingly just to accommodate Attorney Defendant Neal. Furthermore, Plaintiff alleges that even though Plaintiff had submitted a Motion to Stay and/or Continue, Plaintiff's State Court case to find proper and qualified legal Counsel, Plaintiff has information and Plaintiff has reason to believe that Attorney Defendant Neal caused the nearly two-year delay in the State Court case, because Defendant Neal did not want to proceed with the State Court case, in the State Court, in Lawrence County until after the State Court had lifted its face-mask mandate.

141. Moreover, Plaintiff alleges that during the nearly two-year delay in the State Court case, Plaintiff alleges that even though the State Court was open to the public for regular business, other than the public was required to wear a face-mask at all times while entering the State Courthouse, Plaintiff alleges that while Plaintiff was waiting for the State Court to take some kind of action on any and/or on all of Plaintiff's pending Documents and Motions, and Plaintiff alleges that while Defendant Neal was waiting until after the State Court had lifted its face-mask mandate to proceed with Plaintiff's pending case, Plaintiff alleges that the so called "Dangerous Building" located on Plaintiffs Property did not seem to be an issue of concern for Attorney Defendant Neal nor did it seem to be an issue of concern for Defendant Griffin nor did it seem to be an issue of concern for Defendant Bridgeport nor did it seem to be an issue of concern for any of the Defendants in Lawrence County until just after the State Court had lifted its face-mask mandate.

142. On or about July 7, 2022, Defendant Neal filed in the State Court: (Doc. 9.) "Notice Of Hearing - Motion To Dismiss", whereby Defendants requested an immediate hearing to dismiss Petitioner's Cause of Action and the Notice of Hearing was set for July 26, 2022.

143. On July 26, 2022, during the hearing to dismiss Petitioner's Cause of Action (Doc. 2.), the State Court struck down Petitioner's Cause of Action (Doc. 2.), and the State Court kept in place: (Doc. 3.) Petitioner's Objections To The Proposed Actions Against Him And Motion For Injunctive Relief. After the State Court struck down Petitioner's Cause of Action, Plaintiff objected to the actions of the State Court and Plaintiff requested in open-court that the State Court take up and/or rule on all of Plaintiff's pending Motions. However, the State Court refused Plaintiff's request. Furthermore, after the State Court refused Plaintiff's request to take up and/or to rule on any of Plaintiff's pending Motions, Plaintiff attempted to submit, in open-court, (Doc.

11.) Petitioner's Supplemental Motion to Quash Respondents Motion To Dismiss Petitioner's Cause of Action and Petitioner's Supplemental Motion to Quash Respondents Response To Petitioner's Objections and (Doc. 12.) Petitioner's Supplemental Motion To Stay and/or Continue. However, the State Court refused Plaintiff's attempt to submit Petitioner's Supplemental Motions in open-court and the State Court Judge stated that Plaintiff was free to file his Motions with the Clerk of the Court after the hearing had concluded. Plaintiff alleges that over Plaintiff's objections to the actions of the State Court, the State Court Judge then declared that Plaintiff's case was to be set for a bench trial and then the State Court Judge conferred with Attorney Defendant Neal about the scheduling of the planned bench trial. Plaintiff alleges that after the State Court Judge settled on a date that was mutually agreeable with Attorney Defendant Neal, the State Court Judge then set the planned bench trial for September 8, 2022, without even attempting to confer with the Plaintiff in this case.

144. However, Plaintiff alleges that Plaintiff's State Court case was not ripe for a bench trial. Plaintiff also alleges that all of the State Actor Defendants in this case, including Attorney Defendant Neal, knew or should have known that Plaintiff's State Court case was not ripe for a bench trial. Plaintiff also alleges that every "member" having anything to do with the adjudication of this case in Lawrence County, knew or should have known that Plaintiff's State Court case was not ripe for a bench trial. Plaintiff further alleges that even if the State Actor Defendants truly believed that Plaintiff's case was ripe for a bench trial, and if the Plaintiff disagreed, and if the Plaintiff objected to going forward, and if the Plaintiff absolutely refused to proceed to a bench trial which Plaintiff alleges was planned for September 8, 2022, Plaintiff alleges that the most that the State Court could do, and/or the most that the State Court should do, is to dismiss the Plaintiff's case for Lack of Prosecution.

145. Plaintiff also alleges that on July 26, 2022, after the State Court refused to take up and/or to rule on any of Plaintiff's pending Documents and Motions, and after the State Court refused to allow Plaintiff to submit either of Plaintiff's Supplemental Motions in open-court, and after the State Court set this case for a bench trial set for September 8, 2022, Plaintiff alleges that the State Court effectively barred any and/or all of Plaintiff's Constitutional claims under the United States Constitution raised by Plaintiff on August 11, 2020, in (Doc. 7.) Petitioner's Motion To Quash Respondents Motion To Dismiss and Respondents Response To Petitioner's Objections, whereby in paragraph 12. Plaintiff stated:

> "Petitioner's Cause Of Action is based upon violations of Substantive Due Process and Procedural Due Process as founded under the principles set forth in the "Due Process Clause" as well as other "privileges and immunities" under the United States Constitution."

146. However, Plaintiff alleges that Plaintiff's State Court case became removable to the District Court, because of all of the events which occurred and because of all of the actions that were taken by the Defendants leading up to July 26, 2022 and because of all of the events which occurred and the actions that were taken by the Defendants and by the State Court, in on July 26, 2022 and on September 1, 2022, Plaintiff filed, in the United States District Court for the Southern District of Illinois, "Plaintiff's Notice of Removal of Pending State Court Action", whereby Plaintiff contended that his case fell within an exception to Federal Court Abstention that derived from *Younger* premised on the "lack of an adequate state forum." Plaintiff also contended that unlike the other two exceptions, the Court has actually used this exception in practice. In *Gibson,* for example, the Court found that federal intervention is appropriate under this exception if the state courts are biased and unable to be trusted on a particular issue. In *Gibson,* the Court found that a board of optometrists was incapable of fairly adjudicating a

particular suit because every member had a financial stake in its outcome.

147. Plaintiff alleged that Plaintiff lacked an adequate state forum because Plaintiff alleged that the Second Judicial Circuit Court in Lawrence County Illinois was biased and prejudiced against the Plaintiff with direct and inherent conflicts of interest in that one of the named Defendants, Defendant Morey, is the Lawrence County Treasurer and a Lawrence County employee employed at the Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL.

148. Furthermore, Plaintiff alleged that Plaintiff lacked an adequate state forum because one of the named Defendants, Attorney Defendant Neal, was City Attorney for Defendant Bridgeport; a municipality in Lawrence County Illinois, as well as Attorney Defendant Neal was a Lawrence County employee employed as Attorney by the County Seat of Lawrence County, Lawrenceville Illinois.

149. Moreover, Plaintiff alleged that Plaintiff lacked an adequate state forum because one of the named Defendants in Plaintiff's State Court case is Defendant Lawrence County itself and Plaintiff alleged that any State Court Judge that would hear Plaintiff's case in Lawrence County, as well as all other persons and/or "members" connected to the Second Judicial Circuit Court in Lawrence County are employees of Lawrence County and/or employees of the State of Illinois employed in Lawrence County and Plaintiff alleged that the State Courts of the Second Judicial Circuit were unable to be trusted in the particular issues raised in the Plaintiff's case.

150. Plaintiff also alleged that the events which occurred and the actions that were taken by the State Court on July 26, 2022 during the hearing to dismiss Plaintiff's Cause of Action displays an example of the bias and prejudice of the State Court against the Plaintiff as well as displays an example of the bias and prejudice of the State Court in favor of Defendant Neal and

thereby displays an example of the bias and prejudice of the State Court in favor of all of the Defendants in the Plaintiff's case.

151. Plaintiff further alleged that even if Plaintiff had employed recusal provisions to remove a particular biased judge, Plaintiff alleged that the bias and prejudice is so systematic and pervasive that the recusal provisions would be either unavailable or ineffective.

152. Moreover, Plaintiff alleged that every "member" having anything to do with the adjudication of this case, in the State Court, in Lawrence County, are biased and prejudiced in the outcome of this case with direct and inherent conflicts of interest and/or every "member" having anything to do with the adjudication of this case, in the State Court have a financial stake in its outcome and Plaintiff alleged that Plaintiff had no other adequate alternative remedy at law.

153. Even though Plaintiff had submitted a Motion to Stay and/or Continue the State Court case to find proper and qualified legal Counsel, Plaintiff alleges that Plaintiff has information and has reason to believe that Defendant Neal caused the nearly two-year delay in Plaintiff's State Court case, because Defendant Neal did not want to proceed with Plaintiff's State Court case, in the State Court, until after the State Court had lifted its face-mask mandate and Plaintiff alleges that every "member" having anything to do with the adjudication of this case in the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the nearly two-year delay in the State Court case, seemingly, just to accommodate Attorney Defendant Neal.

154. Plaintiff states that Plaintiff is not even close to being an expert concerning legal matters by any means. However, Plaintiff alleges that after one digs into the details of this case and one thinks logically about the details of this case, certain questions come to mind, such as;

what Court System, in the entire United States, would seemingly allow and/or seemingly permit a nearly two-year delay in any pending court case, just to accommodate any Attorney.

155. Furthermore, what Court System, in the entire United States, would seemingly allow and/or seemingly permit any pending case to just linger in the Court without any activity in the case for a nearly two-year delay. Plaintiff alleges that in any Competent Court of Jurisdiction, the Court would have, and/or should have; dismissed Plaintiff's pending case for Lack of Prosecution. Which Plaintiff alleges, brings another question to mind about Plaintiff's State Court case; why didn't the State Court, in Lawrence County, dismiss Plaintiff's then pending State Court case for Lack of Prosecution.

156. Plaintiff alleges that there is only one reason that is obvious to the Plaintiff in this case, which Plaintiff alleges is that if the State Court, in Lawrence County, would have dismissed Plaintiff's then pending State Court case for Lack of Prosecution, Plaintiff alleges that all of the "members", having anything to do with the adjudication of this case, in the State Court, in Lawrence County, including Attorney Defendant Neal, would not have been able to conduct the so called "bench trial" which Plaintiff alleges was planned for September 8, 2022, in order for the State Actor Defendants to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's then pending State Court case.

157. Plaintiff alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that the State Actor Defendants had already seized legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, prior to the end of the thirty (30) days given by the "Notice To Remediate", under color of state law, without Plaintiff being given a prior opportunity for a "Due Process" hearing and/or without a prior and/or valid Court Order being

given by a Court of Competent Jurisdiction. Plaintiff also alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that Plaintiff was forced to be the Party who filed first, in the State Court case. Plaintiff further alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that Plaintiff was forced to pay the required filing fee of $326.00 to file his "objection" in the State Court to prevent the State Actor Defendants from seizing complete possession and/or to prevent the State Actor Defendants from seizing complete control over Plaintiff's Private Property. Moreover, Plaintiff alleges that based upon the events which occurred and based upon the actions that were taken by the State Actor Defendants and by the State Court on July 26, 2022, during the hearing on a Motion to Dismiss Plaintiff's Document titled "Petitioner's Cause of Action", Plaintiff alleges that just like in some kind of upside-down and backward bizarro world, the State Court, in Lawrence County, treated the Plaintiff's case as if the Plaintiff's case were brought by the State against the Plaintiff. Plaintiff also alleges that the State Court, in Lawrence County, treated the Plaintiff as if the Plaintiff were the Defendant in the case. Plaintiff further alleges that the State Court, in Lawrence County, treated the Attorney for the Defendants, Attorney Defendant Neal, as if Attorney Defendant Neal were the Prosecutor in the case, prosecuting the Plaintiff.

158. Plaintiff alleges that just like in some kind of upside-down and backward bizarro world whereby the Defendant actually drags the Plaintiff into Court, by proxy, Plaintiff alleges that even though the Plaintiff in this case, originally filed Plaintiff's "Cause of Action" in the State Court, in Lawrence County, against the State; to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property, and Plaintiff alleges that even though any trial which would eventually be conducted, born out of

Plaintiff's State Court case, should have had subject matters of (1) Plaintiff's allegations against the State Actor Defendants, acting under color of state law, violating the Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, and 1985(2),(3), and 1986, and Plaintiff alleges that Plaintiff's State Court case, should have had subject matters of (2) Plaintiff's allegations that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or the application of Section 11-31-1 of the Illinois Municipal Code, are unconstitutional on their face as stated authority and as applied authority against Plaintiff in this case, and Plaintiff alleges that Plaintiff's State Court case, should have had subject matters of (3) Plaintiff's allegations that the excessive and/or arbitrary fines and/or penalties in the form of what Plaintiff alleges amounts to an unlawful and fraudulent erroneous lien, which Plaintiff alleges is imposed, under color of state law, against Citizens and/or against Citizens Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given, and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges amounts to an "unreasonable seizure" of property, under color of state law, and so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings)

(equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) (substantive and procedural due process) Amendments to the United States Constitution, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

159. Furthermore, Plaintiff alleges that because Plaintiff originally filed Plaintiff's State Court case, in the State Court, in Lawrence County, against the State; to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property, Plaintiff alleges that any trial which would eventually be conducted, born out of Plaintiff's State Court case, should NOT have had subject matter about whether or not Plaintiff and/or Plaintiff's Private Property either was, and/or was not, in fact in violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or whether or not Plaintiff and/or Plaintiff's Private Property either was, and/or was not, in fact in violation of Section 11-31-1 of the Illinois Municipal Code.

160. Moreover, Plaintiff truly believes and hereby alleges that if the Plaintiff would have been forced to proceed with the so called "bench trial" in the State Court, in Lawrence County, which Plaintiff alleges was planned for September 8, 2022, Plaintiff truly believes and hereby alleges that Attorney Defendant Neal, and the State Court, in Lawrence County, would have found the Plaintiff, in this case, guilty of something, which Plaintiff truly believes and hereby alleges, would have resulted in the complete and total loss of Plaintiff's Private Property. Which Plaintiff alleges brings another question to mind about this case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against the State; what Court System, in

the entire United States, would find the Plaintiff guilty of anything, much less find the Plaintiff guilty of anything which Plaintiff alleges would have resulted in the complete and total loss of Plaintiff's Private Property.

161. Plaintiff further alleges that during the nearly two-year delay in Plaintiff's State Court case, Plaintiff alleges that even though the State Court was open to the public for regular business, other than the public was required to wear a face-mask at all times entering the State Courthouse, Plaintiff alleges that while Plaintiff was waiting for the State Court to take some kind of action on any and/or on all of Plaintiff's pending Documents and Motions, and Plaintiff alleges that while Attorney Defendant Neal was waiting until after the State Court had lifted its face-mask mandate before proceeding with Plaintiff's then pending State Court case, Plaintiff alleges that the so called "Dangerous Building" located on Plaintiffs Property did not seem to be an issue of concern for Defendant Neal nor did it seem to be an issue of concern for Defendant Bridgeport nor did it seem to be an issue of concern for any of the Defendants in Lawrence County until just after the State Court had lifted its face-mask mandate.

162. Nevertheless, on September 1, 2022, Plaintiff moved to remove Plaintiff's State Court case from the State Court, in Lawrence County Illinois, to the District Court by Plaintiff filing, Plaintiff's "Notice of Removal of Pending State Court Action", in the District Court. However, after Plaintiff moved to remove Plaintiff's State Court case from the State Court, to the District Court, the District Court decided that removal by the "Plaintiff" was improper and the District Court remanded Plaintiff's State Court case back to the State Court, in Lawrence County, and Plaintiff alleges that on September 12, 2022, the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County Illinois, to "Close This Case."

163. Plaintiff alleges that even though District Court remanded Plaintiff's State Court

case back to the State Court, in Lawrence County, and Plaintiff alleges that even though the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County, to "Close This Case.", Plaintiff alleges that State Court, and/or the Clerk of the State Court, in Lawrence County, seemingly chose to either ignore and/or defy the District Court's DIRECTION to Close Plaintiff's Remanded State Court Case, and instead Plaintiff alleges that the State Court, in Lawrence County, seemingly chose to maintain Plaintiff's remanded State Court case as an open case. Which Plaintiff alleges brings another question to mind about Plaintiff's State Court case; why would the State Court and/or the Clerk of the State Court, in Lawrence County, seemingly choose to either ignore and/or deify the District Court's DIRECTION to "Close This Case.", and instead the State Court, in Lawrence County, seemingly chose to maintain Plaintiff's remanded State Court case, in the State Court, as an open case.

164. Plaintiff alleges that there is only one reason that is obvious to Plaintiff, Plaintiff alleges that the State Court, in Lawrence County, maintained Plaintiff's remanded State Court case, in the State Court, as an open case, for the same reasons that Plaintiff alleges that the State Court, in Lawrence County, did not dismiss Plaintiff's then pending State Court case for Lack of Prosecution, which Plaintiff alleges is that if the State Court, in Lawrence County, would have dismissed Plaintiff's then pending State Court case for Lack of Prosecution, Plaintiff alleges that all of the "members", having anything to do with the adjudication of Plaintiff's State Court case, in the State Court, in Lawrence County, including Attorney Defendant Neal, would NOT have been able to conduct the so called "bench trial" which Plaintiff alleges was planned for September 8, 2022, in order for all of the State Actor Defendants in this case to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's then pending State Court case.

165. Plaintiff truly believes and hereby alleges that the reason the District Court

"DIRECTED" the Clerk of the State Court, in Lawrence County Illinois, to Close Plaintiff's Remanded State Court Case, instead of the District Court just simply remanding Plaintiff's case, back to the State Court, in Lawrence County, without any direction, Plaintiff alleges that the District Court understood the upside-down and backward bizarro world nature of Plaintiff's State Court case, whereby the Defendant actually drags the Plaintiff into Court, by proxy, which Plaintiff alleges was completely brought about because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1., of the Illinois Municipal Code, and because all of the State Actor Defendants in this case, as well as all of their agents, failed to provide the Plaintiff in this case with the proper and Constitutionally required "Due Process", which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

166. Nevertheless, Plaintiff alleges that because the State Court, in Lawrence County, seemingly chose to either ignore and/or deify the District Court's DIRECTION to Close Plaintiff's Remanded State Court Case, and because the State Court, in Lawrence County, instead seemingly chose to maintain Plaintiff's remanded State Court case, in the State Court, as an open case, Plaintiff alleges that Plaintiff was then forced to file, in the State Court, in Lawrence County, on October 14, 2022, "Petitioner's Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice", in order for Plaintiff to end Plaintiff's

remanded State Court case.

167. On November 10, 2022, the State Court, in Lawrence County Illinois granted Petitioner's Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice, stating the following: "Michael Allison; Motion of Petitioner (MA) to Dismiss the Petition (Complaint) Herin W/O Prejudice is Hearby Granted". (See State Court "Record Sheet" from 04/04/2024 attached hereto as Exhibit (5.).

168. Plaintiff alleges that Defendant Neal, acting under color of state law, has continued (in an "Ongoing" and/or "Continuing Violation") to violate Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Plaintiff alleges that Defendant Neal, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of the Defendants, acting under color of state law, and/or one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, which states the following:

"42 U.S. Code § 1983 - Civil action for deprivation of rights"

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

169. Plaintiff alleges that each of the Defendants, in this case, qualify as a "person" acting under color of state law, for the purposes pursuant to 42 U.S.C. § 1983. Plaintiff also alleges that Defendant Bridgeport, through and/or by its City Council, and/or through and/or by its Mayor and Chief Executive Officer, has established and maintained, a city ordinance, which contains Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport. Plaintiff further alleges that all of the Defendants were all enforcers of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or all of the Defendants were all enforcers of Section 11-31-1 of the Illinois Municipal Code and Plaintiff alleges that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable, pursuant to 42 U.S.C. § 1983.

170. Plaintiff alleges that Defendant Neal, knew or should have known, that the excessive and/or arbitrary fines and/or penalties in the form of what Plaintiff alleges amounts to an unlawful and fraudulent erroneous lien, which Plaintiff alleges is imposed, under color of state law, against Citizens and/or against Citizens Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given and prior to any "Due Process" hearing being given in a Court of Competent Jurisdiction, which Plaintiff alleges amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over

Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges amounts to an "unreasonable seizure" of property, under color of state law, and Plaintiff alleges that the excessive and/or arbitrary fines and/or penalties in the form of some sort of unlawful and fraudulent erroneous lien are so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) and (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) and (substantive and procedural due process) Amendments to the United States Constitution, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

171. Plaintiff also alleges that Defendant Neal, knew or should have known, that the Due Process Clauses in the Fifth and Fourteenth Amendments, require that, before a person is deprived of his Real Property by the government, he must be given adequate notice and a "meaningful opportunity" for a "meaningful hearing" before a "neutral magistrate", and that there must be a judicial determination that the seizure is justified. Furthermore, Plaintiff alleges that Defendant Neal, knew or should have known, that the Fourth Amendment guarantees each citizen of the United States "[t]he right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.", and the Eighth Amendment and the Fourteenth

Amendment bar the government from imposing such excessive and/or arbitrary fines and/or penalties, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

172. Plaintiff alleges that Defendant Neal, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of his agents and/or one or more of the Defendants, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

173. Plaintiff alleges that Defendant Neal, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of his agents and/or one or more of the Defendants, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(2). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

174. Plaintiff alleges that Defendant Neal, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of his agents and/or one or more of the Defendants, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as

protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(3). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

175. Plaintiff alleges that Defendant Neal, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of his agents and/or one or more of the Defendants, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1986. Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

176. Plaintiff alleges that in weighing the government's legitimate interest in eliminating nuisances such as dilapidated and abandoned buildings from abandoned properties, Plaintiff alleges that Defendants cannot even legitimately claim a legitimate State Interest, as a legitimate defense for all of the Defendants alleged actions alleged in this complaint.

177. Plaintiff also alleges that Defendant Neal's acts in seizing legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction and denying Plaintiff of his Constitutional rights, as well as, all other of Defendants actions and/or acts alleged in this complaint were all undertaken maliciously, wantonly, and/or oppressively. Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

178. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff prays that this Court:

A. Declare Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code are unconstitutional on their face and/or as applied, and enjoin Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, from all further attempts to enforce Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code;

B. Award compensatory damages from Defendant Neal, and from Defendant Griffin, and from Defendant Bridgeport, and from Defendant Morey, and from Defendant Lawrence County in an amount to be determined at trial for the matters alleged in this Complaint;

C. Award punitive damages as provided by law;

D. Award costs of suit incurred;

E. Even though Plaintiff is filing this action in this Court Pro Se, Plaintiff intends to obtain competent and qualified legal counsel to represent him in this case going forward, therefore Plaintiff requests that this Court award all costs of suit incurred and award reasonable attorney's fees; and

F. Provide such other and further relief as the Court may deem proper.

COUNT II - DEFENDANT GRIFFIN HAS CONTINUED (IN AN "ONGOING" AND/OR "CONTINUING VIOLATION") TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS, UNDER COLOR OF STATE LAW, AS PROTECTED UNDER THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

179. Plaintiff incorporates paragraphs 1. - 104., above as if set forth in this section in full.

180. Plaintiff alleges that at all times relevant to the events described herein, Defendant Griffin was Mayor and Chief Executive Officer of City of Bridgeport Illinois, a municipality, in Lawrence County Illinois, and at all times relevant to the events described herein, Defendant Griffin was an elected employee of City of Bridgeport and/or Defendant Griffin was acting under color of state law, as an agent of and/or as an agent for, City of Bridgeport, and at all times relevant to the events described herein, Defendant Griffin was acting under color of state law, as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Griffin was acting under color of state law, as an enforcer of Section 11-31-1 of the Illinois Municipal Code, under color of state law, and at all times relevant to the events described herein, Defendant Griffin was a State Actor, acting under color of state law.

181. Plaintiff alleges that on or about September 29, 2023, Defendants, acting under color

of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving Plaintiff (30) days to move to vacate the Circuit Court's Order granting Plaintiff's previous "Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice", which Plaintiff alleges had been Previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff alleges had been Previously Granted and Ordered Dismissed by the State Court, on November 10, 2022. (See "Notice Of Intent To Proceed With Demolition" from September 29, 2023, attached hereto as Exhibit (3.).

182. Plaintiff alleges that the "Notice Of Intent To Proceed With Demolition" also states that Plaintiff is advised that if Plaintiff does not file the motion to vacate the order of dismissal, and give the required notice within (30) days after the mailing of the notice, and serve a copy of the motion on the Chief Executive Officer of the City: Mayor Tyler J. Griffin, or if the motion is denied by the Court, or if the action is again dismissed, then the dismissal is with prejudice and the demolition of Plaintiff's Property will proceed forthwith. However, Plaintiff alleges that after Plaintiff was sent, "Notice Of Intent To Proceed With Demolition" by certified mail, on or about September 29, 2023, Plaintiff chose not to comply with any of the State Actor Defendants improper demands and Plaintiff alleges that Plaintiff did NOT file any other Motions into Plaintiff's Previously and Properly Dismissed State Court case, which Plaintiff alleges was no longer pending, in the State Court, in Lawrence County Illinois.

183. Plaintiff also alleges that by the State Actor Defendants, acting under color of state law, conspiring with and/or conspiring through and/or conspiring by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to

Plaintiff's address by certified mail, Plaintiff alleges that the State Actor Defendants in this case, created a brand new "Cause of Action" in which Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's Substantive Due Process rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's Equal Protection rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's other "privileges" and "immunities" under color of state law, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

184. Plaintiff also alleges that by the State Actor Defendants in this case, acting under color of state law, conspiring with and/or conspiring through and/or conspiring by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, Plaintiff alleges that the State Actor Defendants in this case not only created a brand new "Cause of Action", but Plaintiff also alleges that the plain language used by the State Actor Defendants in the "Notice Of Intent To Proceed With Demolition", Plaintiff also alleges that the State Actor Defendants themselves demonstrate that all of the issues raised by the Plaintiff in this case about all of the matters alleged in this complaint, were all part of an "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, which Plaintiff alleges Relates Directly Back

and/or Plaintiff alleges Directly Relates Back to Plaintiff's original "Cause of Action" which Plaintiff alleges began, on or about May 27, 2020, sometime prior to the end of the thirty (30) day time period being given to the Plaintiff in this case by the "Notice To Remediate", and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, and continuing to the present date, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

185. Nevertheless, Plaintiff alleges that on or about March 13, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, and/or acting under color of state law, through and/or by one or more of its agents, and/or through and/or by one or more of the Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to Improperly Reopen Plaintiff's Previously Dismissed State Court case, which Plaintiff alleges had been Previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff alleges had been Previously Ordered Dismissed by the State Court, in Lawrence County Illinois, on November 10, 2022. Furthermore, Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly Reopen Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case.

186. Plaintiff alleges that based on the most recent actions and/or acts of the State Actor Defendants in this case, brings another question to mind about Plaintiff's Previously and

Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against all of the State Actor Defendants; and if such Plaintiff were cheated and deprived of such Plaintiff's Due Process Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff were cheated and deprived of such Plaintiff's Equal Protection Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff chose to Motion to Dismiss such "Cause of Action" against such State Actor Defendants; what Defendant, in the entire United States, would Improperly, and Plaintiff alleges Purposefully, Reopen the Plaintiff's Previously and Properly Dismissed State Court case.

187. Furthermore, Plaintiff also alleges that based on the most recent actions and/or acts of the State Court, in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; what Court System, in the entire United States, would seemingly allow and/or seemingly permit any such Attorney, representing any such Defendant, to Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case.

188. Plaintiff also alleges that on or about March 13, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, and/or acting under color of state law, through and/or by one or more of its agents, and/or through and/or by one or more of the Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to Improperly file a "Notice of Status Hearing", into Plaintiff's Previously and Properly Dismissed State Court case. Furthermore, Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted Defendants to Improperly file the "Notice of Status Hearing", into the Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to

accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. (See "Notice of Status Hearing" attached hereto as Exhibit (6.).

189. Plaintiff alleges that based on the most recent actions and/or acts of all of the State Actor Defendants in this case, brings another question to mind about Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against all of the State Actor Defendants; and if such Plaintiff were cheated and deprived of such Plaintiff's Due Process Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff were cheated and deprived of such Plaintiff's Equal Protection Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff chose to Motion to Dismiss such "Cause of Action" against all such State Actor Defendants; what Defendant, in the entire United States, would Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case to File any such "Notice of Status Hearing" into any such Plaintiff's Previously and Properly Dismissed State Court case.

190. Furthermore, Plaintiff also alleges that based on the most recent actions and/or acts of the State Court, in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; what Court System, in the entire United States, would seemingly allow and/or seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case, to seemingly allow and/or to seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, File any such "Notice of Status Hearing" into any such Plaintiff's Previously and

Properly Dismissed State Court case.

191. Plaintiff further alleges that on or about March 27, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, acting under color of state law, through and/or by one or more of its agents, and/or Defendants, acting under color of state law, through and/or by one or more of their agents, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to Improperly file "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case. Furthermore, Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants to Improperly file the "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. Moreover, Plaintiff alleges that the State Court, in Lawrence County, set the planed hearing, in the State Court, in Lawrence County, for May 15, 2024, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. (See "Notice of Hearing - Demolition of Unsafe and Dangerous Building" attached hereto as Exhibit (7.).

192. However, Plaintiff alleges that the plain language used by the Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building" states as follows:

> "Notice is hereby given that a hearing is scheduled in the above-captioned proceeding before the Honorable Michael Strange in Courtroom A of the Lawrence County Courthouse in Lawrenceville, Illinois on Wednesday, May 15, 2024 at 9: 30 a.m. on the Petitioner's Objections filed herein on June 22, 2020, and the Respondent's Response thereto on July 20, 2020. Your failure to appear, or if your objections are not sustained, may result in the Court entering an order authorizing the Respondent, City of

> Bridgeport, Illinois, to enter upon the subject property and undertake the immediate demolition of the building or buildings thereon deemed dangerous and unsafe. Dated: March 27, 2024."

193. Plaintiff truly believes, and hereby alleges, that based on the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", conveys the idea that the so called "Hearing" which was set for May 15, 2024, was intended by all of the State Actor Defendants in this case, including by Attorney Defendant Neal, and by the State Court, in Lawrence County, to act as Defendants so called "bench trial" which Plaintiff alleges was previously planned by the all of the State Actor Defendants in this case, including by Attorney Defendant Neal, and by the State Court, in Lawrence County, which Plaintiff alleges was set for September 8, 2022, in order for all of the State Actor Defendants in this case to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's Previously and Properly Dismissed State Court case.

194. Plaintiff also alleges that based on the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", conveys the idea that every word in the document was generated by the State Court, in Lawrence County itself with every word in the document sanctioned and backed by the power and the authority of the State Court, in Lawrence County itself. However, Plaintiff states that Plaintiff could be mistaken in assuming that every word in the document was NOT generated by the State Court, in Lawrence County itself with every word in the document NOT sanctioned and backed by the power and the authority of the State Court, in Lawrence County itself, after all Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly Reopen Plaintiff's Previously and Properly Dismissed State Court case and seemingly allowed and/or seemingly permitted the State Actor

Defendants in this case to Improperly File the "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. Moreover, Plaintiff alleges that the State Court, in Lawrence County, set the planed hearing, in the State Court, in Lawrence County, for May 15, 2024, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case.

195. Plaintiff alleges that based on the most recent actions and/or acts of all of the State Actor Defendants in this case, brings another question to mind about Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against all of the State Actor Defendants; and if such Plaintiff were cheated and deprived of such Plaintiff's Due Process Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff were cheated and deprived of such Plaintiff's Equal Protection Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff chose to Motion to Dismiss such "Cause of Action" against all of the State Actor Defendants; what Defendant, in the entire United States, would Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case to File any such "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into any such Plaintiff's Previously and Properly Dismissed State Court case.

196. Furthermore, Plaintiff also alleges that based on the most recent actions and/or acts of the State Court in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; what Court System, in the entire United

States, would seemingly allow and/or seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case to seemingly allow and/or to seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, File any such "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into any such Plaintiff's Previously and Properly Dismissed State Court case.

197. Plaintiff alleges that there is only one reason that Plaintiff alleges answers all of these questions that is obvious to the Plaintiff in this case, Plaintiff alleges that all of the "members", having anything to do with the adjudication of this case, in the State Court, in Lawrence County, including Attorney Defendant Neal, would then have been able to conduct the so called "bench trial" which Plaintiff alleges was previously planned for September 8, 2022, in order for all of the State Actor Defendants, including Attorney Defendant Neal, to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's Previously and Properly Dismissed State Court case.

198. Plaintiff alleges that the Plaintiff in this case has exercised extreme Due Diligence in Plaintiff's efforts to present Plaintiff's "Cause of Action" to a Court of Competent Jurisdiction. However, Plaintiff alleges that even though the Plaintiff in this case has exercised extreme Due Diligence, Plaintiff alleges that the State Actor Defendants in this case continue to be intent and/or continue to be determined to violate Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case continue to be intent and/or continue to be determined to violate Plaintiff's Substantive Due Process rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, continue to be intent and/or continue to be determined to violate Plaintiff's Equal Protection

rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff alleges that the State Actor Defendants in this case, continue to be intent and/or continue to be determined to violate Plaintiff's other "privileges" and "immunities", under color of state law, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

199. Plaintiff alleges that by the State Actor Defendants in this case, improperly filling "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case; Plaintiff alleges that the State Actor Defendants in this case, created a brand new "Cause of Action" in which Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Substantive Due Process rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Equal Protection rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's other "privileges" and "immunities", under color of state law, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of

state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

200. Plaintiff also alleges that by the State Actor Defendants in this case improperly filling "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's dismissed State Court case, Plaintiff alleges that all of the State Actor Defendants in this case not only created a brand new "Cause of Action", but Plaintiff also alleges that based upon the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", Plaintiff also alleges that all of the State Actor Defendants in this case themselves demonstrate that all of the issues raised by the Plaintiff in this case about all of the matters alleged in this complaint, were all part of an "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights which Plaintiff alleges Directly Relates Back and/or Plaintiff alleges Relates Directly Back to Plaintiff's original "Cause of Action" which Plaintiff alleges began on or about May 27, 2020 sometime prior to the end of the thirty (30) day time period time period of notice being given to the Plaintiff in this case by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction and continuing to the present date, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

201. Plaintiff states that on May 9, 2024, Plaintiff filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court, whereby Plaintiff stated in the Certificate of Service, the following:

> "It is hereby certified that on May 9, 2024, Plaintiff's Complaint and Demand for Jury Trial, was filed with the Clerk of the United States District Court for the Southern District of Illinois and one true and correct copy of this document will be served, in person, by Plaintiff, to the Lawrence County Circuit Clerk, as a courtesy to the State Court Lawrence County".

202. Plaintiff alleges that on May 14, 2024, Plaintiff served, in person, to the Lawrence County Circuit Clerk, one true and correct copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", which Plaintiff alleges was clearly marked on the document: "Courtesy Copy", as a courtesy to the State Court, in Lawrence County. Plaintiff also alleges that on May 14, 2024, Plaintiff stated to the Lawrence County Circuit Clerk, that because Plaintiff had filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court on May 9, 2024, Plaintiff would not be attending the State Court, Court date set for May 15, 2024. Plaintiff further alleges that on May 14, 2024, Plaintiff witnessed the Lawrence County Circuit Clerk make a copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", clearly marked as "Courtesy Copy", which Plaintiff alleges was intended as a courtesy to the State Court in Lawrence County, however, when Plaintiff inquired about the copy, being copied, the Lawrence County Circuit Clerk stated that the copy was intended for Attorney Defendant Neal. Plaintiff alleges that on or about May 14, 2024, the State Court in Lawrence County, and/or the Lawrence County Circuit Clerk, provided Attorney Defendant Neal with an advanced copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" even though Plaintiff states that as of the time and the date that this Document will be filed with the Clerk of the District Court, Plaintiff states that Plaintiff has not officially served any of the Defendants in this case with an official copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory

Judgment and Injunctive Relief".

203. Furthermore, Plaintiff truly believes, and hereby alleges, that if Plaintiff would have been forced to proceed with the so called "Hearing" in the State Court, in Lawrence County, which Plaintiff alleges was intended by all of the State Actor Defendants in this case, including by Attorney Defendant Neal, and by the State Court, in Lawrence County, to act as Defendants so called "bench trial" which Plaintiff alleges was planned for May 15, 2024, Plaintiff truly believes, and hereby alleges, that Attorney Defendant Neal, and the State Court, in Lawrence County, would have found the Plaintiff, in this case, guilty of something, which Plaintiff truly believes, and hereby alleges, would have resulted in the complete and total loss of Plaintiff's Private Property. Plaintiff also alleges that based on the most recent actions and/or acts of the State Actor Defendants in this case and based on the most recent actions and/or acts of the State Court, in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a so called Court of Competent Jurisdiction, against the State Actor Defendants; what Court System, in the entire United States, would find the Plaintiff guilty of anything, much less find the Plaintiff guilty of anything which Plaintiff alleges would have resulted in the complete and total loss of Plaintiff's Private Property.

204. Moreover, Plaintiff alleges that based on the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", Plaintiff alleges that if the Plaintiff in this case failed to appear before Judge Michael Strange in Courtroom A of the Lawrence County Courthouse in Lawrenceville, Illinois on Wednesday, May 15, 2024 at 9: 30 a.m., without the Plaintiff in this case first filling Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the

District Court, on May 9, 2024, Plaintiff truly believes, and hereby alleges, that Attorney Defendant Neal, and the State Court, in Lawrence County, would have found the Plaintiff in this case guilty of something, which Plaintiff truly believes, and hereby alleges, would have resulted in the complete and total loss of Plaintiff's Private Property.

205. Plaintiff alleges that on May 15, 2024, the State Actor Defendants and the State Court, in Lawrence County held some kind of "hearing" about Plaintiff's Previously and Properly Dismissed State Court Case, which Plaintiff alleges was Improperly and Purposefully Reopened by the State Actor Defendants in this case and Plaintiff alleges that the State Court seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly and/or Purposefully Reopen Plaintiff's Previously and Properly Dismissed State Court Case. However, because Plaintiff had already filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court, on May 9, 2024, Plaintiff did not attend the planed "hearing" in the State Court about Plaintiff's Previously and Properly Dismissed State Court Case.

206. Nevertheless, Plaintiff alleges that on May 15, 2024, the State Actor Defendants in this case and the State Court, in Lawrence County, once again continue to be intent and/or continue to be determined to take further action against the Plaintiff in this case by, the State Actor Defendants in this case and the State Court, in Lawrence County, setting some sort of planed "hearing" in the State Court, in Lawrence County, which the State Court referred to in the State Court Record Sheet as the following: FTC/FTA notice set for June 26, 2024, at 1:00 in courtroom A. Attorney Defendant Neal appears for Respondents; Petitioner Failure To Appear. Case dismissed for want of prosecution. FTC set June 26, 2024 at 1:00. (See State Court "Record Sheet" from 05/17/2024 attached hereto as Exhibit (9.).

207. Furthermore, Plaintiff alleges that on or about May 14, 2024, the State Court in Lawrence County, and/or the Lawrence County Circuit Clerk, provided Attorney Defendant Neal with an advanced copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief". Plaintiff alleges that on May 15, 2024, the State Actor Defendants and the State Court, in Lawrence County held some kind of "hearing" about Plaintiff's Previously and Properly Dismissed State Court Case, which Plaintiff alleges that the issue about the fact that Plaintiff had filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court on May 9, 2024, Plaintiff alleges was surely raised at the "hearing" on May 15, 2024.

208. Plaintiff alleges that on May 17, 2024, two days after the State Actor Defendants and the State Court, in Lawrence County held their "hearing" on May 15, 2024, Plaintiff alleges that the State Court Entered a PROPOSED ORDER on May 17, 2024, and the State Court Entered an Order Dismissing Action For Want Of Prosecution Filed., on May 17, 2024. (See State Court "Record Sheet" from 05/17/2024 attached hereto as Exhibit (9.).

209. However, Plaintiff alleges that on May 17, 2024, two days after the State Actor Defendants and the State Court, in Lawrence County held their "hearing" on May 15, 2024, Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to take further action against the Plaintiff in this case.

210. Plaintiff alleges that on May 17, 2024, the State Actor Defendants in this case, once again acting under color of state law, once again conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to once again send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, once again citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving

Plaintiff (30) days to Move to Vacate the State Court's Order Of Dismissal In The Aforesaid Proceeding And Serve A Copy Of The Motion On The Chief Executive Officer Of The City: Mayor Tyler J. Griffin, Bridgeport City Hall,. Plaintiff alleges that the State Actor Defendants threaten the Plaintiff that Plaintiff is Further Advised That If Plaintiff Does Not File The Motion And Give The Required Notice, Or If The Motion Is Denied By The Court, Or If The Action Is Again Dismissed For Want Of Prosecution, Then The Dismissal Is With Prejudice And The Demolition Will Proceed Forthwith. (See "Notice Of Intent To Proceed With Demolition" from May 17, 2024, attached hereto as Exhibit (10.).

211. However, Plaintiff alleges that Plaintiff is unconcerned about any of the State Actor Defendants' improper threats or improper demands for two reasons, (1) when Plaintiff filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", in the District Court on May 9, 2024, the Plaintiff in this case chose to file his "objections" in a Competent Court of Jurisdiction, instead of filing his "objections" in the State Court, in Lawrence County, and Plaintiff alleges that the State Actor Defendants themselves stated in the "Notice To Remediate", in relevant, part the following:

> "A person objecting to the proposed actions of the City of Bridgeport may file his or her objection in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction."

(2). By filling Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", in the District Court on May 9, 2024, Plaintiff alleges that the District Court NOW has Complete Jurisdiction over Plaintiff's Case, and Plaintiff alleges that the District Court NOW has Complete Jurisdiction over all of the matters alleged in this Complaint, including Plaintiff's Motion For Injunctive Relief, which Plaintiff alleges leaves all of the State Actor Defendants in this case, including Attorney Defendant Neal, and the State

Court, in Lawrence County, in the clear absence of all jurisdiction.

212. Plaintiff alleges that on or about May 27, 2020, Defendant Bridgeport, and/or through and/or by Defendant Bridgeport's Mayor and Chief Executive Officer, Defendant Griffin, and/or through and/or by one or more of their agents, acting under color of state law, sent "Notice To Remediate" to Plaintiff's address by certified mail, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport, as Defendants rationale for giving Plaintiff (30) days to comply or to file his objections in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction. (See "Notice To Remediate" attached hereto as Exhibit (4.).

213. Also on or about May 27, 2020, Plaintiff alleges that in defiance of Plaintiff's "Private Property No Trespassing" signs which were clearly posted on Plaintiff's Private Property, Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to physically trespass onto Plaintiff's Private Property and physically affix a 2 ft. x 2 ft. Poster Board Type Notice to the North side of Plaintiff's home with screws screwed into the exterior siding, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport as Defendants rationale for giving Plaintiff (30) days to comply with Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport or to file his objections in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction, even though Plaintiff had "Private Property No Trespassing" signs clearly posted on Plaintiff's Private Property.

214. Plaintiff alleges that in the "Notice To Remediate", Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport as Defendants sole authority and as Defendants sole rationale, and therefore, as Defendants sole justification, for all

of Defendants actions, under color of state law, which Plaintiff alleges have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff alleges have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period being given to the Plaintiff in this case, and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

215. Also in the "Notice To Remediate", Plaintiff alleges that Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport as Defendants sole authority and/or as Defendants sole justification for all of the Defendants actions, under color of state law, which Plaintiff alleges have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff alleges have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given to the Plaintiff in this case, and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction.

216. Nevertheless, upon receiving "Notice To Remediate", Plaintiff called the Lawrence County Treasurer Office to inquire about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff's Private Property. Plaintiff was able to confirm, by an employee of the Lawrence County Treasurer Office, other than Defendant Morey, that the property taxes associated with the Real Property located at 744 Keppas St. Bridgeport Illinois were indeed paid. However, Plaintiff was unable to obtain any further information about the so

called "Lien Holder" mentioned in the "Notice To Remediate".

217. Soon after Plaintiff had called the Lawrence County Treasurer Office to inquire about the listing of Defendant Morey, Lawrence County Treasurer, as a "Lien Holder" against Plaintiff's Private Property, Plaintiff went to the Lawrence County Recorder's Office of the Registrar and Plaintiff was able to confirm that the Lawrence County Recorder's Office of the Registrar did indeed have a record that Defendant Morey, Lawrence County Treasurer, did indeed have some sort of lien against Plaintiff's Private Property. However, the information Plaintiff obtained from the Lawrence County Recorder's Office of the Registrar about the so called "Lien Holder" was very vague and incomplete information.

218. Soon after Plaintiff was able to confirm that the Lawrence County Recorder's Office of the Registrar did indeed have a record of some sort of lien imposed against Plaintiff's Private Property, Plaintiff went to the Lawrence County Treasurer Office located at the Lawrence County Courthouse Annex and Plaintiff had a conversation with Defendant Morey to inquire about the listing of Defendant Morey as one of the "Lien Holders" against Plaintiff's Private Property, even though the property taxes associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois were indeed paid. Plaintiff alleges that when Plaintiff inquired about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff's Private Property, Plaintiff alleges that Defendant Morey was very vague and very lackadaisical about the listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, and Plaintiff alleges that Defendant Morey tried to down play the seriousness of the issue, and Plaintiff alleges that Defendant Morey stated about the issue, that it was a "common practice" and that it was "done all the time".

219. Also in the "Notice To Remediate", Plaintiff alleges that Defendants cite and rely on

Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport as Defendants sole authority and/or as Defendants sole justification for all of the Defendants actions, under color of state law, which Plaintiff alleges have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff alleges have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given to the Plaintiff in this case, and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction.

220. The "Notice To Remediate" states in relevant part the following:

> "The City of Bridgeport finds that the structure described above is open, vacant and in immediate and continuing hazard to the city and that unless this structure is demolished, repaired or enclosed, and unless all garbage, debris and other hazardous, noxious or unhealthy substances or materials are removed within thirty (30) days of this notice, then the City of Bridgeport will proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from this property, and may place a lien on this property for the costs thereof. A person objecting to the proposed actions of the City of Bridgeport may file his or her objection in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction. The owner shall be responsible for all expenses incidental to the issuance of this notice"

221. However, Plaintiff alleges that after only a cursory reading of the plain language of Defendants rationale of Section 25-5-1 of the revised code of ordinances, Plaintiff's interpretation of the plain language of Defendants rationale of Section 25-5-1 of the revised code of ordinances, is as follows: that (after the corporate authorities) (have applied to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) and that (if a person or persons receiving a "Notice To Remediate") (fails to "Remediate" the property in question within thirty (30) days of notice

given), (the City of Bridgeport will then proceed) to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from the property, and (the Defendants may place a lien on the property for the costs thereof) (unless a person objecting to the proposed actions), (enters an appearance in the legal action) and (files his or her objection) in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction within thirty (30) days of notice given for an opportunity for a "Due Process" hearing. *(emphasis added)*.

222. Plaintiff alleges that based on Plaintiff's interpretation of the plain language of Defendants rationale in Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, Plaintiff alleges that all of the corporate authorities of Defendant Bridgeport, as well as all of the other State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport.

223. Plaintiff alleges that the "Notice To Remediate", which was sent to Plaintiff's address by certified mail on or about May 27, 2020, also lists Defendant Morey, Lawrence County Treasurer, Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, as one of the "Lien Holders" against Plaintiff's Private Property, however, Plaintiff alleges that Defendants rationale, in Section 25-5-1 of Defendants Revised Code of Ordinances of the City of Bridgeport, does not mention liens being imposed, against Citizens and/or against Citizens Private Property for only an alleged violation of the ordinance, prior to the end of the thirty (30) day time period of notice being given to a person or persons who are only said to be in violation without said person or persons being given a prior opportunity for a "Due Process" hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

224. Plaintiff alleges that Plaintiff's interpretation of the plain language of Section 11-31-1(e) of the Illinois Municipal Code, relevant to Plaintiff's case, states as follows:

> "(e) Each municipality may use the provisions of this subsection to expedite the removal of certain buildings that are a continuing hazard to the community in which they are located."
>
> "If a residential or commercial building is 3 stories or less in height as defined by the municipality's building code, and the corporate official designated to be in charge of enforcing the municipality's building code determines that the building is open and vacant and an immediate and continuing hazard to the community in which the building is located,"
>
> [T]hen the official shall be authorized to post a notice not less than 2 feet by 2 feet in size on the front of the building. The notice shall be dated as of the date of the posting and shall state that unless the building is demolished, repaired, or enclosed, and unless any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials are removed so that an immediate and continuing hazard to the community no longer exists, then the building may be demolished, repaired, or enclosed, or any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials may be removed, by the municipality."
>
> "Not later than 30 days following the posting of the notice, the municipality shall do all of the following:"
>
> "Cause to be sent, by certified mail, return receipt requested, a Notice to Remediate to all owners of record of the property, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, stating the intent of the municipality to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if that action is not taken by the owner or owners."
>
> "(2) Cause to be published, in a newspaper published or circulated in the municipality where the building is located, a notice setting forth (i)"
>
> "The corporate authorities shall apply to the circuit court of the county in which the building is located (i) for an order authorizing action to be taken with respect to a building"
>
> "If the municipality proves that the conditions described in this subsection exist and (i) the owner of record of the property does not enter an appearance in the action,"
>
> "(d), the court shall declare the property abandoned." ***(emphasis added)***

225. Plaintiff alleges that Defendants unlawfully and fraudulently exploit the plain

language of Section 11-31-1 of the Illinois Municipal Code, to fraudulently achieve Defendants own purposes and/or to fraudulently achieve Defendants own goals. However, Plaintiff alleges that because Defendants fail to follow the law, and because Defendants fail to follow the plain language of Section 11-31-1 of the Illinois Municipal Code, and because Defendants fail to provide the Plaintiff in this case with the proper and Constitutionally required "Due Process", Plaintiff alleges that all of Defendants' actions and/or acts and/or all of Defendants agent's actions and/or acts, alleged in this complaint, were therefore not based in law, and Plaintiff alleges that therefore all of Defendants' actions and/or acts and/or all of Defendants agent's actions and/or acts, alleged in this complaint, were therefore unlawful.

226. Plaintiff alleges that because Defendants unlawfully and fraudulently exploit the plain language of Section 11-31-1 of the Illinois Municipal Code, to fraudulently achieve Defendants own purposes and/or to fraudulently achieve Defendants own goals, and Plaintiff alleges that because Defendants fail to follow the law, and because Defendants fail to follow the plain language of Section 11-31-1 of the Illinois Municipal Code, and because Defendants fail to provide the proper and Constitutionally required "Due Process", Plaintiff alleges that this "lien" against Plaintiff and/or against Plaintiff's Private Property, by the Defendants listing of Defendant Morey, Lawrence County Treasurer as "Lien Holder", against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff has evidence and Plaintiff has proof of this "lien" against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff alleges has already been attached against Plaintiff and/or which has already been attached against Plaintiff's Private Property, without the proper and Constitutionally required "Due Process", which Plaintiff alleges, was not based in law, and Plaintiff alleges were therefore unlawful and fraudulent erroneous liens, which Plaintiff alleges were unlawfully and fraudulently levied against the

Plaintiff, and/or which Plaintiff alleges were unlawfully and fraudulently levied against the Plaintiff's Private Property.

227. Plaintiff alleges that the creation of this unlawful and fraudulent erroneous lien, which Plaintiff alleges, was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, by the Defendants listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder", against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff alleges, gives the appearance that the property taxes, associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois, have gone unpaid, even though Plaintiff states that the property taxes, associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois have continued to be paid on time since Plaintiff has owned the property.

228. Plaintiff alleges that Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, took it upon themselves to conspire with and/or to conspire through and/or to conspire by one or more of their agents, acting under color of state law, to unlawfully and fraudulently create an unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, and Plaintiff alleges that the proof that this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property exists, and is indicated in the "Notice To Remediate", by the Defendants listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff and/or against Plaintiff's Private Property.

229. Plaintiff alleges that the State Actor Defendants, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more

of themselves and/or one or more of their agents, acting under color of state law, to send notice, of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Plaintiff's Bank and Mortgage Holder. Plaintiff alleges that by the State Actor Defendants actions, Plaintiff alleges that the State Actor Defendants; (1) violated the Plaintiff's Constitutional Right to Privacy and/or (2) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Name" and/or (3) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Reputation" with his Bank and Mortgage Holder, (4) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Credit Rating" with his Bank and Mortgage Holder, (5) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Name" and/or damaged Plaintiff's "Reputation" and/or damaged Plaintiff's "Credit Rating" with all of the Credit Rating Establishments, (6) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Name" and/or damaged Plaintiff's "Reputation" and/or damaged Plaintiff's "Credit Rating" throughout Lawrence County and/or throughout Illinois and/or throughout the entire United States. Plaintiff further alleges that the Fourteenth Amendment guarantees that the Plaintiff shall not be deprived of his Private Property and/or shall not be deprived of his Privacy without due process of law.

230. Plaintiff alleges that the State Actor Defendants, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of themselves, acting under color of state law, and/or one or more of their agents, acting under color of state law, to send notice, of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Lawrence County Newspaper and caused notice of this unlawful and fraudulent

erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to be published in the Lawrence County Newspaper for 3 consecutive days. Plaintiff alleges that by the State Actor Defendants actions Plaintiff alleges that the State Actor Defendants; (1) violated the Plaintiff's Constitutional Right to Privacy and/or (2) Plaintiff alleges that by the State Actor Defendants actions the Defendants damaged Plaintiff's "Name" and/or (3) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Reputation" and/or (4) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Credit Rating" throughout Lawrence County and/or throughout Illinois and/or throughout the entire United States. Plaintiff further alleges that the Fourteenth Amendment guarantees that the Plaintiff shall not be deprived of his Private Property and/or shall not be deprived of his Privacy without due process of law.

231. Plaintiff alleges that the State Actor Defendants, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of themselves, acting under color of state law, and/or one or more of their agents, acting under color of state law, to send notice of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Lawrence County Recorder's Office of the Registrar, and causing notice of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to be permanently recorded. Plaintiff alleges that by the Defendants actions Plaintiff alleges that the Defendants; (1) violated the Plaintiff's Constitutional Right to Privacy and/or (2) Plaintiff alleges that by the Defendants actions the Defendants damaged the Plaintiff's "Name" and/or (3) Plaintiff alleges that by the Defendants actions the Defendants damaged the Plaintiff's "Reputation" and/or (4) Plaintiff

alleges that by the Defendants actions the Defendants damaged the Plaintiff's "Credit Rating" throughout Lawrence County and/or throughout Illinois and/or throughout the entire United States, and/or throughout all of recorded history. Plaintiff also alleges that when Plaintiff inquired about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff and/or against Plaintiff's Private Property, Plaintiff alleges that Defendant Morey stated about the issue, that it was a "common practice" and that it was "done all the time".

232. Plaintiff alleges that based on Defendant Morey statement about the issue, of liens being levied against Citizens and/or levied against Citizen's Private Property, that it was a "common practice" and that it was "done all the time", Plaintiff alleges that Defendant Neal, and/or Defendant Griffin and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, created and maintained an unlawful and fraudulent scheme which Plaintiff alleges that unlawfully and fraudulently imposes unlawful and fraudulent erroneous liens, against Citizens and/or against Citizen's Private Property, which Plaintiff alleges that these unlawful and fraudulent erroneous liens are imposed without "Due Process", as a means to effect an unconstitutional "taking" of said Private Property without "Due Process" and without "Just Compensation", which Plaintiff alleges that Plaintiff has information and has reason to believe is a "common practice" and is "done all the time" and Plaintiff alleges that whereby through the Discovery Process, Plaintiff alleges that Plaintiff will be able to obtain and gather information and evidence, of any other parties involved in the alleged scheme, to be named as Defendants, and Plaintiff alleges that Plaintiff will be able to obtain and gather information and evidence of any other victims, of the alleged scheme, who are "similarly situated" to be named as Co-Plaintiffs, in a possible Class Action.

233. Plaintiff alleges that the State Actor Defendants, acting under color of state law,

and/or through and/or by one or more of their agents, acting under color of state law, send an alleged violator, of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or an alleged violator, of Section 11-31-1 of the Illinois Municipal Code, a "Notice To Remediate" claiming that Defendant Morey, Lawrence County Treasurer, already has a lien attached to the alleged violator's Private Property, which Plaintiff alleges that the lien, which Plaintiff alleges is already attached to the alleged violator's Private Property, is attached sometime prior to the end of the thirty (30) day time period of notice being given in the "Notice To Remediate", and/or at any time thereafter, and Plaintiff alleges that proof of the existence of this lien, is also indicated in the "Notice To Remediate", by the listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against a Citizen and/or against a Citizens Private Property, who are only said to be in violation. Plaintiff alleges that acting under color of state law, Defendants, and/or through and/or by one or more of their agents, acting under color of state law, also threaten, under color of state law, to take further action against a Citizen and/or against a Citizens Private Property, at any time thereafter, thirty (30) days of notice being given by the "Notice To Remediate" and Plaintiff alleges that the proof of the existence of this threat is also indicated in the "Notice To Remediate" and Plaintiff alleges that if the alleged violator wishes to challenge the action which has already been taken, or if the alleged violator wishes to challenge any further action, Plaintiff alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that then the alleged violator is forced to pay the required filing fee of $326.00 to file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, to prevent Defendants from seizing complete possession and/or to prevent Defendants from seizing complete control over the alleged violator's Private Property, which Plaintiff alleges forces the

alleged violator to choose whether or not to spend $326.00 for the required filing fee, whether or not the alleged violator can afford to spend $326.00 for the required filing fee and Plaintiff alleges that if the alleged violator cannot afford to pay the required filing fee, but still wishes to challenge the action that has already been taken and/or wishes to challenge any further action, well then, Plaintiff alleges that the alleged violator is just out of luck because Plaintiff alleges that if the alleged violator does not pay the required filing fee of $326.00 and file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, within thirty (30) days from the date of notice given, then, Plaintiff alleges that under color of state law, Defendants, and/or through and/or by one or more of their agents, acting under color of state law, seizes complete possession and/or seizes complete control over the alleged violator's Private Property, under color of state law, and Plaintiff alleges that Defendants, acting under color of state law, through and/or by one or more of their agents, acting under color of state law, will then proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from the alleged offending property, under color of state law, and Plaintiff alleges that Defendants, acting under color of state law, through and/or by one or more of their agents, will then place an even larger lien on the alleged offending property, under color of state law, for all of the costs thereof.

234. Plaintiff alleges that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or the application of Section 11-31-1 of the Illinois Municipal Code, are unconstitutional on their face as stated authority and/or as applied authority against Plaintiff in this case because Plaintiff alleges that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien appear to be automatic. Furthermore, Plaintiff alleges that this lien which Plaintiff alleges that is imposed against Citizens and/or imposed

against Citizens Private Property, are imposed under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges that amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, which Plaintiff alleges is only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges that amounts to an "unreasonable seizure" of property, under color of state law, and which Plaintiff alleges that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien are so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) (substantive and procedural due process) Amendments, which Plaintiff alleges amounts to nothing less than Civil Forfeiture, under color of state law, and/or which Plaintiff alleges amounts to nothing less than Legalized Theft of Citizens Real Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code.

235. Plaintiff alleges that the Due Process Clauses in the Fifth and Fourteenth Amendments, insure Equal Protection under the law and require that, before a person is deprived of his Real Property by the government, he must be given adequate notice and an adequate opportunity for a "meaningful hearing" before a "neutral magistrate", and Plaintiff alleges that

there must be a judicial determination that the seizure is justified. Furthermore, Plaintiff alleges that the Fourth Amendment guarantees each citizen of the United States "[t]he right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Plaintiff also alleges that the Eighth Amendment and the Fourteenth Amendment bar the government from imposing such excessive and/or arbitrary fines and/or penalties.

236. Plaintiff alleges that the penalty scheme, of excessive and/or arbitrary fines and/or penalties, in the form of some sort of lien, which is imposed, under color of state law, against Citizens and/or against Citizens Private Property for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, are so excessive and/or are so arbitrary that it can easily swamp the actual Real Value and/or it can easily swamp the actual Cash Value of the Real Property that is only said to be in violation.

237. On its face, Plaintiff alleges that Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code, as Defendants authority and as Defendants sole rationale, and therefore, as Defendants sole justification, for all of Defendants actions, under color of state law, alleged in this complaint. However, Plaintiff alleges that Defendants rationale appears to be applied as if Defendants rationale were based upon a strict liability scheme. Any unkempt building found on any Private Property within the city limits is to be treated *per se* as an abandoned or junk building which, in turn, is *per se* a threat to the health, safety, and well being of the residents which, in turn, is subject to a fine and/or is subject to a penalty imposed in the form of a Lien which is imposed against the alleged violator and/or which is imposed against the alleged violator's Real Private Property. Plaintiff alleges that Defendants do not allow for any

prior defense on these points before Defendants, take action under color of state law, against the alleged violator and/or against the alleged violators Real Private Property, under color of state law.

238. However, Plaintiff alleges that the strict liability issue is largely moot, because Defendants do not even provide the alleged violator with a prior opportunity for a "Due Process" hearing in which to present a defense, and/or to challenge the legality of Defendants actions which Plaintiff alleges have already been taken against the alleged violator, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction. Furthermore, the strict liability issue is largely moot, because Defendants do not even provide the alleged violator with a prior opportunity for a due process hearing in which to challenge the legality of Defendants proposed future actions unless the alleged violator pays the filing fees and files his or her "objections" in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction after Defendants have already taken action against the alleged violator.

239. Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to violate both Plaintiff's Procedural and Substantive Due Process Rights that ensure that Plaintiff is not denied Life, Liberty, or Property without Due Process of law, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments. Plaintiff also alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to violate Plaintiff's Procedural Due Process Rights and Plaintiff's Substantive Due Process Rights

by Defendants violating, in an unreasonable manner, Plaintiff's right to privacy, under color of state law, as protected under the Fourth, Fifth, Eighth and Fourteenth Amendments.

240. Plaintiff alleges that Defendant Neal, and/or Defendant Griffin and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of their agents, acting under color of state law, to interfere with and deprive Plaintiff of his possessory interests in Plaintiff's Private Property.

241. Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL, as one of the "Lien Holders" against Plaintiff's Private Property, Plaintiff alleges that Defendant Neal, and/or Defendant Griffin and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to seize legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property without Plaintiff being given a prior opportunity for a Due Process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

242. Plaintiff also alleges that Defendant Neal, and/or Defendant Griffin and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of their agents, acting under color of state law, to interfere with and deprive Plaintiff of his expectation of privacy in Plaintiff's possessory interests of Plaintiff's Private Property, and as a result, Plaintiff alleges that Plaintiff's expectation of privacy in Plaintiff's Private Property has been completely extinguished. However, Plaintiff alleges that

even though Plaintiff's expectation of privacy in Plaintiff's Private Property has been completely extinguished, Plaintiff alleges that the Fourth Amendment of the United States Constitution extends to Plaintiff's possessory interests in Plaintiff's Private Property.

243. Furthermore, Plaintiff alleges that Defendants' acts of depriving Plaintiff of his possessory interests in Plaintiff's Private Property by seizing legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property without Plaintiff being given a prior opportunity for a due process hearing and denying Plaintiff of his Constitutional rights and interfering with and depriving Plaintiff of his expectation of privacy in Plaintiff's possessory interests of Plaintiff's Private Property and completely extinguishing Plaintiff's expectation of privacy in Plaintiff's Private Property.

244. Plaintiff alleges that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or the application of Section 11-31-1 of the Illinois Municipal Code, are unconstitutional on their face as stated authority and/or as applied authority against Plaintiff in this case because Plaintiff alleges that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien appear to be automatic. Furthermore, Plaintiff alleges that this lien, which is imposed against Citizens and/or imposed against Citizens Private Property, is imposed, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges amounts to an "unreasonable

seizure" of property, under color of state law, and so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) (substantive and procedural due process) Amendments, which Plaintiff alleges amounts to nothing less than Civil Forfeiture, under color of state law, and/or amounts to nothing less than Legalized Theft of Citizens Real Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code.

245. Plaintiff alleges that the Due Process Clauses in the Fifth and Fourteenth Amendments, insure Equal Protection under the law and require that, before a person is deprived of his Real Property by the government, he must be given adequate notice and a "meaningful opportunity" for a "meaningful hearing" before a "neutral magistrate", and that there must be a judicial determination that the seizure is justified. Furthermore, the Fourth Amendment guarantees each citizen of the United States "[t]he right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Eighth Amendment and the Fourteenth Amendment bar the government from imposing such excessive and/or arbitrary fines and/or penalties.

246. Plaintiff alleges that because of the fundamental Constitutional issues impacted in this case, Plaintiff alleges that all of the Defendants, and/or all of their agents, should have been required to make a particularized showing that Plaintiff's Private Property was actually an

abandoned property, which actually posed an actual threat to: (1) the health; (2) the safety; or (3) the well-being of the Citizens of the City of Bridgeport. Plaintiff alleges that without such a particularized showing, that Plaintiff's Private Property was actually an abandoned property, and without a particularized showing that Plaintiff's Private Property actually posed an actual threat to: (1) the health; (2) the safety; or (3) the well-being of the Citizens of the City of Bridgeport, and without the proper constitutionally required "Due Process", Plaintiff alleges that all of the Defendants, and/or all of their agents, were not constitutionally authorized to impose any kind of fine and/or any kind of penalty against the Plaintiff in this case.

247. Plaintiff alleges that Defendants rationale in Section 25-5-1 of Defendant Bridgeport's Revised code of Ordinances above does not mention liens being imposed against Citizens and/or against Citizens Private Property for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport prior to the end of the thirty (30) day time period of notice being given to a person or persons who are only said to be in violation without said person or persons being given a prior opportunity for a "Due Process" hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

248. However, on its face, Plaintiff alleges that Defendants unlawfully and fraudulently exploit Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport as if it were based upon a strict liability scheme. Any unkempt building found on any Private Property within the city limits is to be treated *per se* as an abandoned or junk building which, in turn, is *per se* a threat to the health, safety, and well being of the residents of Bridgeport. Defendants do not allow for any prior defense on these points before Defendants take action against the alleged violator.

249. However, Plaintiff alleges that the strict liability issue is largely moot, because Defendants do not even provide the alleged violator with a prior opportunity for a hearing in which to present a defense, or challenge the legality of Defendants actions which have already been taken against the alleged violator and/or a prior opportunity to challenge the legality of Defendants proposed future actions unless the alleged violator pays the filing fees and files his or her "objections" in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction after Defendants have already taken action against the alleged violator.

250. Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL, as one of the "Lien Holders" against the Plaintiff and/or against Plaintiff's Private Property, Plaintiff alleges that Defendants, through and/or by one or more of their agents, namely Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, seized legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

251. Plaintiff alleges that Defendant Griffin, acting under color of state law, has continued (in an "Ongoing" and/or "Continuing Violation") to violate Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Plaintiff alleges that Defendant Griffin, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of the Defendants, acting under color of state law, and/or one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or

"Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, which states the following:

"42 U.S. Code § 1983 - Civil action for deprivation of rights"

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

252. Plaintiff alleges that each of the Defendants, in this case, qualify as a "person" acting under color of state law, for the purposes pursuant to 42 U.S.C. § 1983. Plaintiff also alleges that Defendant Bridgeport, through and/or by its City Council, and/or through and/or by its Mayor and Chief Executive Officer, has established and maintained, a city ordinance, which contains Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport and Plaintiff alleges that Defendants were enforcers of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants were enforcers of Section 11-31-1 of the Illinois Municipal Code. Plaintiff further alleges that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer

for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable, pursuant to 42 U.S.C. § 1983.

253. Plaintiff alleges that Defendants acts of seizing legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction, had no basis in law and therefore constituted an "unreasonable seizure" *per se* in violation of the Fourth Amendment of the United States Constitution.

254. Plaintiff also alleges that the Due Process Clauses in the Fifth and Fourteenth Amendments, insure equal protection of the law and require that, before a person is deprived of his Real Property by the government, he must be given adequate notice and a "meaningful opportunity" for a "meaningful hearing" before a neutral magistrate, and that there must be a judicial determination that the seizure is justified.

255. The Fourth Amendment to the United States Constitution guarantees that citizens, such as Plaintiff, should be secure in their homes and effects, free from unwarranted government interference. The Fifth Amendment bars the government from taking Citizens' property without just compensation and insures equal protection under the law. The Fourteenth Amendment guarantees that Citizens, such as Plaintiff, shall not be deprived of Property without Due Process of law. The Fourteenth Amendment also guarantees that Citizens, such as Plaintiff, will receive equal protection from the law, regardless of their degree of connection, and/or the lack thereof, to City and/or County leaders.

256. Nevertheless, Defendants cite and rely on Section 25-5-1 of the Revised Code of

Ordinances of the City of Bridgeport as their sole authority for seizing legal and/or equitable interest and/or control over alleged offending properties for an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport.

257. Plaintiff alleges that Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, is unconstitutional on its face as stated authority and/or as applied authority because the imposition of fines and/or penalties appear to be imposed automatically in the form of what Plaintiff alleges is some sort of unlawful and fraudulent erroneous lien imposed against Citizens and/or against Citizens Private Property who are only said to be in violation to effect a "taking" of Citizens Property without "Due Process" and without "Just Compensation", in violation equal protection under the law and in violation of the Fourth, Fifth, and Fourteenth Amendments. The Eighth Amendment also forbids excessive and/or arbitrary fines and/or penalties of this type. Plaintiff alleges that the lack of Due Process, and the excessive and/or arbitrary fines and/or penalties violate Plaintiff's constitutionally protected property rights and violates Plaintiff's equal protection rights, as protected by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

258. Plaintiff also alleges that Defendants, acting under color of state law, and/or Defendants acting through and/or by one or more of their agents, acting under color of state law, unlawfully and fraudulently exploit Section 25-5-1 of the Revised Code of Ordinances and/or unlawfully and fraudulently exploit Section 11-31-1 of the Illinois Municipal Code, as a pretext to seize legal and/or equitable interest and/or possession and/or control over a property, in violation of "unreasonable seizer" as protected by the Fourth Amendment, by imposing excessive and/or arbitrary fines and/or penalties in the form of unlawful and fraudulent erroneous liens against Citizens and/or against Citizens Private Property, in violation of the Eighth

Amendment, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, without "Due Process" to effect a "taking" of property from those who are only said to be in violation without "Due Process" and without "Just Compensation" in violation of the Fourth, Fifth, and Fourteenth Amendments. Therefore, Plaintiff alleges that Section 25-5-1 of the Revised Code of Ordinances and/or Section 11-31-1 of the Illinois Municipal Code, effectively deprives Plaintiff and other citizens of their property, without equal protection of the law and without due process of law, in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments.

259. Plaintiff alleges that Defendant Griffin, knew or should have known, that the excessive and/or arbitrary fines and/or penalties in the form of what Plaintiff alleges amounts to an unlawful and fraudulent erroneous lien, which is imposed, under color of state law, against Citizens and/or against Citizens Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given and prior to any "Due Process" hearing being given in a Court of Competent Jurisdiction, which Plaintiff alleges amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges amounts to an "unreasonable seizure" of property, under color of state law, and so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) and (equal protection), the Eighth (excessive and/or arbitrary fines and/or

penalties), and the Fourteenth (equal protection) and (substantive and procedural due process) Amendments to the United States Constitution, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

260. Plaintiff alleges that Defendant Griffin, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(2). Plaintiff also incorporates paragraphs 1 - 596., as if set forth in this section in full.

261. Plaintiff alleges that Defendant Griffin, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(3). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

262. Plaintiff alleges that Defendant Griffin, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing

Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

263. Plaintiff alleges that Defendant Griffin, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1986. Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

264. Plaintiff alleges that in weighing the government's legitimate interest in eliminating nuisances such as dilapidated and abandoned buildings from abandoned properties, Plaintiff alleges that Defendants cannot even legitimately claim a legitimate State Interest, as a legitimate defense for all of the Defendants alleged actions alleged in this complaint.

265. Plaintiff alleges that Defendant Griffin's acts in seizing legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction and denying Plaintiff of his Constitutional rights, as well as, all other of Defendants actions and/or acts alleged in this complaint were all undertaken maliciously, wantonly, and/or oppressively. Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

266. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff

prays that this Court:

A. Declare Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code are unconstitutional on their face and/or as applied, and enjoin Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, from all further attempts to enforce Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code;

B. Award compensatory damages from Defendant Neal, and from Defendant Griffin, and from Defendant Bridgeport, and from Defendant Morey, and from Defendant Lawrence County in an amount to be determined at trial for the matters alleged in this Complaint;

C. Award punitive damages as provided by law;

D. Award costs of suit incurred;

E. Even though Plaintiff is filing this action in this Court Pro Se, Plaintiff intends to obtain competent and qualified legal counsel to represent him in this case going forward, therefore Plaintiff requests that this Court award all costs of suit incurred and award reasonable attorney's fees; and

F. Provide such other and further relief as the Court may deem proper.

COUNT III - DEFENDANT BRIDGEPORT HAS CONTINUED (IN AN "ONGOING" AND/OR "CONTINUING VIOLATION") TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS, UNDER COLOR OF STATE LAW, AS PROTECTED UNDER THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

267. Plaintiff incorporates paragraphs 1. - 104., above as if set forth in this section in full.

268. Plaintiff alleges that at all times relevant to the events described herein, Defendant Bridgeport was an employer of Defendant Neal, as one of its agents, and at all times relevant to the events described herein, Defendant Bridgeport was an employer of Defendant Griffin, as Mayor and Chief Executive Officer of City of Bridgeport Illinois and/or as an elected employee and/or as an agent for Defendant Bridgeport and at all times relevant to the events described herein, Defendant Bridgeport was acting as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Bridgeport was acting as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and at all times relevant to the events described herein, Defendant Bridgeport was a State Actor, acting under color of state law.

269. Plaintiff alleges that on or about September 29, 2023, Defendants, acting under color

of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving Plaintiff (30) days to move to vacate the Circuit Court's Order granting Plaintiff's previous "Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice", which Plaintiff alleges had been Previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff alleges had been Previously Granted and Ordered Dismissed by the State Court, on November 10, 2022. (See "Notice Of Intent To Proceed With Demolition" from September 29, 2023, attached hereto as Exhibit (3.).

270. Plaintiff also alleges that the "Notice Of Intent To Proceed With Demolition" also threatens that Plaintiff is advised that if Plaintiff does not file the motion to vacate the order of dismissal, and give the required notice within (30) days after the mailing of the notice, and serve a copy of the motion on the Chief Executive Officer of the City: Mayor Tyler J. Griffin, or if the motion is denied by the Court, or if the action is again dismissed, then the dismissal is with prejudice and the demolition of Plaintiff's Property will proceed forthwith. (See "Notice Of Intent To Proceed With Demolition" from September 29, 2023, attached hereto as Exhibit (3.).

271. Plaintiff alleges that in the "Notice Of Intent To Proceed With Demolition", Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code from (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. as Defendants sole authority and as Defendants sole justification for all of Defendants actions, under color of state law, which Plaintiff alleges have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff alleges have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of

notice being given to the Plaintiff in this case, and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction.

272. However, the relevant part of (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Demolition, repair, enclosure, or remediation, states as follows:

> "(65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1)
> Sec. 11-31-1. Demolition, repair, enclosure, or remediation.
> (a) The corporate authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair, or enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of the municipality and may remove or cause the removal of garbage, debris, and other hazardous, noxious, or unhealthy substances or materials from those buildings. In any county having adopted by referendum or otherwise a county health department as provided by Division 5-25 of the Counties Code or its predecessor, the county board of that county may exercise those powers with regard to dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of any city, village, or incorporated town having less than 50,000 population."
>
> "The corporate authorities shall apply to the circuit court of the county in which the building is located (i) for an order authorizing action to be taken with respect to a building"

273. The relevant part of Section (i) and Section (d), states as follows:

> "If the municipality proves that the conditions described in this subsection exist and (i) the owner of record of the property does not enter an appearance in the action,"
>
> "(d), the court shall declare the property abandoned."

274. Plaintiff alleges that (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. (a), (i), (d), (commands) that the corporate authorities (shall apply to the circuit court) (of the county in which the building is located) for an (Court order) authorizing (legal action) to be taken with respect to a building, and (if the municipality proves in Court) that the conditions described in this subsection exist, and the owner of record of the property does not (enter an

appearance) (into the legal action), (the court) shall declare the property abandoned.

275. Plaintiff alleges that the corporate authorities of Defendant Bridgeport, as well as all of the public authorities of Defendant Lawrence County, as well as all of the Defendants, failed to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Plaintiff also alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Plaintiff further alleges that all of the Defendants, knew or should have known that Defendants failure to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1., would implicate violations of Procedural Due Process and thereby, would implicate violations of Equal Protection and violations of Substantive Due Process, under the Fifth, and the Fourteenth Amendments to the United States Constitution.

276. Plaintiff alleges that Plaintiff being the owner of record of the property in question, could not have (entered his appearance) in the (legal action), because Plaintiff alleges that all of the corporate authorities of Defendant Bridgeport, as well as all of Defendant Bridgeport's agents, as well as all of the public authorities of Defendant Lawrence County, as well as all of Defendant Lawrence County's agents, as well as all of the Defendants, as well as all of the Defendants' agents, (failed to apply) to the Circuit Court of Lawrence County in which Plaintiff's Private Property is located (for a Court Order Authorizing) (legal action to be taken) with respect to the remainder of the former structure located on Plaintiff's Private Property.

277. Plaintiff alleges that the entire Constitutional, Judicial, and Legal System was designed, established, and intended to protect the Citizens of the United States from government overreach, and to insure Citizens Equal Protection, Rights, Freedoms, and Liberties, are

guaranteed. However, Plaintiff alleges that the Defendants in this case have turned the entire concept of Equal Protection and Procedural Due Process completely upside-down and backward and thereby, the Defendants in this case have turned the entire concept of Equal Protection and Substantive Due Process completely upside-down and backward as well.

278. Section 11-31-1(e) of the Illinois Municipal Code from (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Demolition, repair, enclosure, or remediation, states as follows:

> "(e) Each municipality may use the provisions of this subsection to expedite the removal of certain buildings that are a continuing hazard to the community in which they are located.
>
> If a residential or commercial building is 3 stories or less in height as defined by the municipality's building code, and the corporate official designated to be in charge of enforcing the municipality's building code determines that the building is open and vacant and an immediate and continuing hazard to the community in which the building is located, then the official shall be authorized to post a notice not less than 2 feet by 2 feet in size on the front of the building. The notice shall be dated as of the date of the posting and shall state that unless the building is demolished, repaired, or enclosed, and unless any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials are removed so that an immediate and continuing hazard to the community no longer exists, then the building may be demolished, repaired, or enclosed, or any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials may be removed, by the municipality.
>
> Not later than 30 days following the posting of the notice, the municipality shall do all of the following:
>
> (1) Cause to be sent, by certified mail, return receipt requested, a Notice to Remediate to all owners of record of the property, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, stating the intent of the municipality to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if that action is not taken by the owner or owners.
>
> (2) Cause to be published, in a newspaper published or circulated in the municipality where the building is located, a notice setting forth (i) the permanent tax index number and the

address of the building, (ii) a statement that the property is open and vacant and constitutes an immediate and continuing hazard to the community, and (iii) a statement that the municipality intends to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if the owner or owners or lienholders of record fail to do so. This notice shall be published for 3 consecutive days.

(3) Cause to be recorded the Notice to Remediate mailed under paragraph (1) in the office of the recorder in the county in which the real estate is located or in the office of the registrar of titles of the county if the real estate is registered under the Registered Title (Torrens) Act.

Any person or persons with a current legal or equitable interest in the property objecting to the proposed actions of the corporate authorities may file his or her objection in an appropriate form in a court of competent jurisdiction.

If the building is not demolished, repaired, or enclosed, or the garbage, debris, or other hazardous, noxious, or unhealthy substances or materials are not removed, within 30 days of mailing the notice to the owners of record, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, or within 30 days of the last day of publication of the notice, whichever is later, the corporate authorities shall have the power to demolish, repair, or enclose the building or to remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials."

279. Plaintiff alleges that Plaintiff's interpretation of the plain language of Section 11-31-1 of the Illinois Municipal Code, (commands) that the corporate authorities (shall apply to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) and that after the corporate authorities (have applied to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) any person or persons with a current legal or equitable interest in a property, said to be in violation of the statute, objecting to the proposed actions of the corporate authorities, shall remediate said violation within (30) days of notice given (OR) may file his or her objection in an appropriate form in a court of competent jurisdiction within (30) days of notice given.

280. Plaintiff alleges that to interpret the plain language, of Section 11-31-1 of the Illinois Municipal Code, without the element of "Due Process" would completely deny said person or persons objecting, to the proposed actions of the corporate authorities, an opportunity for a "Due Process" hearing under the principles set forth in the "Due Process Clause" as well as other "privileges and immunities" under the United States Constitution.

281. Alternatively, Plaintiff alleges that if Plaintiff's interpretation of the plain language of Section 11-31-1 of the Illinois Municipal Code, is incorrect, Section 11-31-1 of the Illinois Municipal Code itself on its face and its enforcement, under color of state law, violates Plaintiff's Procedural Due Process rights as well as violates Plaintiff's Substantive Due Process rights as well as violates Plaintiff's Equal Protection rights as founded under the principles set forth in the "Due Process Clauses" under the Fifth and Fourteenth Amendments as well as violates other "privileges and immunities", under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

282. Plaintiff alleges that Defendant Bridgeport, acting under color of state law, has continued (in an "Ongoing" and/or "Continuing Violation") to violate Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Plaintiff alleges that Defendant Bridgeport, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of the Defendants, acting under color of state law, and/or one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, which states the following:

"42 U.S. Code § 1983 - Civil action for deprivation of rights"

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

283. Plaintiff alleges that each of the Defendants, in this case, qualify as a "person" acting under color of state law, for the purposes pursuant to 42 U.S.C. § 1983. Plaintiff also alleges that Defendant Bridgeport, through and/or by its City Council, and/or through and/or by its Mayor and Chief Executive Officer, has established and maintained, a city ordinance, which contains Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport. Plaintiff further alleges that all of the Defendants were all enforcers of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or all of the Defendants were all enforcers of Section 11-31-1 of the Illinois Municipal Code and Plaintiff alleges that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable, pursuant to 42 U.S.C. § 1983.

284. Plaintiff alleges that on or about May 27, 2020, Defendants, acting under color of state law, and/or through and/or by one or more of their agents, acting under color of state law, sent "Notice To Remediate" to Plaintiff's address by certified mail, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport, as Defendants rationale for giving Plaintiff (30) days to comply or to file his objections in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction. (See "Notice To Remediate" attached hereto as Exhibit (4.).

285. Plaintiff alleges that also on or about May 27, 2020, in defiance of Plaintiff's "Private Property No Trespassing" signs which were clearly posted on Plaintiff's Private Property, Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to physically trespass onto Plaintiff's Private Property and physically affix a 2 ft. x 2 ft. Poster Board Type Notice to the North side of Plaintiff's home with screws screwed into the exterior siding, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport as Defendants rationale for giving Plaintiff (30) days to comply with Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport or to file his objections in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction, even though Plaintiff had "Private Property No Trespassing" signs clearly posted on Plaintiff's Private Property.

286. Plaintiff alleges that in the "Notice To Remediate", Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport as Defendants sole authority and as Defendants justification for all of the Defendants actions taken under color of state law, which Plaintiff alleges have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff alleges have already been taken against Plaintiff's property

interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given to the Plaintiff in this case by the "Notice To Remediate" and prior to any "Due Process" hearing being given to the Plaintiff in this case by a Court of Competent Jurisdiction.

287. The "Notice To Remediate" also states in relevant part the following:

> "The City of Bridgeport finds that the structure described above is open, vacant and in immediate and continuing hazard to the city and that unless this structure is demolished, repaired or enclosed, and unless all garbage, debris and other hazardous, noxious or unhealthy substances or materials are removed within thirty (30) days of this notice, then the City of Bridgeport will proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from this property, and may place a lien on this property for the costs thereof. A person objecting to the proposed actions of the City of Bridgeport may file his or her objection in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction. The owner shall be responsible for all expenses incidental to the issuance of this notice"

288. However, after only a cursory reading, Plaintiff alleges that Plaintiff's interpretation of the plain language of Defendants rationale in Section 25-5-1 of the revised code of ordinances is as follows: that (after the corporate authorities have applied to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) and that if a person or persons receiving a "Notice To Remediate" fails to "Remediate" the property in question within thirty (30) days of notice given, the City of Bridgeport will proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from the property, and the Defendants may place a lien on the property for the costs thereof (unless) a person objecting to the proposed actions, (enters an appearance) (in the legal action) and (files his or her objection)

in the Circuit Court of Lawrence County, Illinois or in a Competent Court Jurisdiction within thirty (30) days of notice given for an opportunity for a "Due Process" hearing.

289. Plaintiff alleges that the "Notice To Remediate", which was sent to Plaintiff's address by certified mail on or about May 27, 2020, also lists Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property. However, Plaintiff alleges that even though this unlawful and fraudulent erroneous lien, which Plaintiff alleges that Defendants have already placed against Plaintiff's Private Property, gives the appearance that Plaintiff's property taxes associated with the Real Property located at 744 Keppas St. Bridgeport Illinois have gone unpaid. However, Plaintiff states that the property taxes associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois have continued to be paid on time since Plaintiff has owned the property.

290. Furthermore, Plaintiff alleges that Defendants rationale in Section 25-5-1 of Defendant Bridgeport's Revised Code of Ordinances above does not mention liens being imposed, against Citizens and/or against Citizens Private Property for only an alleged violation, prior to the end of the thirty (30) day time period of notice being given to a person or persons who are only said to be in violation without said person or persons being given a prior opportunity for a "Due Process" hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

291. Moreover, Plaintiff alleges that Defendants, acting under color of state law, conspire with and/or conspire through and/or conspire by one or more of their agents, acting under color of state law, to send an alleged violator, of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or an alleged violator, of Section 11-31-1 of the Illinois Municipal Code, a "Notice To Remediate" claiming that Defendant Morey, Lawrence County Treasurer,

already has a lien attached to the alleged violator's Private Property, which the lien, that is already attached to the alleged violator's Private Property, is attached to the alleged violator's Private Property sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction and Plaintiff alleges that the proof of the existence of this lien, is indicated, in the "Notice To Remediate", by the listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against a Citizen and/or against a Citizens Private Property, who are only said to be in violation. Plaintiff alleges that Defendants, acting under color of state law, conspire with and/or conspire through and/or conspire by, one or more of their agents, acting under color of state law, also threaten, under color of state law, to take further action against a Citizen and/or against a Citizens Private Property, at any time thereafter following the thirty (30) days of notice given by the "Notice To Remediate", and Plaintiff alleges that the proof of the existence of this threat is also indicated in the "Notice To Remediate" and Plaintiff alleges that if the alleged violator wishes to challenge the action that has already been taken, or if the alleged violator wishes to challenge any further action, Plaintiff alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that the alleged violator is forced to pay the required filing fee of $326.00 to file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, to prevent Defendants from seizing complete possession and/or to prevent Defendants from seizing complete control over the alleged violator's Private Property, which forces the alleged violator to choose whether or not to spend $326.00 for the required filing fee. Plaintiff alleges that if the alleged violator cannot afford to pay the required filing fee, but still wishes to challenge the action that has already been taken and/or wishes to challenge any further

action, well then, Plaintiff alleges that the alleged violator is just out of luck because Plaintiff alleges that if the alleged violator does not pay the required filing fee of $326.00 and file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, within thirty (30) days from the date of notice given, then, Plaintiff alleges that Defendants, acting under color of state law, conspire with and/or conspire through and/or conspire by one or more of their agents, acting under color of state law, seizes complete possession and/or seizes complete control over the alleged violator's Private Property, under color of state law, and Plaintiff alleges that Defendants, acting under color of state law, and/or Defendants, conspire with and/or through and/or by one or more of their agents, acting under color of state law, will then proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from the alleged offending property, under color of state law, and Plaintiff alleges that Defendants, acting under color of state law, conspiring with and/or conspiring through and/or conspiring by one or more of their agents, acting under color of state law, will then place an even larger lien on the alleged offending property, under color of state law, for all of the costs thereof.

292. Plaintiff alleges that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or the application of Section 11-31-1 of the Illinois Municipal Code, are unconstitutional on their face as stated authority and/or as applied authority against Plaintiff in this case because Plaintiff alleges that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien appear to be automatic. Furthermore, Plaintiff alleges that this lien which is imposed against Citizens and/or imposed against Citizens Private Property, is imposed under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process"

hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges amounts to an "unreasonable seizure" of property, under color of state law, and so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) (substantive and procedural due process) Amendments, which Plaintiff alleges amounts to nothing less than Civil Forfeiture, under color of state law, and/or amounts to nothing less than Legalized Theft of Citizens Real Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code.

293. Furthermore, Plaintiff alleges that the penalty scheme, of excessive and/or arbitrary fines and/or penalties, in the form of some sort of lien, which is imposed, under color of state law, against Citizens and/or against Citizens Private Property for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, are so excessive and/or arbitrary that it can easily swamp the actual Real Value and/or it can easily swamp the actual Cash Value of the Real Property that is only said to be in violation.

294. Moreover, Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to seize legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, under color of state law, without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

295. Plaintiff had been working outside the State of Illinois when Plaintiff was informed that the entire south side of his home had collapsed. Upon learning of the collapse of the structure, Plaintiff returned to the State of Illinois to salvage his personal possessions and to begin the process of demolishing the remainder of the structure. After returning to the State of Illinois, Plaintiff met with a contractor and made arrangements to eventually have the remainder of the structure demolished with a Trackhoe. After meeting with the contractor, Plaintiff discovered that depending on the contractor and depending on the size and type of the contractor's equipment, Plaintiff alleges that Defendants, acting under color of state law, conspiring with and/or conspiring through and/or conspiring by one or more of their agents, acting under color of state law, may charge a Citizen, who is only said to be in violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or in violation

of Section 11-31-1 of the Illinois Municipal Code, as much as $500.00 Dollars Per Hour to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from an alleged offending property.

296. Furthermore, Plaintiff alleges that this fine and/or penalty, which is imposed against Plaintiff and/or imposed against Plaintiff's Private Property, is imposed in the form of some sort of lien against Plaintiff and/or against Plaintiff's Private Property, for only an alleged violation without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

297. Plaintiff alleges that on its face, Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code, as Defendants sole rationale, and therefore, as Defendants sole justification, for all of Defendants actions alleged in this complaint. However, Defendants rationale appears to be applied as if Defendants rationale were based upon a strict liability scheme. Any unkempt building found on any Private Property within the city limits is to be treated *per se* as an abandoned or junk building which, in turn, is *per se* a threat to the health, safety, and well being of the residents of Bridgeport which, in turn, is subject to a fine and/or penalty imposed in the form of a Lien imposed against the alleged violator's Private Property. Defendants do not allow for any prior defense on these points before Defendants take action, under color of state law, against the alleged violator and/or against the alleged violators Real Property.

298. However, Plaintiff alleges that the strict liability issue is largely moot, because Defendants do not even provide the alleged violator with a prior opportunity for a due process hearing in which to present a defense, and/or to challenge the legality of Defendants actions,

which Plaintiff alleges have already been taken against the alleged violator, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction. Furthermore, the strict liability issue is largely moot, because Defendants do not even provide the alleged violator with a prior opportunity for a "Due Process" hearing in which to challenge the legality of Defendants proposed future actions unless the alleged violator pays the filing fees and files his or her "objections" in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction after Defendants have already taken action against the alleged violator.

299. Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of its agents, acting under color of state law, to seize legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

300. Plaintiff alleges that the Due Process Clauses in the Fifth and Fourteenth Amendments, insure Equal Protection under the law and require that, before a person is deprived of his Real Property by the government, he must be given adequate notice and a "meaningful opportunity" for a "meaningful hearing" before a "neutral magistrate", and that there must be a judicial determination that the seizure is justified. Furthermore, the Fourth Amendment guarantees each citizen of the United States "[t]he right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Eighth Amendment and the

Fourteenth Amendment bar the government from imposing such excessive and/or arbitrary fines and/or penalties.

301. Nevertheless, Plaintiff alleges that Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code as their sole authority for seizing legal and/or equitable interest and/or possession and/or control over alleged offending properties for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code.

302. Plaintiff alleges that in weighing the government's legitimate interest in eliminating nuisances such as dilapidated and abandoned buildings from abandoned properties, Plaintiff alleges that Defendants cannot even legitimately claim a legitimate State Interest, as a legitimate defense for all of the Defendants alleged actions alleged in this complaint.

303. Plaintiff alleges that because of the fundamental Constitutional issues impacted in this case, Plaintiff alleges that all of the Defendants, and/or all of their agents, should have been required to make a particularized showing that Plaintiff's Private Property was actually an abandoned property, which actually posed an actual threat to: (1) the health; (2) the safety; or (3) the well-being of the Citizens of the City of Bridgeport.

304. Plaintiff alleges that without such a particularized showing, that Plaintiff's Private Property was actually an abandoned property, and without a particularized showing that Plaintiff's Private Property actually posed an actual threat to: (1) the health; (2) the safety; or (3) the well-being of the Citizens of the City of Bridgeport, and without the proper constitutionally required "Due Process", Plaintiff alleges that all of the Defendants, and/or all of their agents, were not constitutionally authorized to impose any kind of fine and/or to impose any kind of

penalty against the Plaintiff in this case.

305. Plaintiff alleges that Defendant Bridgeport, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

306. Plaintiff alleges that Defendant Bridgeport, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(2). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

307. Plaintiff also alleges that Defendant Bridgeport, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(3). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

308. Plaintiff also alleges that Defendant Bridgeport, acting under color of state law,

conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1986. Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

309. Furthermore, Plaintiff alleges that Defendant Bridgeport's acts of depriving Plaintiff of Plaintiff's possessory interests in Plaintiff's Private Property by seizing legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property without Plaintiff being given a prior opportunity for a "Due Process" hearing and denying Plaintiff of his Constitutional rights, under color of state law, as well as, all other of Defendants actions and/or acts alleged in this complaint were all undertaken maliciously, wantonly, and/or oppressively. Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

310. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff prays that this Court:

A. Declare Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code are unconstitutional on their face and/or as applied, and enjoin Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, from all further attempts to enforce Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code;

B. Award compensatory damages from Defendant Neal, and from Defendant Griffin, and from Defendant Bridgeport, and from Defendant Morey, and from Defendant Lawrence County in an amount to be determined at trial for the matters alleged in this Complaint;

C. Award punitive damages as provided by law;

D. Award costs of suit incurred;

E. Even though Plaintiff is filing this action in this Court Pro Se, Plaintiff intends to obtain competent and qualified legal counsel to represent him in this case going forward, therefore Plaintiff requests that this Court award all costs of suit incurred and award reasonable attorney's fees; and

F. Provide such other and further relief as the Court may deem proper.

COUNT IV - DEFENDANT MOREY HAS CONTINUED (IN AN "ONGOING" AND/OR "CONTINUING VIOLATION") TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS, UNDER COLOR OF STATE LAW, AS PROTECTED UNDER THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

311. Plaintiff incorporates paragraphs 1. - 104., above as if set forth in this section in full.

312. Plaintiff alleges that at all times relevant to the events described herein, Defendant Morey was the Lawrence County Treasurer and Defendant Morey was an employee of Defendant Lawrence County, employed at the Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL., and at all times relevant to the events described herein, Defendant Morey was acting, under color of state law, as an agent for Defendant Bridgeport and/or Defendant Morey was acting, under color of state law, as an agent for Defendant Lawrence County and Defendant Morey was acting as an enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Morey was acting as an enforcer of Section 11-31-1 of the Illinois Municipal Code, and at all times relevant to the events described herein, Defendant Morey was a State Actor, acting under color of state law.

313. On or about May 27, 2020, Plaintiff alleges that Defendants, acting under color of state law, and/or through and/or by one or more of their agents, acting under color of state law, sent "Notice To Remediate" to Plaintiff's address by certified mail, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport as Defendants sole authority and as Defendants rationale for giving Plaintiff (30) days to comply with the "Notice To Remediate" or to file his objections in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction. (See "Notice To Remediate" attached hereto as Exhibit (4.).

314. also on or about May 27, 2020, Plaintiff alleges that in defiance of Plaintiff's "Private Property No Trespassing" signs, which were clearly posted on Plaintiff's Private Property, Plaintiff alleges that the State Actor Defendants, acting under color of state law,

conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, physically trespassed onto Plaintiff's Private Property and physically affixed a 2 ft. x 2 ft. Poster Board Type Notice to the north side of Plaintiff's home with screws screwed into the exterior siding, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport as Defendants sole authority and as Defendants rationale for giving Plaintiff (30) days to comply with the "Notice To Remediate" or to file his objections in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction.

315. Plaintiff alleges that Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code, as Defendants authority and as Defendants justification for all of the Defendants actions, under color of state law, which Plaintiff alleges have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff alleges have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period being given to the Plaintiff in this case and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction.

316. Plaintiff alleges that Defendants unlawfully and fraudulently exploit the plain language of Section 11-31-1 of the Illinois Municipal Code, to fraudulently achieve Defendants own purposes and/or to fraudulently achieve Defendants own goals. However, Plaintiff alleges that because Defendants fail to follow the law, and because Defendants fail to follow the plain language of Section 11-31-1 of the Illinois Municipal Code, and because Defendants fail to provide the proper and Constitutionally required "Due Process", Plaintiff alleges that all of Defendants' actions and/or acts and/or all of Defendants agent's actions and/or acts, alleged in this complaint, were therefore not based in law, and Plaintiff alleges that therefore all of

Defendants' actions and/or acts and/or all of Defendants agent's actions and/or acts, alleged in this complaint, were therefore unlawful.

317. Plaintiff alleges that because Defendants unlawfully and fraudulently exploit the plain language of Section 11-31-1 of the Illinois Municipal Code, to fraudulently achieve Defendants own purposes and/or to fraudulently achieve Defendants own goals, and Plaintiff alleges that because Defendants fail to follow the law, and because Defendants fail to follow the plain language of Section 11-31-1 of the Illinois Municipal Code, and because Defendants fail to provide the proper and Constitutionally required "Due Process", Plaintiff alleges that this "lien" against Plaintiff and/or against Plaintiff's Private Property, by the Defendants listing of Defendant Morey, Lawrence County Treasurer as "Lien Holder", against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff has evidence and Plaintiff has proof of this "lien" against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff alleges has already been attached against Plaintiff and/or which has already been attached against Plaintiff's Private Property, without the proper and Constitutionally required "Due Process", which Plaintiff alleges, was not based in law, and Plaintiff alleges were therefore unlawful and fraudulent erroneous liens, which Plaintiff alleges were unlawfully and fraudulently levied against the Plaintiff, and/or which Plaintiff alleges were unlawfully and fraudulently levied against the Plaintiff's Private Property.

318. Plaintiff alleges that the creation of this unlawful and fraudulent erroneous lien, which Plaintiff alleges, was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, by the Defendants listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder", against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff alleges, gives the appearance that the property taxes, associated with Plaintiff's Real

Property located at 744 Keppas St. Bridgeport Illinois, have gone unpaid, even though Plaintiff states that the property taxes, associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois have continued to be paid on time since Plaintiff has owned the property.

319. Plaintiff alleges that the State Actor Defendants, acting under color of state law, took it upon themselves to conspire with and/or to conspire through and/or to conspire by one or more of their agents, acting under color of state law, to unlawfully and fraudulently create an unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, and Plaintiff alleges that the proof that this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property exists, and is indicated in the "Notice To Remediate", by the Defendants listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff and/or against Plaintiff's Private Property.

320. Plaintiff alleges that Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of their agents, acting under color of state law, to send notice, of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Plaintiff's Bank and Mortgage Holder. Plaintiff alleges that by the State Actor Defendants actions, Plaintiff alleges that the State Actor Defendants; (1) violated the Plaintiff's Constitutional Right to Privacy and/or (2) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Name" and/or (3) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Reputation" with his

Bank and Mortgage Holder, (4) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Credit Rating" with his Bank and Mortgage Holder, (5) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Name" and/or damaged Plaintiff's "Reputation" and/or damaged Plaintiff's "Credit Rating" with all of the Credit Rating Establishments, (6) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Name" and/or damaged Plaintiff's "Reputation" and/or damaged Plaintiff's "Credit Rating" throughout Lawrence County and/or throughout Illinois and/or throughout the entire United States. Plaintiff further alleges that the Fourteenth Amendment guarantees that the Plaintiff shall not be deprived of his Private Property and/or shall not be deprived of his Privacy without due process of law.

321. Plaintiff alleges that the State Actor Defendants, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of themselves, acting under color of state law, and/or one or more of their agents, acting under color of state law, to send notice, of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Lawrence County Newspaper and caused notice of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to be published in the Lawrence County Newspaper for 3 consecutive days. Plaintiff alleges that by the State Actor Defendants actions Plaintiff alleges that the State Actor Defendants; (1) violated the Plaintiff's Constitutional Right to Privacy and/or (2) Plaintiff alleges that by the State Actor Defendants actions the Defendants damaged Plaintiff's "Name" and/or (3) Plaintiff alleges that by the Defendants actions the Defendants damaged Plaintiff's "Reputation" and/or (4) Plaintiff alleges that by the Defendants

actions the Defendants damaged Plaintiff's "Credit Rating" throughout Lawrence County and/or throughout Illinois and/or throughout the entire United States. Plaintiff further alleges that the Fourteenth Amendment guarantees that the Plaintiff shall not be deprived of his Private Property and/or shall not be deprived of his Privacy without due process of law.

322. Plaintiff alleges that the State Actor Defendants, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of themselves, acting under color of state law, and/or one or more of their agents, acting under color of state law, to send notice of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Lawrence County Recorder's Office of the Registrar, and causing notice of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to be permanently recorded. Plaintiff alleges that by the Defendants actions Plaintiff alleges that the Defendants; (1) violated the Plaintiff's Constitutional Right to Privacy and/or (2) Plaintiff alleges that by the Defendants actions the Defendants damaged the Plaintiff's "Name" and/or (3) Plaintiff alleges that by the Defendants actions the Defendants damaged the Plaintiff's "Reputation" and/or (4) Plaintiff alleges that by the Defendants actions the Defendants damaged the Plaintiff's "Credit Rating" throughout Lawrence County and/or throughout Illinois and/or throughout the entire United States, and/or throughout all of recorded history. Plaintiff also alleges that when Plaintiff inquired about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff and/or against Plaintiff's Private Property, Plaintiff alleges that Defendant Morey stated about the issue, that it was a "common practice" and that it was "done all the time".

323. Plaintiff alleges that based on Defendant Morey's statement about the issue, that it

was a "common practice" and that it was "done all the time", Plaintiff alleges that Defendant Neal, and/or Defendant Griffin and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, created and maintained an unlawful and fraudulent scheme which Plaintiff alleges that unlawfully and fraudulently imposes unlawful and fraudulent erroneous liens, against Citizens Private Property, which Plaintiff alleges that these unlawful and fraudulent erroneous liens are imposed without "Due Process", as a means to effect an unconstitutional "taking" of said Private Property without "Due Process" and without "Just Compensation", which Plaintiff alleges that he has reason to believe is a "common practice" and is "done all the time" and whereby through the Discovery Process, Plaintiff alleges that Plaintiff will be able to obtain and gather information and evidence, of any other parties involved in the alleged scheme, to be named as Defendants, as well as information and evidence of any other victims, of the alleged scheme, who are "similarly situated" to be named as Co-Plaintiffs, in a possible Class Action.

324. Plaintiff alleges that Defendants, acting under color of state law, and/or through and/or by one or more of their agents, acting under color of state law, send an alleged violator, of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or an alleged violator, of Section 11-31-1 of the Illinois Municipal Code, a "Notice To Remediate" claiming that Defendant Morey, Lawrence County Treasurer, already has a lien attached to the alleged violator's Private Property, which Plaintiff alleges that the lien, which Plaintiff alleges is already attached to the alleged violator's Private Property, is attached to the alleged violator's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given in the "Notice To Remediate", and/or at any time thereafter, and Plaintiff alleges that proof of the existence of this lien, is also indicated in the "Notice To Remediate", by

the listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against a Citizen and/or against a Citizens Private Property, who are only said to be in violation. Plaintiff alleges that acting under color of state law, Defendants, and/or through and/or by one or more of their agents, acting under color of state law, also threaten, under color of state law, to take further action against a Citizen and/or against a Citizens Private Property, at any time thereafter, thirty (30) days of notice being given by the "Notice To Remediate" and Plaintiff alleges that the proof of the existence of this threat is also indicated in the "Notice To Remediate" and Plaintiff alleges that if the alleged violator wishes to challenge the action which has already been taken, or if the alleged violator wishes to challenge any further action, Plaintiff alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that then the alleged violator is forced to pay the required filing fee of $326.00 to file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, to prevent Defendants from seizing complete possession and/or to prevent Defendants from seizing complete control over the alleged violator's Private Property, which Plaintiff alleges forces the alleged violator to choose whether or not to spend $326.00 for the required filing fee, whether or not the alleged violator can afford to spend $326.00 for the required filing fee and Plaintiff alleges that if the alleged violator cannot afford to pay the required filing fee, but still wishes to challenge the action that has already been taken and/or wishes to challenge any further action, well then, Plaintiff alleges that the alleged violator is just out of luck because Plaintiff alleges that if the alleged violator does not pay the required filing fee of $326.00 and file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, within thirty (30) days from the date of notice given, then, Plaintiff alleges that, under color of state law, Defendants, acting under color of state law, and/or

through and/or by one or more of their agents, acting under color of state law, seizes complete possession and/or seizes complete control over the alleged violator's Private Property, under color of state law, and Plaintiff alleges that Defendants, acting under color of state law, through and/or by one or more of their agents, acting under color of state law, will then proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from the alleged offending property, under color of state law, and Plaintiff alleges that Defendants, acting under color of state law, through and/or by one or more of their agents, will then place an even larger lien on the alleged offending property, under color of state law, for all of the costs thereof.

325. Plaintiff alleges that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or the application of Section 11-31-1 of the Illinois Municipal Code, are unconstitutional on their face as stated authority and/or as applied authority against Plaintiff in this case because Plaintiff alleges that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien appear to be automatic. Furthermore, Plaintiff alleges that this lien which Plaintiff alleges that is imposed against Citizens and/or imposed against Citizens Private Property, are imposed under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges that amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, which Plaintiff alleges is only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges that amounts to an "unreasonable seizure" of property, under color of state law,

and which Plaintiff alleges that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien are so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) (substantive and procedural due process) Amendments, which Plaintiff alleges amounts to nothing less than Civil Forfeiture, under color of state law, and/or which Plaintiff alleges amounts to nothing less than Legalized Theft of Citizens Real Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code.

326. Plaintiff alleges that the Due Process Clauses in the Fifth and Fourteenth Amendments, insure Equal Protection under the law and require that, before a person is deprived of his Real Property by the government, he must be given adequate notice and an adequate opportunity for a "meaningful hearing" before a "neutral magistrate", and Plaintiff alleges that there must be a judicial determination that the seizure is justified. Furthermore, Plaintiff alleges that the Fourth Amendment guarantees each citizen of the United States "[t]he right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Plaintiff also alleges that the Eighth Amendment and the Fourteenth Amendment bar the government from imposing such excessive and/or arbitrary fines and/or penalties.

327. Plaintiff alleges that the penalty scheme, of excessive and/or arbitrary fines and/or penalties, in the form of some sort of lien, which is imposed, under color of state law, against

Citizens and/or against Citizens Private Property for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, are so excessive and/or are so arbitrary that it can easily swamp the actual Real Value and/or it can easily swamp the actual Cash Value of the Real Property that is only said to be in violation.

328. Furthermore, Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, Plaintiff alleges that Defendants, acting under color of state law, and/or through and/or by one or more of their agents, acting under color of state law, namely Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, seized legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, under color of state law, without Plaintiff being given a prior and adequate opportunity for a "meaningful due process hearing" before a "neutral magistrate", and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

329. Plaintiff alleges that Defendant Morey, acting under color of state law, has continued (in an "Ongoing" and/or "Continuing Violation") to violate Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Plaintiff alleges that Defendant Morey, acting

under color of state law, conspired with and/or conspired through and/or conspired by one or more of the Defendants, acting under color of state law, and/or one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, which states the following:

"42 U.S. Code § 1983 - Civil action for deprivation of rights"

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

330. Plaintiff alleges that each of the Defendants, in this case, qualify as a "person" acting under color of state law, for the purposes pursuant to 42 U.S.C. § 1983. Plaintiff also alleges that Defendant Bridgeport, through and/or by its City Council, and/or through and/or by its Mayor and Chief Executive Officer, has established and maintained, a city ordinance, which contains Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport. Plaintiff further alleges that all of the Defendants were all enforcers of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or all of the Defendants were all enforcers of Section 11-31-1 of the Illinois Municipal Code and Plaintiff alleges that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable, pursuant to 42 U.S.C. § 1983.

331. Plaintiff alleges that the Due Process Clauses in the Fifth and Fourteenth Amendments, insure Equal Protection under the law and require that, before a person is deprived of his Real Property by the government, he must be given notice and an opportunity for a "meaningful hearing" before a "neutral magistrate", and that there must be a judicial determination that the seizure is justified. Furthermore, the Fourth Amendment guarantees each citizen of the United States "[t]he right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Eighth Amendment and the Fourteenth Amendment bar the government from imposing such excessive and/or arbitrary fines and/or penalties.

332. Furthermore, Plaintiff alleges that the penalty scheme, of excessive and/or arbitrary fines and/or penalties, in the form of some sort of lien, which is imposed, under color of state law, against Citizens and/or against Citizens Private Property for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, are so excessive and/or arbitrary that it can easily swamp the actual Real Value and/or it can easily swamp the actual Cash Value of the Real Property that is only said to be in violation.

333. Moreover, Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence

County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to seize legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, under color of state law, without Plaintiff being given a prior opportunity for a "Due Process" hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

334. Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to create and impose this unlawful and fraudulent erroneous lien against Plaintiff and/or against Plaintiff's Private Property without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order given by a Court of Competent Jurisdiction. Plaintiff further alleges that, Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to violate Plaintiff's Constitutional rights by Defendants creating and imposing this unlawful and fraudulent erroneous lien against Plaintiff's Private Property without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order given by a Court of Competent Jurisdiction.

335. Plaintiff alleges that the creation of this unlawful and fraudulent erroneous lien

against the Plaintiff and/or against the Plaintiff's Private Property, gives the appearance that Plaintiff's property taxes associated with the Real Property located at 744 Keppas St. Bridgeport Illinois have gone unpaid, even though Plaintiff states that the property taxes associated with the Real Property located at 744 Keppas St. Bridgeport Illinois, have continued to be paid on time since Plaintiff has owned the property. Plaintiff further alleges that the creation of this unlawful and fraudulent erroneous lien against Plaintiff's Private Property could not and/or would not exist except by conspiracy with and/or through and/or by two and/or more persons conspiring together in a "meeting of the minds" to achieve the creation of this unlawful and fraudulent erroneous lien against Plaintiff's Private Property. Plaintiff alleges that Defendant Neal conspired with Defendant Morey, and/or conspired with Defendant Griffin, and/or conspired with Defendant Bridgeport, and/or conspired with Defendant Lawrence County, to achieve the creation of this unlawful and fraudulent erroneous lien against Plaintiff's Private Property and to violate Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

336. Nevertheless, upon receiving "Notice To Remediate", Plaintiff called the Lawrence County Treasurer Office to inquire about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff's Private Property. Plaintiff was able to confirm, by an employee of the Lawrence County Treasurer Office other than Defendant Morey, that the property taxes associated with the Real Property located at 744 Keppas St. Bridgeport Illinois were indeed paid. However, Plaintiff was unable to obtain any further information about the so called "Lien Holder" mentioned in the "Notice To Remediate".

337. Soon after Plaintiff had called the Lawrence County Treasurer Office to inquire

about the listing of Defendant Morey, Lawrence County Treasurer, as a "Lien Holder" against Plaintiff's Private Property, Plaintiff went to the Lawrence County Recorder's Office of the Registrar and Plaintiff was able to confirm that the Lawrence County Recorder's Office of the Registrar did indeed have a record that Defendant Morey, Lawrence County Treasurer, did indeed have some sort of lien against Plaintiff's Private Property. However, the information obtained from the Lawrence County Recorder's Office of the Registrar about the so called "Lien Holder" was very vague and incomplete information.

338. Soon after Plaintiff was able to confirm that the Lawrence County Recorder's Office of the Registrar did indeed have a record of some sort of lien imposed against Plaintiff's Private Property, Plaintiff went to the Lawrence County Treasurer Office located at the Lawrence County Courthouse Annex and Plaintiff had a conversation with Defendant Morey to inquire about the listing of Defendant Morey as one of the "Lien Holders" against Plaintiff's Private Property even though the property taxes associated with the Real Property located at 744 Keppas St. Bridgeport Illinois were indeed paid.

339. Plaintiff alleges that when Plaintiff inquired about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff's Private Property, Plaintiff alleges that Defendant Morey was very vague and lackadaisical about the issue at hand and Plaintiff alleges that Defendant Morey tried to down play the seriousness of the issue and Plaintiff alleges that Defendant Morey stated about issue that it was a "common practice" and that it was "done all the time".

340. However, Plaintiff alleges that even though Defendant Morey stated that it was a "common practice" and that it was "done all the time", the information that Plaintiff obtained from Lawrence County Treasurer, Defendant Morey about the listing of Defendant Morey as one

of the "Lien Holders" against Plaintiff and/or against Plaintiff's Private Property, was also very vague and very incomplete information.

341. Nevertheless, Plaintiff alleges that after the discovery process begins, Plaintiff intends to obtain and gather information and evidence about what Plaintiff alleges is a scheme that imposes unlawful and fraudulent erroneous liens against Citizens Private Property without "Due Process" as a means to effect an unconstitutional "taking" of said Private Property without "Due Process" and without "Just Compensation" which Plaintiff has reason to believe is a "common practice" and is "done all the time" and whereby Plaintiff intends to obtain and gather information and evidence of any other parties involved in the alleged scheme to be named as Defendants as well as information and evidence of any other victims of the alleged scheme who are similarly situated to be named as Co-Plaintiffs in a possible Class Action.

342. Furthermore, because Plaintiff alleges that Plaintiff has information and Plaintiff has reason to believe that all of the elements of this alleged scheme are a "common practice" and that all of the elements of this alleged scheme are "done all the time", which Plaintiff alleges that Plaintiff has information and has reason to believe suggests a pattern of the requisite predicate acts of conspiracy between two or more persons, which makes Plaintiff wonder whatever happens to the Citizen's Private Properties who are also "similarly situated". Plaintiff wonders about who ultimately obtains these Private Properties and Plaintiff wonders about the process by which the titles for these Real Properties are ultimately obtained, whether by some other means, or whether by the process of "Title Conversion" for Real Properties which have been "unreasonably seized", without "due process" and which have been "taken" without "Just Compensation", under threat of "excessive" and/or "arbitrary" "fines" and/or "penalties" in the form of a lien imposed against Citizens Private Properties who are only said to be in violation of

Section 25-5-1 of the Revised Code of Ordinances and/or who are only said to be in violation of Section 11-31-1 of the Illinois Municipal Code, in violation of "Due Process" under the law and in violation of "Equal Protection" under the law, and in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

343. Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL, as one of the "Lien Holders" against Plaintiff's Private Property, Plaintiff alleges that, acting under color of state law, Defendants, through and/or by one or more of their agents namely, Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, seized legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

344. Plaintiff also alleges that the Due Process Clauses in the Fifth and Fourteenth Amendments, insure equal protection under the law and require that, before a person is deprived of his Real Property by the government, he must be given notice and a "meaningful opportunity" for a "meaningful hearing" before a "neutral magistrate", and that there must be a judicial determination that the seizure is justified.

345. Nevertheless, Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code, as their sole authority for seizing legal and/or equitable interest and/or possession and/or control over alleged offending properties for an alleged violation.

346. Plaintiff alleges that Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code are unconstitutional on its face as stated authority and as applied authority because the imposition of fines and/or penalties appear to be imposed automatically in the form of what Plaintiff alleges is some sort of unlawful and fraudulent erroneous lien imposed against Citizens and/or against Citizens Private Property who are only said to be in violation to effect an unconstitutional "taking" of Citizens Property without "Due Process" and without "Just Compensation", in violation of the Fourth, Fifth, and Fourteenth Amendments.

347. Plaintiff also alleges that the excessive and/or arbitrary fines and/or penalties imposed against Citizens and/or against Citizens Private Property in the form of what Plaintiff alleges is an unlawful and fraudulent erroneous lien imposed against Citizens and/or against Citizens Private Property for an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code, amounts to an "unreasonable seizure" of property and are so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property from those who are only said to be in violation without "Due Process" and without "Just Compensation" in violation of the Fourth (unreasonable seizure), Fifth (takings) (equal protection), Eighth (excessive and/or arbitrary fines and/or penalties), and Fourteenth (equal protection) (substantive and procedural due process) Amendments, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

348. Plaintiff alleges that Defendant Morey, acting under color of state law, conspired

with and/or conspired through and/or conspired by one or more of her agents, and/or one or more of the Defendants, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

349. Plaintiff alleges that Defendant Morey, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of her agents and/or one or more of the Defendants, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(2). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

350. Plaintiff alleges that Defendant Morey, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of her agents and/or one or more of the Defendants, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(3). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

351. Plaintiff alleges that Defendant Morey, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of her agents and/or one or more of the Defendants, acting under color of state law, which Plaintiff alleges resulted in the

"Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1986. Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

352. Plaintiff alleges that in weighing the government's legitimate interest in eliminating nuisances such as dilapidated and abandoned buildings from abandoned properties, Plaintiff alleges that Defendants cannot even legitimately claim a legitimate State Interest, as a legitimate defense for all of the Defendants alleged actions alleged in this complaint.

353. Plaintiff alleges that Defendant Morey's acts in seizing legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, and interfering in Plaintiff's property interests in Plaintiff's Private Property and denying Plaintiff of his Constitutional rights, as well as, all other of Defendants actions and/or acts alleged in this complaint were all undertaken maliciously, wantonly, and/or oppressively. Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

354. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff prays that this Court:

A. Declare Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code are unconstitutional on their face and/or as applied, and enjoin Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, from all further attempts to enforce Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code;

B. Award compensatory damages from Defendant Neal, and from Defendant Griffin, and from Defendant Bridgeport, and from Defendant Morey, and from Defendant Lawrence County in an amount to be determined at trial for the matters alleged in this Complaint;

C. Award punitive damages as provided by law;

D. Award costs of suit incurred;

E. Even though Plaintiff is filing this action in this Court Pro Se, Plaintiff intends to obtain competent and qualified legal counsel to represent him in this case going forward, therefore Plaintiff requests that this Court award all costs of suit incurred and award reasonable

attorney's fees; and

F. Provide such other and further relief as the Court may deem proper.

COUNT V - DEFENDANT LAWRENCE COUNTY HAS CONTINUED (IN AN "ONGOING" AND/OR "CONTINUING VIOLATION") TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS, UNDER COLOR OF STATE LAW, AS PROTECTED UNDER THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS.

355. Plaintiff incorporates paragraphs 1. - 104., above as if set forth in this section in full.

356. Plaintiff alleges that at all times relevant to the events described herein, Defendant Lawrence County was the employer of Lawrence County Treasurer, Defendant Morey and at all times relevant to the events described herein, Defendant Lawrence County was the employer for County Seat Attorney of Lawrence County Illinois, Defendant Neal and at all times relevant to the events described herein, Defendant Lawrence County was enforcer of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendant Lawrence County was enforcer of Section 11-31-1 of the Illinois Municipal Code and at all times relevant to the events described herein, Defendant Lawrence County was a State Actor, acting under color of state law.

357. Plaintiff alleges that on or about September 29, 2023, Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving Plaintiff (30) days to move to vacate the Circuit Court's Order granting Plaintiff's previous "Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice", which Plaintiff alleges had been Previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff alleges had been Previously Granted and Ordered Dismissed by the State Court, on November 10, 2022. (See "Notice Of Intent To Proceed With Demolition" from September 29, 2023, attached hereto as Exhibit (3.).

358. Plaintiff also alleges that the "Notice Of Intent To Proceed With Demolition" also states that Plaintiff is advised that if Plaintiff does not file the motion to vacate the order of dismissal, and give the required notice within (30) days after the mailing of the notice, and serve a copy of the motion on the Chief Executive Officer of the City: Mayor Tyler J. Griffin, or if the motion is denied by the Court, or if the action is again dismissed, then the dismissal is with prejudice and the demolition of Plaintiff's Property will proceed forthwith. (See "Notice Of Intent To Proceed With Demolition" from September 29, 2023, attached hereto as Exhibit (3.).

359. Plaintiff alleges that also in the "Notice Of Intent To Proceed With Demolition", Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code from (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. as Defendants sole authority and as Defendants sole justification for all of Defendants actions, under color of state law, which Plaintiff alleges have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff alleges have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given to the Plaintiff in this case by the "Notice To Remediate" and prior to any "Due Process" hearing being given to the Plaintiff in this case by a Court of Competent Jurisdiction.

360. However, the relevant part of (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Demolition, repair, enclosure, or remediation, states as follows:

> "(65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1)
> Sec. 11-31-1. Demolition, repair, enclosure, or remediation.
> (a) The corporate authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair, or enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of the municipality and may remove or cause the removal of garbage, debris, and other hazardous, noxious, or unhealthy substances or materials from

those buildings. In any county having adopted by referendum or otherwise a county health department as provided by Division 5-25 of the Counties Code or its predecessor, the county board of that county may exercise those powers with regard to dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of any city, village, or incorporated town having less than 50,000 population."

"The corporate authorities shall apply to the circuit court of the county in which the building is located (i) for an order authorizing action to be taken with respect to a building"

361. The relevant part of Section (i) and Section (d), states as follows:

"If the municipality proves that the conditions described in this subsection exist and (i) the owner of record of the property does not enter an appearance in the action,"

"(d), the court shall declare the property abandoned."

362. Plaintiff alleges that (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. (a), (i), (d), (commands) that the corporate authorities (shall apply to the circuit court) (of the county in which the building is located) for an (Court order) authorizing (legal action) to be taken with respect to a building, and (if the municipality proves in Court) that the conditions described in this subsection exist, and the owner of record of the property does not (enter an appearance) (into the legal action), (the court) shall declare the property abandoned.

363. Plaintiff alleges that the corporate authorities of Defendant Bridgeport, as well as all of the public authorities of Defendant Lawrence County, as well as all of the Defendants, failed to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Plaintiff also alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Plaintiff further alleges that all of the named Defendants, knew or

should have known that Defendants failure to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1., would implicate violations of Procedural Due Process and thereby, would implicate violations of Equal Protection and violations of Substantive Due Process, under the Fifth, and the Fourteenth Amendments to the United States Constitution.

364. Plaintiff alleges that Plaintiff being the owner of record of the property in question, could not have (entered his appearance) in the (legal action), because Plaintiff alleges that the corporate authorities of Defendant Bridgeport, and/or one or more of its agents, and/or one or more of the named Defendants, (failed to apply) to the Circuit Court of Lawrence County in which Plaintiff's Private Property is located (for a Court Order Authorizing) (legal action to be taken) with respect to the remainder of the former structure located on Plaintiff's Private Property.

365. Plaintiff alleges that the entire Constitutional, Judicial, and Legal System was designed, established, and intended to protect the Citizens of the United States from government overreach, and to insure Citizens Equal Protection, Rights, Freedoms, and Liberties, are guaranteed. However, the Defendants in this case have turned the entire concept of Equal Protection and Procedural Due Process completely upside-down and backward and thereby, the Defendants in this case have turned the entire concept of Equal Protection and Substantive Due Process completely upside-down and backward as well.

366. Section 11-31-1(e) of the Illinois Municipal Code from (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. Demolition, repair, enclosure, or remediation, states as follows:

> "(e) Each municipality may use the provisions of this subsection to expedite the removal of certain buildings that are a continuing hazard to the community in which they are located.
>
> If a residential or commercial building is 3 stories or less in

height as defined by the municipality's building code, and the corporate official designated to be in charge of enforcing the municipality's building code determines that the building is open and vacant and an immediate and continuing hazard to the community in which the building is located, then the official shall be authorized to post a notice not less than 2 feet by 2 feet in size on the front of the building. The notice shall be dated as of the date of the posting and shall state that unless the building is demolished, repaired, or enclosed, and unless any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials are removed so that an immediate and continuing hazard to the community no longer exists, then the building may be demolished, repaired, or enclosed, or any garbage, debris, and other hazardous, noxious, or unhealthy substances or materials may be removed, by the municipality.

Not later than 30 days following the posting of the notice, the municipality shall do all of the following:

(1) Cause to be sent, by certified mail, return receipt requested, a Notice to Remediate to all owners of record of the property, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, stating the intent of the municipality to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if that action is not taken by the owner or owners.

(2) Cause to be published, in a newspaper published or circulated in the municipality where the building is located, a notice setting forth (i) the permanent tax index number and the address of the building, (ii) a statement that the property is open and vacant and constitutes an immediate and continuing hazard to the community, and (iii) a statement that the municipality intends to demolish, repair, or enclose the building or remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials if the owner or owners or lienholders of record fail to do so. This notice shall be published for 3 consecutive days.

(3) Cause to be recorded the Notice to Remediate mailed under paragraph (1) in the office of the recorder in the county in which the real estate is located or in the office of the registrar of titles of the county if the real estate is registered under the Registered Title (Torrens) Act.

Any person or persons with a current legal or equitable interest in the property objecting to the proposed actions of the corporate authorities may file his or her objection in an appropriate form in a court of competent jurisdiction.

If the building is not demolished, repaired, or enclosed, or the garbage, debris, or other hazardous, noxious, or unhealthy

> substances or materials are not removed, within 30 days of mailing the notice to the owners of record, the beneficial owners of any Illinois land trust having title to the property, and all lienholders of record in the property, or within 30 days of the last day of publication of the notice, whichever is later, the corporate authorities shall have the power to demolish, repair, or enclose the building or to remove any garbage, debris, or other hazardous, noxious, or unhealthy substances or materials."

367. Plaintiff alleges that Plaintiff's interpretation of the plain language of Section 11-31-1 of the Illinois Municipal Code, (commands) that (the corporate authorities shall apply to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) and that (after the corporate authorities have applied to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) (any person or persons with a current legal or equitable interest in a property), said to be in violation of the statute, and objecting to the proposed actions of the corporate authorities, (shall remediate said violation within (30) days of notice given) (OR) (may file his or her objection) in an appropriate form in a court of competent jurisdiction within (30) days of notice given.

368. Plaintiff alleges that to interpret the plain language, of Section 11-31-1 of the Illinois Municipal Code, without the element of "Due Process" would completely deny said person or persons objecting, to the proposed actions of the corporate authorities, an opportunity for a due process hearing under the principles set forth in the "Due Process Clause" as well as other "privileges and immunities" under the United States Constitution.

369. Alternatively, Plaintiff alleges that if Plaintiff's interpretation of the plain language of Section 11-31-1 of the Illinois Municipal Code, is incorrect, then Plaintiff alleges that Section 11-31-1 of the Illinois Municipal Code itself on its face and its enforcement, under color of state law, violates Plaintiff's Substantive Due Process rights as well as violates Plaintiff's Procedural

Due Process rights as well as violates Plaintiff's Equal Protection rights as founded under the principles set forth in the "Due Process Clauses" under the Fifth and Fourteenth Amendments as well as violates other "privileges and immunities", under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

370. Nevertheless, Plaintiff alleges that Defendants unlawfully and fraudulently exploit the plain language of Section 11-31-1 of the Illinois Municipal Code, to fraudulently achieve Defendants own purposes and/or to fraudulently achieve Defendants own goals. However, Plaintiff alleges that because Defendants fail to follow the law, and because Defendants fail to follow the plain language of Section 11-31-1 of the Illinois Municipal Code, and because Defendants fail to provide the proper and Constitutionally required "Due Process", Plaintiff alleges that all of Defendants' actions and/or acts and/or all of Defendants agent's actions and/or acts, alleged in this complaint, were therefore not based in law, and Plaintiff alleges that therefore all of Defendants' actions and/or acts and/or all of Defendants agent's actions and/or acts, alleged in this complaint, were therefore unlawful.

371. Plaintiff alleges that because Defendants unlawfully and fraudulently exploit the plain language of Section 11-31-1 of the Illinois Municipal Code, to fraudulently achieve Defendants own purposes and/or to fraudulently achieve Defendants own goals, and Plaintiff alleges that because Defendants fail to follow the law, and because Defendants fail to follow the plain language of Section 11-31-1 of the Illinois Municipal Code, and because Defendants fail to provide the proper and Constitutionally required "Due Process", Plaintiff alleges that this "lien" against Plaintiff and/or against Plaintiff's Private Property, indicated by the Defendants listing of Defendant Morey, Lawrence County Treasurer as "Lien Holder", against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff has evidence and Plaintiff has proof of this "lien"

against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff alleges has already been attached against Plaintiff and/or which has already been attached against Plaintiff's Private Property, without the proper and Constitutionally required "Due Process", which Plaintiff alleges, was not based in law, and Plaintiff alleges were therefore unlawful and fraudulent erroneous liens, which Plaintiff alleges were unlawfully and fraudulently levied against the Plaintiff, and/or which Plaintiff alleges were unlawfully and fraudulently levied against the Plaintiff's Private Property.

372. Plaintiff alleges that the creation of this unlawful and fraudulent erroneous lien, which Plaintiff alleges, was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, indicated by the Defendants listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder", against Plaintiff and/or against Plaintiff's Private Property, which Plaintiff alleges, gives the appearance that the property taxes, associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois, have gone unpaid, even though Plaintiff states that the property taxes, associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois have continued to be paid on time since Plaintiff has owned the property.

373. Plaintiff alleges that Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, took it upon themselves to conspire with and/or to conspire through and/or to conspire by one or more of their agents, acting under color of state law, to unlawfully and fraudulently create an unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, and Plaintiff alleges that the proof that this unlawful and fraudulent erroneous lien, which Plaintiff alleges was

unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property exists, and is indicated in the "Notice To Remediate", by the Defendants listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff and/or against Plaintiff's Private Property.

374. Plaintiff alleges that Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of their agents, acting under color of state law, to send notice, of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Plaintiff's Bank and Mortgage Holder and thereby (1) damaging Plaintiff's "Name" and damaging Plaintiff's "Reputation" with his Bank and Mortgage Holder (2) damaging Plaintiff's "Credit Rating" with his Bank and Mortgage Holder and thereby (3) damaging Plaintiff's "Name" and damaging Plaintiff's "Reputation" and damaging Plaintiff's "Credit Rating" with all of the Credit Rating Establishments and thereby (4) damaging Plaintiff's "Name" and damaging Plaintiff's "Reputation" and damaging Plaintiff's "Credit Rating" throughout the entire United States.

375. Plaintiff alleges that Defendant Neal, and/or Defendant Griffin and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of their agents, acting under color of state law, to send notice, of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Lawrence County Daily Record and caused notice of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was

unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to be published in the newspaper for 3 consecutive days, and thereby damaging Plaintiff's "Name" and damaging Plaintiff's "Reputation" and thereby damaging Plaintiff's "Credit Rating" throughout Lawrence County, and throughout Illinois, and throughout the entire United States.

376. Plaintiff alleges that Defendant Neal, and/or Defendant Griffin and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, acting under color of state law, took it upon themselves to conspire with and/or conspire through and/or conspire by one or more of their agents, acting under color of state law, to send notice of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to the Lawrence County Recorder's Office of the Registrar, and thereby causing notice of this unlawful and fraudulent erroneous lien, which Plaintiff alleges was unlawfully and fraudulently levied against Plaintiff and/or against Plaintiff's Private Property, to be permanently recorded and thereby damaging the Plaintiff's "Name" and damaging the Plaintiff's "Reputation" and thereby damaging the Plaintiff's "Credit Rating" throughout the entire United States, and throughout all of recorded history, and Plaintiff alleges that when Plaintiff inquired about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff and/or against Plaintiff's Private Property, Plaintiff alleges that Defendant Morey stated about the issue, that it was a "common practice" and that it was "done all the time".

377. Plaintiff alleges that on or about May 27, 2020, Defendants, acting under color of state law, and/or through and/or by one or more of their agents, acting under color of state law, sent "Notice To Remediate" to Plaintiff's address by certified mail, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport as Defendants rationale for giving Plaintiff

(30) days to comply or to file his objections in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction. (See "Notice To Remediate" attached hereto as Exhibit (4.).

378. Plaintiff alleges that also on or about May 27, 2020, in defiance of Plaintiff's "Private Property No Trespassing" signs which were clearly posted on Plaintiff's Private Property, Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to physically trespass onto Plaintiff's Private Property and physically affix a 2 ft. x 2 ft. Poster Board Type Notice to the North side of Plaintiff's home with screws screwed into the exterior siding, citing Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport as Defendants rationale for giving Plaintiff (30) days to comply with Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport or to file his objections in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction.

379. Plaintiff alleges that in the "Notice To Remediate", Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport as Defendants sole authority and as Defendants justification for all of the Defendants actions taken under color of state law, which Plaintiff alleges have already been taken against the Plaintiff in this case, under color of state law, and which Plaintiff alleges have already been taken against Plaintiff's property interest in Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given to the Plaintiff in this case, by the "Notice To Remediate" and prior to any "Due Process" hearing being given to the Plaintiff in this case, by a Court of Competent Jurisdiction.

380. The "Notice To Remediate" also states in relevant part the following:

> "The City of Bridgeport finds that the structure described above is open, vacant and in immediate and continuing hazard to the city and that unless this structure is demolished, repaired or enclosed, and unless all garbage, debris and other hazardous, noxious or unhealthy substances or materials are removed within thirty (30) days of this notice, then the City of Bridgeport will proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from this property, and may place a lien on this property for the costs thereof. A person objecting to the proposed actions of the City of Bridgeport may file his or her objection in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction. The owner shall be responsible for all expenses incidental to the issuance of this notice"

381. However, after only a cursory reading, Plaintiff alleges that Plaintiff's interpretation of the plain language of Defendants rationale in Section 25-5-1 of the revised code of ordinances is as follows: that (after the corporate authorities have applied to the circuit court) (of the county in which the building is located) for an (order authorizing) (action to be taken with respect to a particular building) and that if a person or persons receiving a "Notice To Remediate" fails to "Remediate" the property in question within thirty (30) days of notice given, the City of Bridgeport will proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from the property, and the Defendants may place a lien on the property for the costs thereof (unless) a person objecting to the proposed actions, (enters an appearance) (in the legal action) and (files his or her objection) in the Circuit Court of Lawrence County, Illinois or in a Competent Court Jurisdiction within thirty (30) days of notice given for an opportunity for a "Due Process" hearing.

382. Plaintiff alleges that the "Notice To Remediate", which was sent to Plaintiff's address by certified mail on or about May 27, 2020, also lists Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property. However,

Plaintiff alleges that even though this unlawful and fraudulent erroneous lien, which Plaintiff alleges that Defendants have already placed against Plaintiff's Private Property, gives the appearance that Plaintiff's property taxes associated with the Real Property located at 744 Keppas St. Bridgeport Illinois have gone unpaid. However, Plaintiff states that the property taxes associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois have continued to be paid on time since Plaintiff has owned the property.

383. Furthermore, Plaintiff alleges that Defendants rationale in Section 25-5-1 of Defendant Bridgeport's Revised Code of Ordinances above does not mention liens being imposed, against Citizens and/or against Citizens Private Property for only an alleged violation, prior to the end of the thirty (30) day time period of notice being given to a person or persons who are only said to be in violation without said person or persons being given a prior opportunity for a "Due Process" hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

384. Moreover, Plaintiff alleges that Defendants, acting under color of state law, conspire with and/or conspire through and/or conspire by one or more of their agents, acting under color of state law, to send an alleged violator, of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or an alleged violator, of Section 11-31-1 of the Illinois Municipal Code, a "Notice To Remediate" claiming that Defendant Morey, Lawrence County Treasurer, already has a lien attached to the alleged violator's Private Property, which the lien, that is already attached to the alleged violator's Private Property, is attached to the alleged violator's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, and Plaintiff alleges that the proof of

the existence of this lien, is indicated, in the "Notice To Remediate", by the listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against a Citizen and/or against a Citizens Private Property, who are only said to be in violation. Plaintiff alleges that Defendants, acting under color of state law, conspire with and/or conspire through and/or conspire by one or more of their agents, acting under color of state law, to also threaten, under color of state law, to take further action against a Citizen and/or against a Citizens Private Property, within thirty (30) days of notice given by the "Notice To Remediate", and Plaintiff alleges that the proof of the existence of this threat is also indicated in the "Notice To Remediate" and Plaintiff alleges that if the alleged violator wishes to challenge the action that has already been taken, or if the alleged violator wishes to challenge any further action, Plaintiff alleges that the alleged violator is forced to pay the required filing fee of $326.00 to file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, to prevent Defendants from seizing complete possession and/or to prevent Defendants from seizing complete control over the alleged violator's Private Property, which forces the alleged violator to choose whether or not to spend $326.00 for the required filing fee, whether or not the alleged violator can afford to spend $326.00 for the required filing fee. Plaintiff alleges that if the alleged violator cannot afford to pay the required filing fee, but still wishes to challenge the action that has already been taken and/or wishes to challenge any further action, well then, Plaintiff alleges that the alleged violator is just out of luck because Plaintiff alleges that if the alleged violator does not pay the required filing fee of $326.00 and file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, within thirty (30) days from the date of notice given, then, Plaintiff alleges that Defendants, acting under color of state law, conspire with and/or conspire through and/or

conspire by one or more of their agents, acting under color of state law, to seize complete possession and/or seizes complete control over the alleged violator's Private Property, under color of state law, and Plaintiff alleges that Defendants, acting under color of state law, and/or Defendants, conspire with and/or through and/or by one or more of their agents, acting under color of state law, will then proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from the alleged offending property, under color of state law, and Plaintiff alleges that Defendants, acting under color of state law, conspiring with and/or conspiring through and/or conspiring by one or more of their agents, acting under color of state law, will then place an even larger lien on the alleged offending property, under color of state law, for all of the costs thereof.

385. Plaintiff alleges that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or the application of Section 11-31-1 of the Illinois Municipal Code, are unconstitutional on their face as stated authority and/or as applied authority against Plaintiff in this case because Plaintiff alleges that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien appear to be automatic. Furthermore, Plaintiff alleges that this lien, which is imposed against Citizens and/or imposed against Citizens Private Property, is imposed under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges amounts to an "unreasonable

seizure" of property, under color of state law, and so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) (substantive and procedural due process) Amendments, which Plaintiff alleges amounts to nothing less than Civil Forfeiture, under color of state law, and/or amounts to nothing less than Legalized Theft of Citizens Real Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code.

386. Plaintiff alleges that the Due Process Clauses in the Fifth and Fourteenth Amendments, insure Equal Protection under the law and require that, before a person is deprived of his Real Property by the government, he must be given notice and an opportunity for a "meaningful hearing" before a "neutral magistrate", and that there must be a judicial determination that the seizure is justified. Furthermore, the Fourth Amendment guarantees each citizen of the United States "[t]he right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Eighth Amendment and the Fourteenth Amendment bar the government from imposing such excessive and/or arbitrary fines and/or penalties.

387. Furthermore, Plaintiff alleges that the penalty scheme, of excessive and/or arbitrary fines and/or penalties, in the form of some sort of lien, which is imposed, under color of state law, against Citizens and/or against Citizens Private Property for only an alleged violation of

Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, are so excessive and/or arbitrary that it can easily swamp the actual Real Value and/or it can easily swamp the actual Cash Value of the Real Property that is only said to be in violation.

388. Moreover, Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to seize legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, under color of state law, without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

389. Plaintiff had been working outside the State of Illinois when Plaintiff was informed that the entire south side of his home had collapsed. Upon learning of the collapse of the structure, Plaintiff returned to the State of Illinois to salvage his personal possessions and to begin the process of demolishing the remainder of the structure. After returning to the State of Illinois, Plaintiff met with a contractor and made arrangements to eventually have the remainder of the structure demolished with a Trackhoe. After meeting with the contractor, Plaintiff discovered that depending on the contractor and depending on the size and type of the

contractor's equipment, Plaintiff alleges that Defendants, acting under color of state law, conspiring with and/or conspiring through and/or conspiring by one or more of their agents, acting under color of state law, may charge a Citizen, who is only said to be in violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or in violation of Section 11-31-1 of the Illinois Municipal Code, as much as $500.00 Dollars Per Hour to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from an alleged offending property.

390. Furthermore, Plaintiff alleges that this fine and/or penalty, which is imposed against Plaintiff and/or imposed against Plaintiff's Private Property, is imposed in the form of some sort of lien against Plaintiff and/or against Plaintiff's Private Property, for only an alleged violation without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

391. Plaintiff alleges that on its face, Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code, as Defendants sole rationale, and therefore, as Defendants sole justification, for all of Defendants actions alleged in this complaint. However, Defendants rationale appears to be applied as if Defendants rationale were based upon a strict liability scheme. Any unkempt building found on any Private Property within the city limits is to be treated *per se* as an abandoned or junk building which, in turn, is *per se* a threat to the health, safety, and well being of the residents of Bridgeport which, in turn, is subject to a fine and/or penalty imposed in the form of a Lien imposed against the alleged violator's Private Property. Defendants do not allow for any prior defense on these points before Defendants take action, under color of state law, against the alleged violator and/or against the alleged violators Real

Property.

392. However, Plaintiff alleges that the strict liability issue is largely moot, because Defendants do not even provide the alleged violator with a prior opportunity for a due process hearing in which to present a defense, and/or to challenge the legality of Defendants actions which Plaintiff alleges have already been taken against the alleged violator, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction. Furthermore, the strict liability issue is largely moot, because Defendants do not even provide the alleged violator with a prior opportunity for a due process hearing in which to challenge the legality of Defendants proposed future actions unless the alleged violator pays the filing fees and files his or her "objections" in the Circuit Court of Lawrence County, Illinois or in a Competent Court of Jurisdiction after Defendants have already taken action against the alleged violator.

393. Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of its agents, acting under color of state law, to seize legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

394. Nevertheless, Plaintiff alleges that Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants cite and rely on Section 11-31-1 of the Illinois Municipal Code as their sole authority for seizing legal and/or equitable

interest and/or possession and/or control over alleged offending properties for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code.

395. Plaintiff alleges that in weighing the government's legitimate interest in eliminating nuisances such as dilapidated and abandoned buildings from abandoned properties, Plaintiff alleges that Defendants cannot even legitimately claim a legitimate State Interest, as a legitimate defense for all of the Defendants alleged actions alleged in this complaint.

396. Plaintiff alleges that because of the fundamental Constitutional issues impacted in this case, Plaintiff alleges that all of the named Defendants, and/or all of their agents, should have been required to make a particularized showing that Plaintiff's Private Property was actually an abandoned property, which actually posed an actual threat to: (1) the health; (2) the safety; or (3) the well-being of the Citizens of the City of Bridgeport.

397. Plaintiff alleges that without such a particularized showing, that Plaintiff's Private Property was actually an abandoned property, and without a particularized showing that Plaintiff's Private Property actually posed an actual threat to: (1) the health; (2) the safety; or (3) the well-being of the Citizens of the City of Bridgeport, and without the proper constitutionally required "Due Process", Plaintiff alleges that all of the named Defendants, and/or all of their agents, were not constitutionally authorized to impose any kind of fine and/or any kind of penalty against the Plaintiff in this case.

398. Nevertheless, Plaintiff alleges that because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 11-31-1 of the Illinois Municipal Code,

Plaintiff alleges that on June 22, 2020, Plaintiff was improperly forced to be the Party to file first in the State Court, in Lawrence County, in order for Plaintiff to file Plaintiff's "objections" and in order for Plaintiff to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property. Plaintiff alleges that all of the State Actor Defendants in this case have turned the entire concept of Procedural Due Process, and Substantive Due Process, and Equal Protection, completely upside-down and backward. Plaintiff alleges that after receiving the "Notice To Remediate", because it appeared to Plaintiff that some sort of legal action had already been taken against Plaintiff and/or against Plaintiff's property interests in Plaintiff's Private Property prior to the end of the thirty (30) days given by the "Notice To Remediate", which Plaintiff alleges was indicated in the "Notice To Remediate" by the listing of Defendant Morey as one of the "Lien Holders" against Plaintiff and/or against Plaintiff's Private Property, Plaintiff alleges that when Plaintiff was preparing to file Plaintiff's "objections" in the State Court, Plaintiff was unsure whether Plaintiff was the Petitioner or whether Plaintiff was the Respondent because Plaintiff was unsure whether the State Actor Defendants in this case had already filed a case in the Circuit Court of Lawrence County against the Plaintiff, which Plaintiff alleges, would have made the Plaintiff in this case, the Respondent in the State Court, and would have made the State Actor Defendants in this case, the Petitioners in the State Court. However, Plaintiff alleges that because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 11-31-1 of the Illinois Municipal Code, and because all of the State Actor Defendants in this case, as well as all of their agents, failed to apply to the Circuit Court of Lawrence County in which Plaintiff's Private Property is located for

a Court Order Authorizing legal action to be taken with respect to the remainder of the former structure located on Plaintiff's Private Property, Plaintiff prepared two sets of documents. One set of documents was prepared to reflect that the Plaintiff in this case was the Petitioner in the State Court and one set of documents was prepared to reflect that the Plaintiff in this case was the Respondent in the State Court, and Plaintiff intended to file whichever one set of documents would be required by the State Court. However, when Plaintiff tried to file the documents in the State Court case on or about June 20, 2020, Plaintiff was told by an employee of the Clerk's office of the State Court, other than the Clerk herself, that there was no case which had already been filed against the Plaintiff and that there was no case which was currently pending in the State Court against the Plaintiff, so Plaintiff attempted to file the one set of documents which was prepared to reflect that Plaintiff was the Petitioner. However, the employee of the Clerk's office of the State Court refused to file the documents claiming that Plaintiff's documents were deficient and claiming that the State Court Judge would not like the fact that Plaintiff's documents had been filed. Therefore, Plaintiff was forced to prepare a third set of documents and when Plaintiff tried to file the third set of documents in the State Court case on June 22, 2020, Plaintiff alleges that because Plaintiff was improperly forced to be the Party to file first in the State Court case, in order for Plaintiff to file Plaintiff's "objections" and in order for Plaintiff to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property. Plaintiff also alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that Plaintiff was also improperly forced to be the Petitioner in the State Court, in Lawrence County. Plaintiff also alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that Plaintiff was also improperly forced to pay the required

filing fee of $326.00 in the State Court, in Lawrence County, in order for Plaintiff to file Plaintiff's "objections" in the State Court and in order to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property.

399. On or about July 7, 2022, Defendant Neal filed in State Court: (Doc. 9.) Notice Of Hearing - Motion To Dismiss, whereby Defendants requested an immediate hearing to dismiss Plaintiff's Cause of Action and the Notice of Hearing was set for July 26, 2022.

400. On July 26, 2022, during the hearing to dismiss Plaintiff's Cause of Action (Doc. 2.), the State Court struck down Plaintiff's Cause of Action (Doc. 2.), and kept in place: (Doc. 3.) Petitioner's Objections To The Proposed Actions Against Him And Motion For Injunctive Relief. After the State Court struck down Plaintiff's Cause of Action, Plaintiff objected to the actions of the State Court and Plaintiff requested in open-court that the State Court take up and/or rule on all of Plaintiff's pending Motions. However, the State Court refused Plaintiff's request. Furthermore, after the State Court refused Plaintiff's request to take up and/or to rule on any of Plaintiff's pending Motions, Plaintiff attempted to submit, in open-court, (Doc. 11.) Petitioner's Supplemental Motion to Quash Respondents Motion To Dismiss Petitioner's Cause of Action and Petitioner's Supplemental Motion to Quash Respondents Response To Petitioner's Objections and (Doc. 12.) Petitioner's Supplemental Motion To Stay and/or Continue. However, the State Court refused Plaintiff's attempt to submit Plaintiff's Supplemental Motions in open-court and the State Court Judge stated that Plaintiff was free to file his Motions with the Clerk of the Court after the hearing had concluded. Over Plaintiff's objections to the actions of the State Court, the State Court Judge then declared that Plaintiff's case was to be set for a bench trial and then the State Court Judge conferred with Defendant Neal about the scheduling of the planned bench trial. After the State Court Judge settled on a date that was mutually agreeable with

Attorney Defendant Neal, the State Court Judge set the planned bench trial for September 8, 2022, without even attempting to confer with the Plaintiff in this case.

401. However, Plaintiff alleges that Plaintiff's State Court case was not ripe for a bench trial. Plaintiff also alleges that all of the State Actor Defendants in this case, including Attorney Defendant Neal, knew or should have known that Plaintiff's State Court case was not ripe for a bench trial. Plaintiff also alleges that every "member" having anything to do with the adjudication of this case in Lawrence County, knew or should have known that Plaintiff's State Court case was not ripe for a bench trial. Plaintiff further alleges that even if the State Actor Defendants truly believed that Plaintiff's case was ripe for a bench trial, and if the Plaintiff disagreed, and if the Plaintiff objected to going forward, and if the Plaintiff absolutely refused to proceed to a bench trial which Plaintiff alleges was planned for September 8, 2022, Plaintiff alleges that the most that the State Court could do, and/or the most that the State Court should do, is to dismiss the Plaintiff's case for Lack of Prosecution.

402. Plaintiff also alleges that on July 26, 2022, after the State Court refused to take up and/or to rule on any of Plaintiff's pending Documents and Motions, and after the State Court refused to allow Plaintiff to submit either of Plaintiff's Supplemental Motions in open-court, and after the State Court set this case for a bench trial set for September 8, 2022, Plaintiff alleges that the State Court effectively barred any and/or all of Plaintiff's Constitutional claims under the United States Constitution raised by Plaintiff on August 11, 2020, in (Doc. 7.) Petitioner's Motion To Quash Respondents Motion To Dismiss and Respondents Response To Petitioner's Objections, whereby in paragraph 12. Plaintiff stated:

> "Petitioner's Cause Of Action is based upon violations of Substantive Due Process and Procedural Due Process as founded under the principles set forth in the "Due Process Clause" as well as other "privileges and immunities" under the United States

Constitution."

403. However, Plaintiff alleges that Plaintiff's case became removable to the District Court, following the events which occurred and the actions that were taken by the State Court on July 26, 2022 and on September 1, 2022, Plaintiff filed, in the United States District Court for the Southern District of Illinois, Plaintiff's Notice of Removal of Pending State Court Action, whereby Plaintiff contended that his case fell within an exception to Federal Court Abstention that derived from *Younger* premised on the "lack of an adequate state forum." Plaintiff also contended that unlike the other two exceptions, the Court has actually used this exception in practice. In *Gibson,* for example, the Court found that federal intervention is appropriate under this exception if the state courts are biased and unable to be trusted on a particular issue. In *Gibson,* the Court found that a board of optometrists was incapable of fairly adjudicating a particular suit because every member had a financial stake in its outcome.

404. Plaintiff alleged that Plaintiff lacked an adequate state forum because Plaintiff alleged that the Second Judicial Circuit Court in Lawrence County Illinois was biased and prejudiced against the Plaintiff with direct and inherent conflicts of interest in that one of the named Defendants, Defendant Morey, is the Lawrence County Treasurer and a County employee at the Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL.

405. Furthermore, Plaintiff alleged that Plaintiff lacked an adequate state forum because one of the named Defendants, Defendant Neal, was City Attorney for Defendant Bridgeport; a municipality in Lawrence County Illinois, as well as Defendant Neal was Attorney for the County Seat of Lawrence County, Lawrenceville Illinois.

406. Moreover, Plaintiff alleged that Plaintiff lacked an adequate state forum because one of the named Defendants is Defendant Lawrence County itself and Plaintiff alleged that any

State Court Judge that would hear this case in Lawrence County, as well as all other persons and/or "members" connected to the Second Judicial Circuit Court in Lawrence County are employees of Lawrence County and/or employees of the State of Illinois employed in Lawrence County and Plaintiff alleged that the State Courts of the Second Judicial Circuit were unable to be trusted in the particular issues raised in the Plaintiff's case.

407. Plaintiff also alleged that the events which occurred and the actions that were taken by the State Court on July 26, 2022 during the hearing to dismiss Plaintiff's Cause of Action displays an example of the bias and prejudice of the State Court against the Plaintiff as well as displays an example of the bias and prejudice of the State Court in favor of Defendant Neal and thereby displays an example of the bias and prejudice of the State Court in favor of all of the Defendants in the Plaintiff's case.

408. Plaintiff further alleged that even if Plaintiff had employed recusal provisions to remove a particular biased judge, Plaintiff alleged that the bias and prejudice is so systematic and pervasive that the recusal provisions would be either unavailable or ineffective.

409. Moreover, Plaintiff alleged that every "member" having anything to do with the adjudication of this case, in the State Court, in Lawrence County, are biased and prejudiced in the outcome of this case with direct and inherent conflicts of interest and/or every "member" having anything to do with the adjudication of this case, in the State Court have a financial stake in its outcome and Plaintiff alleged that Plaintiff had no other adequate alternative remedy at law.

410. Even though Plaintiff had submitted a Motion to Stay and/or Continue the State Court case to find proper and qualified legal Counsel, Plaintiff has information and has reason to believe that Attorney Defendant Neal caused the nearly two-year delay in the State Court case, because Defendant Neal did not want to proceed with the State Court case, in the State Court,

until after the State Court had lifted its face-mask mandate and Plaintiff alleges that every "member" having anything to do with the adjudication of this case in the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the nearly two-year delay in the State Court case, seemingly, just to accommodate Attorney Defendant Neal.

411. Plaintiff states that Plaintiff is not even close to being an expert concerning legal matters by any means. However, Plaintiff alleges that after one digs into the details of this case and one thinks logically about the details of this case, certain questions come to mind, such as; what Court System, in the entire United States, would seemingly allow and/or seemingly permit a nearly two-year delay in any pending court case, just to accommodate any Attorney.

412. Furthermore, what Court System, in the entire United States, would seemingly allow and/or seemingly permit any pending case to just linger in the Court without any activity in the case for a nearly two-year delay. Plaintiff alleges that in any Competent Court of Jurisdiction, the Court would have, and/or should have; dismissed Plaintiff's pending case for Lack of Prosecution. Which Plaintiff alleges, brings another question to mind about Plaintiff's State Court case; why didn't the State Court, in Lawrence County, dismiss Plaintiff's then pending State Court case for Lack of Prosecution. Plaintiff alleges that there is only one reason that is obvious to Plaintiff, which Plaintiff alleges is that if the State Court, in Lawrence County, would have dismissed Plaintiff's then pending State Court case for Lack of Prosecution, Plaintiff alleges that none of the State Actor Defendants, including Attorney Defendant Neal, would have been able to conduct the so called "bench trial" which Plaintiff alleges was planned for September 8, 2022, in order for the State Actor Defendants to unlawfully and fraudulently achieve the Defendants desired outcome of Plaintiff's then pending State Court case.

413. Plaintiff alleges that even though the Defendants had already seized legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, and even though Plaintiff was forced to be the party who filed first, in the State Court case, to prevent the Defendants from seizing complete possession and/or to prevent the Defendants from seizing complete control over Plaintiff's Private Property, Plaintiff alleges that based upon the events which occurred and based upon the actions that were taken by the State Court on July 26, 2022, during the hearing on a Motion to Dismiss Plaintiff's Document titled "Petitioner's Cause of Action", Plaintiff alleges that the State Court, in Lawrence County, treated Plaintiff's case as if the case were brought by the State against the Plaintiff. Plaintiff also alleges that the State Court, in Lawrence County, treated the Plaintiff as if the Plaintiff were the Defendant in the case. Plaintiff further alleges that the State Court, in Lawrence County, treated the Attorney for the Defendants, Defendant Neal, as if Defendant Neal were the prosecutor in the case, prosecuting the Plaintiff.

414. Plaintiff alleges that just like in some kind of upside-down and backward bizarro world, whereby the Defendant actually drags the Plaintiff into Court, Plaintiff alleges that even though Plaintiff originally filed Plaintiff's State Court case, in the State Court, in Lawrence County, against the State, to prevent the Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property, and even though any trial which would eventually be conducted, born out of Plaintiff's case, should have had subject matters of (1) Plaintiff's allegations of the Defendants, acting under color of state law, violating Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and

Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §§ 1983, and 1985(2),(3), and should have had subject matters of (2) Plaintiff's allegations that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or the application of Section 11-31-1 of the Illinois Municipal Code, are unconstitutional on their face as stated authority and as applied authority against Plaintiff in this case, and should have had subject matters of (3) Plaintiff's allegations that the excessive and/or arbitrary fines and/or penalties in the form of what Plaintiff alleges amounts to an unlawful and fraudulent erroneous lien, which is imposed, under color of state law, against Citizens and/or against Citizens Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges amounts to an "unreasonable seizure" of property, under color of state law, and so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) (substantive and procedural due process) Amendments to the United States Constitution, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the

Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

415. Furthermore, Plaintiff alleges that because Plaintiff originally filed Plaintiff's State Court case, in the State Court, in Lawrence County, against the State; to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property, Plaintiff alleges that any trial which would eventually be conducted, born out of Plaintiff's State Court case, should NOT have had subject matter about whether or not Plaintiff and/or Plaintiff's Private Property either was, and/or was not, in fact in violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or whether or not Plaintiff and/or Plaintiff's Private Property either was, and/or was not, in fact in violation of Section 11-31-1 of the Illinois Municipal Code.

416. Moreover, Plaintiff truly believes, that just like in some kind of upside-down and backward bizarro world, and Plaintiff hereby alleges that if Plaintiff would have been forced to proceed with the so called "bench trial" in the State Court, in Lawrence County, which Plaintiff alleges was planned for September 8, 2022, Plaintiff truly believes, and hereby alleges, that Attorney Defendant Neal, and the State Court, in Lawrence County, would have found the Plaintiff, in this case, guilty of something, which Plaintiff truly believes, and hereby alleges, would have resulted in the complete and total loss of Plaintiff's Private Property. Which Plaintiff alleges brings another question to mind about Plaintiff's State Court case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against the State; what Court System, in the entire United States, would find the Plaintiff guilty of anything, much less find the Plaintiff guilty of anything which Plaintiff alleges would have resulted in the complete and total loss of Plaintiff's Private Property.

417. Plaintiff alleges that during the nearly two-year delay in Plaintiff's State Court case, Plaintiff alleges that even though the State Court was open to the public for regular business, other than the public was required to wear a face-mask at all times entering the State Courthouse, while Plaintiff was waiting for the State Court to take some kind of action on any and/or on all of Plaintiff's pending Documents and Motions, and while Defendant Neal was waiting until after the State Court had lifted its face-mask mandate before proceeding with Plaintiff's pending case, Plaintiff alleges that the so called "Dangerous Building" located on Plaintiffs Property did not seem to be an issue of concern for Attorney Defendant Neal nor did it seem to be an issue of concern for Defendant Bridgeport nor did it seem to be an issue of concern for any of the Defendants in Lawrence County until just after the State Court had lifted its face-mask mandate.

418. Nevertheless, on September 1, 2022, Plaintiff moved to remove Plaintiff's State Court case from the State Court, in Lawrence County Illinois, to the District Court by Plaintiff filing, Plaintiff's "Notice of Removal of Pending State Court Action", in the District Court. However, after Plaintiff moved to remove Plaintiff's State Court case from the State Court, to the District Court, the District Court decided that removal by the "Plaintiff" was improper and the District Court remanded Plaintiff's State Court case back to the State Court, in Lawrence County, and Plaintiff alleges that on September 12, 2022, the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County Illinois, to "Close This Case."

419. Plaintiff alleges that even though District Court remanded Plaintiff's State Court case back to the State Court, in Lawrence County, and Plaintiff alleges that even though the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County, to "Close This Case.", Plaintiff alleges that State Court, and/or the Clerk of the State Court, in Lawrence County, seemingly chose to either ignore and/or defy the District Court's DIRECTION to Close

Plaintiff's Remanded State Court Case, and instead Plaintiff alleges that the State Court, in Lawrence County, seemingly chose to maintain Plaintiff's remanded State Court case as an open case. Which Plaintiff alleges brings another question to mind about Plaintiff's State Court case; why would the State Court and/or the Clerk of the State Court, in Lawrence County, seemingly choose to either ignore and/or deify the District Court's DIRECTION to "Close This Case.", and instead the State Court, in Lawrence County, seemingly chose to maintain Plaintiff's remanded State Court case, in the State Court, as an open case.

420. Plaintiff alleges that there is only one reason that is obvious to Plaintiff, Plaintiff alleges that the State Court, in Lawrence County, maintained Plaintiff's remanded State Court case, in the State Court, as an open case, for the same reasons that Plaintiff alleges that the State Court, in Lawrence County, did not dismiss Plaintiff's then pending State Court case for Lack of Prosecution, which Plaintiff alleges is that if the State Court, in Lawrence County, would have dismissed Plaintiff's then pending State Court case for Lack of Prosecution, Plaintiff alleges that all of the "members", having anything to do with the adjudication of Plaintiff's State Court case, in the State Court, in Lawrence County, including Attorney Defendant Neal, would not have been able to conduct the so called "bench trial" which Plaintiff alleges was planned for September 8, 2022, in order for the State Actor Defendants to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's then pending State Court case.

421. Plaintiff truly believes and hereby alleges that the reason the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County Illinois, to Close Plaintiff's Remanded State Court Case, instead of the District Court just simply remanding Plaintiff's case, back to the State Court, in Lawrence County, without any direction, Plaintiff alleges that the District Court understood the upside-down and backward bizarro world nature of Plaintiff's State

Court case, whereby the Defendant actually drags the Plaintiff into Court, by proxy, which Plaintiff alleges was completely brought about because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1., of the Illinois Municipal Code, and because all of the State Actor Defendants in this case, as well as all of their agents, failed to provide, the Plaintiff in this case, with the proper and Constitutionally required "Due Process", which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

422. Plaintiff alleges that because the State Court, in Lawrence County, seemingly choose to either ignore and/or deify the District Court's DIRECTION to "Close This Case.", and instead the State Court, in Lawrence County, seemingly chose to maintain Plaintiff's remanded State Court case, in the State Court, as an open case, Plaintiff alleges that Plaintiff was then forced to file in the State Court, in Lawrence County, on October 14, 2022, Petitioner's Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice, in order for Plaintiff to end Plaintiff's remanded State Court case.

423. On November 10, 2022, the State Court, in Lawrence County Illinois granted Petitioner's Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice, stating the following: "Michael Allison; Motion of Petitioner (MA) to Dismiss the Petition (Complaint) Herin W/O Prejudice is Hearby Granted". (See State Court "Record Sheet"

from 04/04/2024 attached hereto as Exhibit (5.).

424. Plaintiff alleges that on or about September 29, 2023, Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving Plaintiff (30) days to move to vacate the Circuit Court's Order granting Plaintiff's previous "Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice", which Plaintiff alleges had been Previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff alleges had been Previously Granted and Ordered Dismissed by the State Court, on November 10, 2022. (See "Notice Of Intent To Proceed With Demolition" from September 29, 2023, attached hereto as Exhibit (3.).

425. Plaintiff alleges that the "Notice Of Intent To Proceed With Demolition" also states that Plaintiff is advised that if Plaintiff does not file the motion to vacate the order of dismissal, and give the required notice within (30) days after the mailing of the notice, and serve a copy of the motion on the Chief Executive Officer of the City: Mayor Tyler J. Griffin, or if the motion is denied by the Court, or if the action is again dismissed, then the dismissal is with prejudice and the demolition of Plaintiff's Property will proceed forthwith. However, Plaintiff alleges that after Plaintiff was sent, "Notice Of Intent To Proceed With Demolition" by certified mail, on or about September 29, 2023, Plaintiff chose not to comply with any of the State Actor Defendants improper demands and Plaintiff alleges that Plaintiff did NOT file any other Motions into Plaintiff's Previously and Properly Dismissed State Court case, which Plaintiff alleges was no longer pending, in the State Court, in Lawrence County Illinois.

426. Plaintiff also alleges that by the State Actor Defendants, acting under color of state

law, conspiring with and/or conspiring through and/or conspiring by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, Plaintiff alleges that the State Actor Defendants in this case, created a brand new "Cause of Action" in which Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's Substantive Due Process rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's Equal Protection rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's other "privileges" and "immunities" under color of state law, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

427. Plaintiff also alleges that by the State Actor Defendants in this case, acting under color of state law, conspiring with and/or conspiring through and/or conspiring by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, Plaintiff alleges that the State Actor Defendants in this case not only created a brand new "Cause of Action", but Plaintiff also alleges that the plain language used by the State Actor Defendants in the "Notice Of Intent To Proceed With Demolition", Plaintiff also alleges that the State Actor Defendants themselves demonstrate that all of the issues raised by the Plaintiff in this case about all of the matters alleged in this

complaint, were all part of an “Ongoing” and/or “Continuing Violation” of Plaintiff’s Constitutional Rights, under color of state law, which Plaintiff alleges Relates Directly Back and/or Plaintiff alleges Directly Relates Back to Plaintiff’s original “Cause of Action” which Plaintiff alleges began, on or about May 27, 2020, sometime prior to the end of the thirty (30) day time period being given to the Plaintiff in this case by the “Notice To Remediate”, and prior to any “Due Process” hearing being given by a Court of Competent Jurisdiction, and continuing to the present date, which Plaintiff alleges has resulted in the “Ongoing” and/or “Continuing Violation” of Plaintiff’s Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

428. Nevertheless, Plaintiff alleges that on or about March 13, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, and/or acting under color of state law, through and/or by one or more of its agents, and/or through and/or by one or more of the Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to Improperly Reopen Plaintiff’s Previously Dismissed State Court case, which Plaintiff alleges had been Previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff alleges had been Previously Ordered Dismissed by the State Court, in Lawrence County Illinois, on November 10, 2022. Furthermore, Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly Reopen Plaintiff’s Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case.

429. Plaintiff alleges that based on the most recent actions and/or acts of the State Actor Defendants in this case, brings another question to mind about Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against all of the State Actor Defendants; and if such Plaintiff were cheated and deprived of such Plaintiff's Due Process Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff were cheated and deprived of such Plaintiff's Equal Protection Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff chose to Motion to Dismiss such "Cause of Action" against such State Actor Defendants; what Defendant, in the entire United States, would Improperly, and Plaintiff alleges Purposefully, Reopen the Plaintiff's Previously and Properly Dismissed State Court case.

430. Furthermore, Plaintiff also alleges that based on the most recent actions and/or acts of the State Court, in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; what Court System, in the entire United States, would seemingly allow and/or seemingly permit any such Attorney, representing any such Defendant, to Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case.

431. Plaintiff also alleges that on or about March 13, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, and/or acting under color of state law, through and/or by one or more of its agents, and/or through and/or by one or more of the Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to Improperly file a "Notice of Status Hearing", into Plaintiff's Previously and Properly Dismissed State Court case. Furthermore, Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed

and/or seemingly permitted Defendants to Improperly file the "Notice of Status Hearing", into the Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. (See "Notice of Status Hearing" attached hereto as Exhibit (6.).

432. Plaintiff alleges that based on the most recent actions and/or acts of all of the State Actor Defendants in this case, brings another question to mind about Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against all of the State Actor Defendants; and if such Plaintiff were cheated and deprived of such Plaintiff's Due Process Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff were cheated and deprived of such Plaintiff's Equal Protection Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff chose to Motion to Dismiss such "Cause of Action" against all such State Actor Defendants; what Defendant, in the entire United States, would Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case to File any such "Notice of Status Hearing" into any such Plaintiff's Previously and Properly Dismissed State Court case.

433. Furthermore, Plaintiff also alleges that based on the most recent actions and/or acts of the State Court, in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; what Court System, in the entire United States, would seemingly allow and/or seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case, to seemingly allow and/or to seemingly

permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, File any such "Notice of Status Hearing" into any such Plaintiff's Previously and Properly Dismissed State Court case.

434. Plaintiff further alleges that on or about March 27, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, acting under color of state law, through and/or by one or more of its agents, and/or Defendants, acting under color of state law, through and/or by one or more of their agents, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to Improperly file "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case. Furthermore, Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants to Improperly file the "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. Moreover, Plaintiff alleges that the State Court, in Lawrence County, set the planed hearing, in the State Court, in Lawrence County, for May 15, 2024, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. (See "Notice of Hearing - Demolition of Unsafe and Dangerous Building" attached hereto as Exhibit (7.).

435. However, Plaintiff alleges that the plain language used by the Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building" states as follows:

> "Notice is hereby given that a hearing is scheduled in the above-captioned proceeding before the Honorable Michael Strange in Courtroom A of the Lawrence County Courthouse in Lawrenceville, Illinois on Wednesday, May 15, 2024 at 9: 30 a.m.

> on the Petitioner's Objections filed herein on June 22, 2020, and the Respondent's Response thereto on July 20, 2020. Your failure to appear, or if your objections are not sustained, may result in the Court entering an order authorizing the Respondent, City of Bridgeport, Illinois, to enter upon the subject property and undertake the immediate demolition of the building or buildings thereon deemed dangerous and unsafe. Dated: March 27, 2024."

436. Plaintiff truly believes, and hereby alleges, that based on the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", conveys the idea that the so called "Hearing" which was set for May 15, 2024, was intended by all of the State Actor Defendants in this case, including by Attorney Defendant Neal, and by the State Court, in Lawrence County, to act as Defendants so called "bench trial" which Plaintiff alleges was previously planned by the all of the State Actor Defendants in this case, including by Attorney Defendant Neal, and by the State Court, in Lawrence County, which Plaintiff alleges was set for September 8, 2022, in order for all of the State Actor Defendants in this case to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's Previously and Properly Dismissed State Court case.

437. Plaintiff also alleges that based on the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", conveys the idea that every word in the document was generated by the State Court, in Lawrence County itself with every word in the document sanctioned and backed by the power and the authority of the State Court, in Lawrence County itself. However, Plaintiff states that Plaintiff could be mistaken in assuming that every word in the document was NOT generated by the State Court, in Lawrence County itself with every word in the document NOT sanctioned and backed by the power and the authority of the State Court, in Lawrence County itself, after all Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the

State Actor Defendants in this case to Improperly Reopen Plaintiff's Previously and Properly Dismissed State Court case and seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly File the "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. Moreover, Plaintiff alleges that the State Court, in Lawrence County, set the planed hearing, in the State Court, in Lawrence County, for May 15, 2024, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case.

438. Plaintiff alleges that based on the most recent actions and/or acts of all of the State Actor Defendants in this case, brings another question to mind about Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against all of the State Actor Defendants; and if such Plaintiff were cheated and deprived of such Plaintiff's Due Process Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff were cheated and deprived of such Plaintiff's Equal Protection Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff chose to Motion to Dismiss such "Cause of Action" against all of the State Actor Defendants; what Defendant, in the entire United States, would Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case to File any such "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into any such Plaintiff's Previously and Properly Dismissed State Court case.

439. Furthermore, Plaintiff also alleges that based on the most recent actions and/or acts

of the State Court in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; what Court System, in the entire United States, would seemingly allow and/or seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case to seemingly allow and/or to seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, File any such "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into any such Plaintiff's Previously and Properly Dismissed State Court case.

440. Plaintiff alleges that there is only one reason that Plaintiff alleges answers all of these questions that is obvious to the Plaintiff in this case, Plaintiff alleges that all of the "members", having anything to do with the adjudication of this case, in the State Court, in Lawrence County, including Attorney Defendant Neal, would then have been able to conduct the so called "bench trial" which Plaintiff alleges was previously planned for September 8, 2022, in order for all of the State Actor Defendants, including Attorney Defendant Neal, to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's Previously and Properly Dismissed State Court case.

441. Plaintiff alleges that the Plaintiff in this case has exercised extreme Due Diligence in Plaintiff's efforts to present Plaintiff's "Cause of Action" to a Court of Competent Jurisdiction. However, Plaintiff alleges that even though the Plaintiff in this case has exercised extreme Due Diligence, Plaintiff alleges that the State Actor Defendants in this case continue to be intent and/or continue to be determined to violate Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case continue to be intent and/or continue to be determined to violate Plaintiff's Substantive Due Process rights,

under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, continue to be intent and/or continue to be determined to violate Plaintiff's Equal Protection rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff alleges that the State Actor Defendants in this case, continue to be intent and/or continue to be determined to violate Plaintiff's other "privileges" and "immunities" under color of state law, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

442. Plaintiff alleges that by the State Actor Defendants in this case, improperly filling "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case; Plaintiff alleges that the State Actor Defendants in this case, created a brand new "Cause of Action" in which Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Substantive Due Process rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Equal Protection rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's other

"privileges" and "immunities" under color of state law, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

443. Plaintiff also alleges that by the State Actor Defendants in this case improperly filling "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's dismissed State Court case, Plaintiff alleges that all of the State Actor Defendants in this case not only created a brand new "Cause of Action", but Plaintiff also alleges that based upon the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", Plaintiff also alleges that all of the State Actor Defendants in this case themselves demonstrate that all of the issues raised by the Plaintiff in this case about all of the matters alleged in this complaint, were all part of an "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights which Plaintiff alleges Directly Relates Back and/or Plaintiff alleges Relates Directly Back to Plaintiff's original "Cause of Action" which Plaintiff alleges began on or about May 27, 2020 sometime prior to the end of the thirty (30) day time period time period of notice being given to the Plaintiff in this case by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction and continuing to the present date, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

444. Plaintiff states that on May 9, 2024, Plaintiff filed Plaintiff's "Complaint and

Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court, whereby Plaintiff stated in the Certificate of Service, the following:

> "It is hereby certified that on May 9, 2024, Plaintiff's Complaint and Demand for Jury Trial, was filed with the Clerk of the United States District Court for the Southern District of Illinois and one true and correct copy of this document will be served, in person, by Plaintiff, to the Lawrence County Circuit Clerk, as a courtesy to the State Court Lawrence County".

445. Plaintiff alleges that on May 14, 2024, Plaintiff served, in person, to the Lawrence County Circuit Clerk, one true and correct copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", which Plaintiff alleges was clearly marked on the document: "Courtesy Copy", as a courtesy to the State Court, in Lawrence County. Plaintiff also alleges that on May 14, 2024, Plaintiff stated to the Lawrence County Circuit Clerk, that because Plaintiff had filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court on May 9, 2024, Plaintiff would not be attending the State Court, Court date set for May 15, 2024. Plaintiff further alleges that on May 14, 2024, Plaintiff witnessed the Lawrence County Circuit Clerk make a copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", clearly marked as "Courtesy Copy", which Plaintiff alleges was intended as a courtesy to the State Court in Lawrence County, however, when Plaintiff inquired about the copy, being copied, the Lawrence County Circuit Clerk stated that the copy was intended for Attorney Defendant Neal. Plaintiff alleges that on or about May 14, 2024, the State Court in Lawrence County, and/or the Lawrence County Circuit Clerk, provided Attorney Defendant Neal with an advanced copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" even though Plaintiff states that as of the time and the date that this Document will be filed with the Clerk of the District Court,

Plaintiff states that Plaintiff has not officially served any of the Defendants in this case with an official copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief".

446. Furthermore, Plaintiff truly believes, and hereby alleges, that if Plaintiff would have been forced to proceed with the so called "Hearing" in the State Court, in Lawrence County, which Plaintiff alleges was intended by all of the State Actor Defendants in this case, including by Attorney Defendant Neal, and by the State Court, in Lawrence County, to act as Defendants so called "bench trial" which Plaintiff alleges was planned for May 15, 2024, Plaintiff truly believes, and hereby alleges, that Attorney Defendant Neal, and the State Court, in Lawrence County, would have found the Plaintiff, in this case, guilty of something, which Plaintiff truly believes, and hereby alleges, would have resulted in the complete and total loss of Plaintiff's Private Property. Plaintiff also alleges that based on the most recent actions and/or acts of the State Actor Defendants in this case and based on the most recent actions and/or acts of the State Court, in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a so called Court of Competent Jurisdiction, against the State Actor Defendants; what Court System, in the entire United States, would find the Plaintiff guilty of anything, much less find the Plaintiff guilty of anything which Plaintiff alleges would have resulted in the complete and total loss of Plaintiff's Private Property.

447. Moreover, Plaintiff alleges that based on the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", Plaintiff alleges that if the Plaintiff in this case failed to appear before Judge Michael Strange in Courtroom A of the Lawrence County Courthouse in Lawrenceville, Illinois on Wednesday, May

15, 2024 at 9: 30 a.m., without the Plaintiff in this case first filling Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court, on May 9, 2024, Plaintiff truly believes, and hereby alleges, that Attorney Defendant Neal, and the State Court, in Lawrence County, would have found the Plaintiff in this case guilty of something, which Plaintiff truly believes, and hereby alleges, would have resulted in the complete and total loss of Plaintiff's Private Property.

448. Plaintiff alleges that on May 15, 2024, the State Actor Defendants and the State Court, in Lawrence County held some kind of "hearing" about Plaintiff's Previously and Properly Dismissed State Court Case, which Plaintiff alleges was Improperly and Purposefully Reopened by the State Actor Defendants in this case and Plaintiff alleges that the State Court seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly and/or Purposefully Reopen Plaintiff's Previously and Properly Dismissed State Court Case. However, because Plaintiff had already filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court, on May 9, 2024, Plaintiff did not attend the planed "hearing" in the State Court about Plaintiff's Previously and Properly Dismissed State Court Case.

449. Nevertheless, Plaintiff alleges that on May 15, 2024, the State Actor Defendants in this case and the State Court, in Lawrence County, once again continue to be intent and/or continue to be determined to take further action against the Plaintiff in this case by, the State Actor Defendants in this case and the State Court, in Lawrence County, setting some sort of planed "hearing" in the State Court, in Lawrence County, which the State Court referred to in the State Court Record Sheet as the following: FTC/FTA notice set for June 26, 2024, at 1:00 in courtroom A. Attorney Defendant Neal appears for Respondents; Petitioner Failure To Appear.

Case dismissed for want of prosecution. FTC set June 26, 2024 at 1:00. (See State Court "Record Sheet" from 05/17/2024 attached hereto as Exhibit (9.).

450. Furthermore, Plaintiff alleges that on or about May 14, 2024, the State Court in Lawrence County, and/or the Lawrence County Circuit Clerk, provided Attorney Defendant Neal with an advanced copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief". Plaintiff alleges that on May 15, 2024, the State Actor Defendants and the State Court, in Lawrence County held some kind of "hearing" about Plaintiff's Previously and Properly Dismissed State Court Case, which Plaintiff alleges that the issue about the fact that Plaintiff had filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court on May 9, 2024, Plaintiff alleges was surely raised at the "hearing" on May 15, 2024.

451. Plaintiff alleges that on May 17, 2024, two days after the State Actor Defendants and the State Court, in Lawrence County held their "hearing" on May 15, 2024, Plaintiff alleges that the State Court Entered a PROPOSED ORDER on May 17, 2024, and the State Court Entered an Order Dismissing Action For Want Of Prosecution Filed., on May 17, 2024. (See State Court "Record Sheet" from 05/17/2024 attached hereto as Exhibit (9.).

452. However, Plaintiff alleges that on May 17, 2024, two days after the State Actor Defendants and the State Court, in Lawrence County held their "hearing" on May 15, 2024, Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to take further action against the Plaintiff in this case.

453. Plaintiff alleges that on May 17, 2024, the State Actor Defendants in this case, once again acting under color of state law, once again conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to once again send

"Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, once again citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving Plaintiff (30) days to Move to Vacate the State Court's Order Of Dismissal In The Aforesaid Proceeding And Serve A Copy Of The Motion On The Chief Executive Officer Of The City: Mayor Tyler J. Griffin, Bridgeport City Hall,. Plaintiff alleges that the State Actor Defendants threaten the Plaintiff that Plaintiff is Further Advised That If Plaintiff Does Not File The Motion And Give The Required Notice, Or If The Motion Is Denied By The Court, Or If The Action Is Again Dismissed For Want Of Prosecution, Then The Dismissal Is With Prejudice And The Demolition Will Proceed Forthwith. (See "Notice Of Intent To Proceed With Demolition" from May 17, 2024, attached hereto as Exhibit (10.).

454. However, Plaintiff alleges that Plaintiff is unconcerned about any of the State Actor Defendants' improper threats or improper demands for two reasons, (1) when Plaintiff filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", in the District Court on May 9, 2024, the Plaintiff in this case chose to file his "objections" in a Competent Court of Jurisdiction, instead of filing his "objections" in the State Court, in Lawrence County, and Plaintiff alleges that the State Actor Defendants themselves stated in the "Notice To Remediate", in relevant, part the following:

> "A person objecting to the proposed actions of the City of Bridgeport may file his or her objection in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction."

(2). By filling Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", in the District Court on May 9, 2024, Plaintiff alleges that the District Court NOW has Complete Jurisdiction over Plaintiff's Case, and Plaintiff alleges that the District Court NOW has Complete Jurisdiction over all of the matters alleged in

this Complaint, including Plaintiff's Motion For Injunctive Relief, which Plaintiff alleges leaves all of the State Actor Defendants in this case, including Attorney Defendant Neal, and the State Court, in Lawrence County, in the clear absence of all jurisdiction.

455. Plaintiff alleges that Defendant Lawrence County, acting under color of state law, has continued (in an "Ongoing" and/or "Continuing Violation") to violate Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Plaintiff alleges that Defendant Lawrence County, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of the Defendants, acting under color of state law, and/or one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, which states the following:

"42 U.S. Code § 1983 - Civil action for deprivation of rights"

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

456. Plaintiff alleges that each of the Defendants, in this case, qualify as a "person" acting under color of state law, for the purposes pursuant to 42 U.S.C. § 1983. Plaintiff also alleges that Defendant Bridgeport, through and/or by its City Council, and/or through and/or by

its Mayor and Chief Executive Officer, has established and maintained, a city ordinance, which contains Section 25-5-1 of the Revised code of Ordinances of the City of Bridgeport. Plaintiff further alleges that all of the Defendants were all enforcers of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or all of the Defendants were all enforcers of Section 11-31-1 of the Illinois Municipal Code and Plaintiff alleges that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable, pursuant to 42 U.S.C. § 1983.

457. Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985, and 42 U.S.C. § 1985(2).

458. Plaintiff alleges that pursuant to 42 U.S.C. § 1985, and 42 U.S.C. §1985(2), relevant to Plaintiff's case, states as follows:

> "42 U.S. Code § 1985 - Conspiracy to interfere with civil rights"
> "42 U.S. Code § 1985(2) Obstructing justice; intimidating party, witness, or juror"

> "If two or more persons in any State or Territory conspire to deter,".....
>
> ......"or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;"

459. Plaintiff alleges that two or more of the Defendants, in the Territory of Lawrence County, in the State of Illinois, conspired to deter the Plaintiff in this case and/or conspired to interfere with Plaintiff's civil rights and/or conspired to obstruct justice and/or conspired to intimidate the Plaintiff in this case, in violation of 42 U.S.C. § 1985.

460. Plaintiff also alleges that two or more of the Defendants, in the Territory of Lawrence County, in the State of Illinois, conspired for the purpose of impeding, hindering, obstructing, and/or defeating, in any manner, the due course of justice in the Territory of Lawrence County, in the State of Illinois, with intent to deny to any citizen, such as the Plaintiff in this case, the equal protection of the laws, and/or to injure the Plaintiff in this case and/or to injure Plaintiff's legal and/or equitable interest and/or possession and/or control in Plaintiff's Private Property for lawfully enforcing, and/or attempting to enforce, Plaintiff's Constitutional Rights as well as lawfully enforcing, and/or attempting to enforce, the Constitutional Rights of any other person, and/or the Constitutional Rights of any other class of persons, to the Equal Protection of the laws, in violation of 42 U.S.C. §1985(2).

461. Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth,

Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(3).

462. Plaintiff alleges that pursuant to 42 U.S.C. § 1985(3), relevant to Plaintiff's case, states as follows:

> "42 U.S.C. § 1985(3) - Depriving persons of rights or privileges"
> ........"If two or more persons in any State or Territory conspire"......
> ........"in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.".........

463. Plaintiff alleges that two or more Defendants, in the Territory of Lawrence County in the State of Illinois, conspired to deprive Plaintiff of his Constitutional rights. Plaintiff also alleges that two or more Defendants, in the Territory of Lawrence County in the State of Illinois, conspired to deprive Plaintiff of his Constitutional privileges. Plaintiff further alleges that two or more Defendants in the Territory of Lawrence County in the State of Illinois, conspired with one or more persons engaged in the conspiracy to do, and/or to cause to be done, any of the Defendants acts in furtherance of the object of the alleged conspiracy, whereby Plaintiff was injured in his person and/or in his Private Property, and/or Plaintiff was deprived of having and/or exercising any right and/or any privilege of a Citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators, in violation of 42 U.S.C. § 1985(3).

464. Plaintiff alleges that this action is brought to the United States District Court for the Southern District of Illinois, under Federal Question Jurisdiction and under Original Jurisdiction

pursuant to 28 U.S.C. §§ 1331 and 1343(a),(1),(2),(3),(4), because Plaintiff alleges causes of action for alleged violations arising under the United States Constitution, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and under other laws of the United States, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986.

465. Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

466. Plaintiff alleges that pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4), relevant to Plaintiff's case, states as follows:

> "(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights,"

467. Plaintiff alleges that Plaintiff has an absolute right to bring this Cause of Action to

the District Court under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 which states that the District Courts shall have Original Jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiff also alleges that Plaintiff has an absolute right to bring this Cause of Action to the District Court under Original Jurisdiction pursuant to 28 U.S.C. § 1343(a),(1),(2),(3), which states: (a) the District Courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

468. Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, which Plaintiff alleges resulted in the “Ongoing” and/or “Continuing Violation” of Plaintiff’s Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1986.

469. Plaintiff alleges that pursuant to 42 U.S.C. § 1986, relevant to Plaintiff’s case, states

as follows:

> "42 U.S.C. § 1986 - Action for neglect to prevent"
> "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed,"
> ..........."and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;"

470. Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to violate Plaintiff's Constitutional rights and/or privileges, and/or to do, and/or to cause to be done, any of the Defendants acts in furtherance of the alleged conspiracy, whereby Plaintiff was injured in his person and/or in his Private Property, and/or Plaintiff was deprived of having and/or exercising any right and/or any privilege of a Citizen of the United States, Plaintiff alleges that all of the named Defendants having the power to prevent and/or having the power to aid in preventing the commission of the same, neglected and/or refused and/or failed to intervene, in violation of 42 U.S.C. § 1986 and 42 U.S.C. § 1985(3).

471. Plaintiff alleges that pursuant to 42 U.S.C. § 1986, and 42 U.S.C. §1985(2), relevant to Plaintiff's case, states as follows:

> "42 U.S.C. § 1986 - Action for neglect to prevent"
> "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed,"
> "42 U.S. Code § 1985 - Conspiracy to interfere with civil rights"
> "42 U.S. Code § 1985(2) Obstructing justice; intimidating party, witness, or juror"
> "If two or more persons in any State or Territory conspire

to deter,".....

......"or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;"

"42 U.S.C. § 1986 - Action for neglect to prevent"

..........."and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;"

472. Plaintiff alleges that pursuant to 42 U.S.C. § 1986, and 42 U.S.C. § 1985(3), relevant to Plaintiff's case, states as follows:

"42 U.S.C. § 1986 - Action for neglect to prevent"

"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed,"

"42 U.S.C. § 1985(3) - Depriving persons of rights or privileges"

........"If two or more persons in any State or Territory conspire"......

........"in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."..........

"42 U.S.C. § 1986 - Action for neglect to prevent"

..........."and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have

> prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;"

473. Plaintiff alleges that all of the Defendants as well as all of the other public employees in Lawrence County had an affirmative duty to intervene into Plaintiff's case to provide Plaintiff with either aid and/or to provide Plaintiff with relief from all of the unconstitutional wrongs and/or from all of the conspiratorial wrongs, being perpetrated against the Plaintiff in his person and/or in Plaintiff's Private Property for the matters alleged in this Complaint, in violation of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2), 1985(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

474. Plaintiff alleges that all of the named Defendants, and/or all other public employees in Lawrence County, (1) having knowledge of the unconstitutional and conspiratorial wrongs that either are and/or were about to be committed, and (2) Plaintiff alleges that all of the named Defendants, and/or all other public employees in Lawrence County, having the power to prevent and/or having the power to aid in preventing the commission of those wrongs, and (3) Plaintiff alleges that all of the named Defendants, and/or all other public employees in Lawrence County, neglecting to so do, where (4) the wrongful acts were committed, and (5) the wrongful acts could have been prevented with reasonable diligence by any one of the named Defendants, and/or could have been prevented by any one of the other public employees in Lawrence County, with reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action, pursuant to 42 U.S.C. § 1986.

475. Plaintiff alleges that all of the State Actor Defendants in this case, knew and/or should have known, that all of the Defendants in this case were, (1) acting under color of state law, (2) conspiring with one or more persons engaged in the conspiracy, to unlawfully and fraudulently "seize" the legal and/or equitable interest and/or possession and/or control over properties, under color of state law, and/or cause to be done any act in furtherance of the object of such fraud and conspiracy which Plaintiff alleges were, (3) only said to be in violation, under color of state law, and (4) Plaintiff alleges that all of the Defendants in this case, knew and/or should have known, that all of the Defendants in this case were, acting under color of state law, and that any act in furtherance of the object of such conspiracy, imposing excessive and/or arbitrary fines and/or penalties, under color of state law, in the form of unlawful and fraudulent erroneous liens, which Plaintiff alleges were, (5) imposed against Citizens and/or against Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code and (6) Plaintiff alleges thereby effecting a "taking" of property from those who are only said to be in violation, under color of state law, (7) without "Due Process" and (8) without "Just Compensation", which Plaintiff alleges would implicate violations under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

476. Plaintiff alleges that all of the fraud and conspiracy, alleged against all of the State Actor Defendants in this complaint, was motivated by Defendants Greed and/or by Defendants Arrogance and/or by Defendants Elitism and/or by Defendants Financial Gain and/or by Defendants Public Corruption and/or by Defendants Otherwise Invidious Class-Based

Discrimination, in that Plaintiff alleges that at all times relevant to the events described herein; all of the State Actor Defendants in this case were all "Public Employees" employed in Lawrence County and Plaintiff alleges that at all times relevant to the events described herein; all of the State Actor Defendants in this case were all "State-Actors", acting under color of state law, and Plaintiff alleges that at all times relevant to the events described herein; all of the State Actor Defendants in this case were all "members" of the same class and Plaintiff alleges that at all times relevant to the events described herein; all of the Defendants in this case were all "members" of the "Lawrence-County-State-Actors-Class" and Plaintiff alleges that at all times relevant to the events described herein; all of the Defendants in this case were all "members" of the "Ruling-Class" and Plaintiff alleges that at all times relevant to the events described herein; the Plaintiff in this case was just a "Construction Worker" and the Plaintiff in this case was just a "member" of the "working-class", working mostly outside the State of Illinois for extended periods of time and Plaintiff alleges that at all times relevant to the events described herein; Plaintiff alleges that all of the fraud and conspiracy against the Plaintiff in this case alleged in this complaint was motivated by Defendants otherwise invidious class-based discrimination, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

477. Furthermore, Plaintiff alleges that every "member" of the "Lawrence County State Actors Class", are all biased and prejudiced in the outcome of this case with direct and inherent conflicts of interest in that Plaintiff alleges that every "member" of the "Lawrence County State Actors Class", have a financial stake in the outcome of this case, and Plaintiff's only financial

stake in the outcome of this case is whether or not Plaintiff will fully and completely regain legal and/or equitable interest and/or possession and/or control over Plaintiff's own Private Property.

478. Plaintiff alleges that the Fourth Amendment to the United States Constitution guarantees that citizens, such as Plaintiff, should be secure in their homes and effects, free from unwarranted government interference. The Fifth Amendment bars the government from taking Citizens' property without just compensation and insures equal protection under the law. The Fourteenth Amendment guarantees equal protection under the law and that citizens, such as Plaintiff, shall not be deprived of Property without Due Process of law. The Fourteenth Amendment also guarantees that Citizens, such as Plaintiff, will receive equal protection from the law, regardless of their degree of connection, and/or the lack thereof, to City and/or County leaders. The protection of an adversarial hearing before a "Neutral Magistrate" is of particular importance where the Government, and other "members" of the "Lawrence County State Actors Class", has a Direct Financial Interest in the Outcome of the Proceeding.

479. Plaintiff also alleges that all of the State Actor Defendants in this case, knew and/or should have known, that the Due Process Clauses in the Fifth and Fourteenth Amendments, require that, before a person is deprived of his Real Property by the government, he must be given notice and an opportunity for a "meaningful hearing" before a "neutral magistrate", and that there must be a judicial determination that the seizure is justified. Furthermore, the Fourth Amendment guarantees each citizen of the United States "[t]he right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Eighth Amendment and the Fourteenth Amendment bar the government from imposing such excessive and/or arbitrary fines and/or penalties. Plaintiff alleges that all of the Defendants in this case, acting under color of state law, have continued (in an "Ongoing" and/or "Continuing Violation")

to violate Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

480. Furthermore, Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, Plaintiff alleges that Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, seized legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, without Plaintiff being given a prior opportunity for a "Due Process" hearing and/or without a prior and/or valid "Court Order" being given by a Court of Competent Jurisdiction, which Plaintiff alleges amounts to an "unreasonable seizure" of property and so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property from those who are only said to be in violation without "Due Process" and without "Just Compensation" in violation of the Fourth (unreasonable seizure), Fifth (takings) (equal protection), Eighth (excessive and/or arbitrary fines and/or penalties), and Fourteenth (equal protection) (substantive and procedural due process) Amendments, which Plaintiff alleges amounts to nothing less than Civil Forfeiture and/or amounts to nothing less than Legalized Theft of Citizens Real Property for only an alleged violation.

481. Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL, as one of the "Lien Holders" against Plaintiff's Private Property, Plaintiff alleges that Defendants, and/or through and/or by one or more of their agents, namely Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence

County, seized legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

482. The Fourth Amendment to the United States constitution guarantees that citizens, such as Plaintiff, should be secure in their homes and effects, free from unwarranted government interference. The Fifth Amendment bars the government from taking citizens' property without just compensation. The Fourteenth Amendment guarantees that citizens, such as Plaintiff, shall not be deprived of property without due process of law. The Fourteenth Amendment also guarantees that citizens, such as Plaintiff, will receive equal protection from the law, regardless of their lack of degree of connection to public employees in Lawrence County.

483. Defendants acts of seizing legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction, had no basis in law and therefore constituted an "unreasonable seizure" *per se* in violation of the Fourth Amendment of the United States Constitution.

484. Plaintiff also alleges that the Due Process Clauses in the Fifth and Fourteenth Amendments, insure equal protection of the law and require that, before a person is deprived of his Real Property by the government, he must be given notice and an opportunity for a "meaningful hearing" before a "neutral magistrate", and that there must be a judicial determination that the seizure is justified.

485. Nevertheless, Defendants cite and rely on Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Defendants cite and rely on Section 11-31-1 of the

Illinois Municipal Code, as their sole authority for seizing legal and/or equitable interest and/or possession and/or control over alleged offending properties for an alleged violation.

486. Plaintiff alleges that Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code are unconstitutional on its face as stated authority and as applied authority because the imposition of fines and/or penalties appear to be imposed automatically in the form of what Plaintiff alleges is some sort of unlawful and fraudulent erroneous lien imposed against Citizens and/or against Citizens Private Property who are only said to be in violation to effect a "taking" of Citizens Property without "Due Process" and without "Just Compensation", in violation of equal protection under the law and in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments.

487. Plaintiff also alleges that the excessive and/or arbitrary fines and/or penalties imposed against Citizens and/or against Citizens Private Property in the form of what Plaintiff alleges is an unlawful and fraudulent erroneous lien imposed against Citizens and/or against Citizens Private Property for an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code, amounts to an "unreasonable seizure" of property and are so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property from those who are only said to be in violation without "Due Process" and without "Just Compensation" in violation of the Fourth (unreasonable seizure), Fifth (takings) (equal protection), Eighth (excessive and/or arbitrary fines and/or penalties), and Fourteenth (equal protection) (substantive and procedural due process) Amendments, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§

1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

488. Plaintiff alleges that in weighing the government's legitimate interest in eliminating nuisances such as dilapidated and abandoned buildings from abandoned properties, Plaintiff alleges that Defendants cannot even legitimately claim a legitimate State Interest, as a legitimate defense for all of the Defendants alleged actions alleged in this complaint.

489. Plaintiff alleges that Defendant Neal's, and/or Defendant Griffin's, and/or Defendant Bridgeport's, and/or Defendant Morey's, and/or Defendant Lawrence County's, acts and/or Plaintiff alleges that all of the Defendants' acts of seizing legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property without Plaintiff being given a prior opportunity for a due process hearing and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction and conspiring to deny Plaintiff of his Constitutional Rights, as well as, all other of Defendants actions and/or acts alleged in this complaint were all undertaken maliciously, wantonly, and/or oppressively. Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

490. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff prays that this Court:

A. Declare Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code are unconstitutional on their face and/or as applied, and enjoin Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, from all further attempts to enforce Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code;

B. Award compensatory damages from Defendant Neal, and from Defendant Griffin, and from Defendant Bridgeport, and from Defendant Morey, and from Defendant Lawrence County in an amount to be determined at trial for the matters alleged in this Complaint;

C. Award punitive damages as provided by law;

D. Award costs of suit incurred;

E. Even though Plaintiff is filing this action in this Court Pro Se, Plaintiff intends to obtain competent and qualified legal counsel to represent him in this case going forward, therefore Plaintiff requests that this Court award all costs of suit incurred and award reasonable

attorney's fees; and

F. Provide such other and further relief as the Court may deem proper.

MOTION FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF

491. Plaintiff incorporates paragraphs 1. - 596., as if set forth in this section in full.

492. Plaintiff alleges that the entire Constitutional, Judicial, and Legal System was designed, established, and intended to protect the Citizens of the United States from government overreach, and to insure Citizens Equal Protection, Constitutional Rights, Freedoms, and Liberties, are guaranteed. However, Plaintiff alleges that the Defendants in this case have turned the entire concept of Equal Protection and Procedural Due Process completely upside-down and backward and thereby, the Defendants in this case have turned the entire concept of Equal Protection and Substantive Due Process completely upside-down and backward as well.

493. Plaintiff alleges that all of the corporate authorities of Defendant Bridgeport, as well as all of Defendant Bridgeport's agents, as well as all of the public authorities of Defendant Lawrence County, as well as all of Defendant Lawrence County's agents, as well as all of the Defendants, as well as all of the Defendants' agents, knew or should have known that (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1. (a), (i), (d), (commands) that the (corporate authorities shall apply) to the (circuit court of the county) in which the building is located (for an Court order) (authorizing) (legal action to be taken) with respect to a building, and (if the municipality proves in Court) that the conditions described in this subsection exist, and (if the owner of record of the property) does not (enter an appearance in the legal action), (the court) shall declare the property abandoned.

494. However, Plaintiff alleges that because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances

of the City of Bridgeport and because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 11-31-1 of the Illinois Municipal Code, Plaintiff alleges that on June 22, 2020, Plaintiff was improperly forced to be the Party to file first in the State Court, in Lawrence County, in order to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property. Plaintiff alleges that all of the State Actor Defendants in this case have turned the entire concept of Procedural Due Process, and Substantive Due Process, and Equal Protection, completely upside-down and backward. Plaintiff states that after receiving the "Notice To Remediate", because it appeared to Plaintiff that some sort of legal action had already been taken against Plaintiff and/or against Plaintiff's property interests in Plaintiff's Private Property prior to the end of the thirty (30) days given by the "Notice To Remediate", which was indicated by the listing of Defendant Morey as one of the "Lien Holders" against Plaintiff's Private Property in the "Notice To Remediate", Plaintiff states that when Plaintiff was preparing to file Plaintiff's "objections" in the State Court, Plaintiff was unsure whether Plaintiff was the Petitioner or whether Plaintiff was the Respondent because Plaintiff was unsure whether the State Actor Defendants had already filed a case in the Circuit Court of Lawrence County against the Plaintiff, which Plaintiff alleges, would have made the Plaintiff in this case, the Respondent in the State Court, and would have made the all of the State Actor Defendants in this case, the Petitioners in the State Court. However, Plaintiff alleges that because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 11-31-1 of the Illinois Municipal Code, and because all of the State Actor Defendants in this case, as well as all of their agents, failed to apply to the Circuit Court of Lawrence County in

which Plaintiff's Private Property is located for a Court Order Authorizing legal action to be taken with respect to the remainder of the former structure located on Plaintiff's Private Property, Plaintiff prepared two sets of documents. One set of documents was prepared to reflect that Plaintiff was the Petitioner and one set of documents was prepared to reflect that Plaintiff was the Respondent, and Plaintiff intended to file whichever one set of documents would be required by the State Court. However, when Plaintiff tried to file the documents in the State Court, in Lawrence County, on or about June 20, 2020, Plaintiff was told by an employee of the Clerk's office of the State Court, other than the Clerk herself, that there was no case which had already been filed against the Plaintiff or which was currently pending in the State Court against the Plaintiff, so Plaintiff attempted to file the one set of documents which was prepared to reflect that Plaintiff was the Petitioner. However, the employee of the Clerk's office of the State Court refused to file the documents claiming that Plaintiff's documents were deficient and claiming that the State Court Judge would not like the fact that Plaintiff's documents had been filed. Therefore, Plaintiff alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that Plaintiff was forced to prepare a third set of documents and when Plaintiff tried to file the third set of documents in the State Court case on June 22, 2020. Plaintiff also alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that Plaintiff was improperly forced to be the Party to file first in the State Court case, in order to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property. Plaintiff also alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that Plaintiff was also improperly forced to be the Petitioner in the State Court. Plaintiff also alleges that because the State Actor

Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that Plaintiff was also improperly forced to pay the required filing fee of $326.00 in the State Court, in order for Plaintiff to file Plaintiff's "objections" and in order for Plaintiff to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property. (See copy of State Court Filing Fee Receipt attached hereto as Exhibit (8.).

495. On or about July 7, 2022, Defendant Neal filed in State Court: (Doc. 9.) Notice Of Hearing - Motion To Dismiss, whereby Defendants requested an immediate hearing to dismiss Plaintiff's Cause of Action and the Notice of Hearing was set for July 26, 2022.

496. On July 26, 2022, during the hearing to dismiss Plaintiff's Cause of Action (Doc. 2.), the State Court struck down Plaintiff's Cause of Action (Doc. 2.), and kept in place: (Doc. 3.) Petitioner's Objections To The Proposed Actions Against Him And Motion For Injunctive Relief. After the State Court struck down Plaintiff's Cause of Action, Plaintiff objected to the actions of the State Court and Plaintiff requested in open-court that the State Court take up and/or rule on all of Plaintiff's pending Motions. However, the State Court refused Plaintiff's request. Furthermore, after the State Court refused Plaintiff's request to take up and/or to rule on any of Plaintiff's pending Motions, Plaintiff attempted to submit, in open-court, (Doc. 11.) Petitioner's Supplemental Motion to Quash Respondents Motion To Dismiss Petitioner's Cause of Action and Petitioner's Supplemental Motion to Quash Respondents Response To Petitioner's Objections and (Doc. 12.) Petitioner's Supplemental Motion To Stay and/or Continue. However, the State Court refused Plaintiff's attempt to submit Plaintiff's Supplemental Motions in open-court and the State Court Judge stated that Plaintiff was free to file his Motions with the Clerk of the Court after the hearing had concluded. Over Plaintiff's objections to the actions of the State Court, the State Court Judge then declared that Plaintiff's case was to be set for a bench trial and

then the State Court Judge conferred with Defendant Neal about the scheduling of the planned bench trial. After the State Court Judge settled on a date that was mutually agreeable with Defendant Neal, the State Court Judge set the planned bench trial for September 8, 2022, without even attempting to confer with the Plaintiff in this case.

497. However, Plaintiff alleges that Plaintiff's State Court case was not ripe for a bench trial. Plaintiff also alleges that all of the State Actor Defendants in this case, including Attorney Defendant Neal, knew or should have known that Plaintiff's State Court case was not ripe for a bench trial. Plaintiff also alleges that every "member" having anything to do with the adjudication of this case in Lawrence County, knew or should have known that Plaintiff's State Court case was not ripe for a bench trial. Plaintiff further alleges that even if the State Actor Defendants truly believed that Plaintiff's case was ripe for a bench trial, and if the Plaintiff disagreed, and if the Plaintiff objected to going forward, and if the Plaintiff absolutely refused to proceed to a bench trial which Plaintiff alleges was planned for September 8, 2022, Plaintiff alleges that the most that the State Court could do, and/or the most that the State Court should do, is to dismiss the Plaintiff's case for Lack of Prosecution.

498. Plaintiff also alleges that on July 26, 2022, after the State Court refused to take up and/or to rule on any of Plaintiff's pending Documents and Motions, and after the State Court refused to allow Plaintiff to submit either of Plaintiff's Supplemental Motions in open-court, and after the State Court set this case for a bench trial set for September 8, 2022, Plaintiff alleges that the State Court effectively barred any and/or all of Plaintiff's Constitutional claims under the United States Constitution raised by Plaintiff on August 11, 2020, in (Doc. 7.) Petitioner's Motion To Quash Respondents Motion To Dismiss and Respondents Response To Petitioner's Objections, whereby in paragraph 12. Plaintiff stated:

> "Petitioner's Cause Of Action is based upon violations of Substantive Due Process and Procedural Due Process as founded under the principles set forth in the "Due Process Clause" as well as other "privileges and immunities" under the United States Constitution."

499. However, Plaintiff alleges that Plaintiff's case became removable to the District Court, following the events which occurred and the actions that were taken by the State Court on July 26, 2022 and on September 1, 2022, Plaintiff filed, in the United States District Court for the Southern District of Illinois, Plaintiff's Notice of Removal of Pending State Court Action, whereby Plaintiff contended that his case fell within an exception to Federal Court Abstention that derived from *Younger* premised on the "lack of an adequate state forum." Plaintiff also contended that unlike the other two exceptions, the Court has actually used this exception in practice. In *Gibson,* for example, the Court found that federal intervention is appropriate under this exception if the state courts are biased and unable to be trusted on a particular issue. In *Gibson,* the Court found that a board of optometrists was incapable of fairly adjudicating a particular suit because every member had a financial stake in its outcome.

500. Plaintiff alleged that Plaintiff lacked an adequate state forum because Plaintiff alleged that the Second Judicial Circuit Court in Lawrence County Illinois was biased and prejudiced against the Plaintiff with direct and inherent conflicts of interest in that one of the named Defendants, Defendant Morey, is the Lawrence County Treasurer and a County employee at the Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL.

501. Furthermore, Plaintiff alleged that Plaintiff lacked an adequate state forum because one of the named Defendants, Defendant Neal, was City Attorney for Defendant Bridgeport; a municipality in Lawrence County Illinois, as well as Defendant Neal was Attorney for the County Seat of Lawrence County, Lawrenceville Illinois.

502. Moreover, Plaintiff alleged that Plaintiff lacked an adequate state forum because one of the named Defendants is Defendant Lawrence County itself and Plaintiff alleged that any State Court Judge that would hear this case in Lawrence County, as well as all other persons and/or "members" connected to the Second Judicial Circuit Court in Lawrence County are employees of Lawrence County and/or employees of the State of Illinois employed in Lawrence County and Plaintiff alleged that the State Courts of the Second Judicial Circuit were unable to be trusted in the particular issues raised in the Plaintiff's case.

503. Plaintiff also alleged that the events which occurred and the actions that were taken by the State Court on July 26, 2022 during the hearing to dismiss Plaintiff's Cause of Action displays an example of the bias and prejudice of the State Court against the Plaintiff as well as displays an example of the bias and prejudice of the State Court in favor of Defendant Neal and thereby displays an example of the bias and prejudice of the State Court in favor of all of the Defendants in the Plaintiff's case.

504. Plaintiff further alleged that even if Plaintiff had employed recusal provisions to remove a particular biased judge, Plaintiff alleged that the bias and prejudice is so systematic and pervasive that the recusal provisions would be either unavailable or ineffective.

505. Moreover, Plaintiff alleged that every "member" having anything to do with the adjudication of this case, in the State Court, in Lawrence County, are biased and prejudiced in the outcome of this case with direct and inherent conflicts of interest and/or every "member" having anything to do with the adjudication of this case, in the State Court have a financial stake in its outcome and Plaintiff alleged that Plaintiff had no other adequate alternative remedy at law.

506. Even though Plaintiff had submitted a Motion to Stay and/or Continue the State Court case to find proper and qualified legal Counsel, Plaintiff has information and has reason to

believe that Defendant Neal caused the nearly two-year delay in the State Court case, because Defendant Neal did not want to proceed with the State Court case, in the State Court, until after the State Court had lifted its face-mask mandate and Plaintiff alleges that every "member" having anything to do with the adjudication of this case in the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the nearly two-year delay in the State Court case, seemingly, just to accommodate Defendant Neal.

507. Plaintiff states that Plaintiff is not even close to being an expert concerning legal matters by any means. However, Plaintiff alleges that after one digs into the details of this case and one thinks logically about the details of this case, certain questions come to mind, such as, what Court System, in the entire United States, would seemingly allow and/or seemingly permit a nearly two-year delay in any pending court case, just to accommodate any Attorney.

508. Furthermore, what Court System, in the entire United States, would seemingly allow and/or seemingly permit any pending case to just linger in the Court without any activity in the case for a nearly two-year delay. Plaintiff alleges that in any Competent Court of Jurisdiction, the Court would have, and/or should have; dismissed Plaintiff's pending case for Lack of Prosecution. Which Plaintiff alleges, brings another question to mind about this case; why didn't the State Court, in Lawrence County, dismiss Plaintiff's pending case for Lack of Prosecution.

509. Plaintiff alleges that there is only one reason that is obvious to Plaintiff, which Plaintiff alleges is that if the State Court, in Lawrence County, would have dismissed Plaintiff's pending case for Lack of Prosecution, Plaintiff alleges that none of the Defendants, including Attorney Defendant Neal, would have been able to conduct the so called "bench trial" which Plaintiff alleges was planned for September 8, 2022, in order for the State Actor Defendants to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's pending case.

510. Plaintiff alleges that even though the Defendants had already seized legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, and even though Plaintiff was forced to be the party who filed first, in the State Court case, to prevent the Defendants from seizing complete possession and/or to prevent the Defendants from seizing complete control over Plaintiff's Private Property, Plaintiff alleges that based upon the events which occurred, and based upon the actions that were taken by the State Court on July 26, 2022, during the hearing on Defendants Motion to Dismiss, Plaintiff's Document titled "Petitioner's Cause of Action", Plaintiff alleges that just like in some kind of upside-down and backward bizarro world, the State Court, in Lawrence County, treated the Plaintiff's case as if the Plaintiff's case were brought by the State against the Plaintiff. Plaintiff also alleges that the State Court, in Lawrence County, treated the Plaintiff as if the Plaintiff were the Defendant in the case. Plaintiff further alleges that the State Court, in Lawrence County, treated the Attorney for the Defendants, Attorney Defendant Neal, as if Attorney Defendant Neal were the Prosecutor in the case, prosecuting the Plaintiff.

511. Plaintiff alleges that just like in some kind of upside-down and backward bizarro world whereby the Defendant actually drags the Plaintiff into Court, Plaintiff alleges that even though the Plaintiff in this case, originally filed Plaintiff's "Cause of Action" in the State Court, in Lawrence County, against the State; to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property, and Plaintiff alleges that even though any trial which would eventually be conducted, born out of Plaintiff's State Court case, should have had subject matters of (1) Plaintiff's allegations of the State Actor

Defendants, acting under color of state law, violating Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and Plaintiff alleges that Plaintiff's State Court case should have had subject matters of (2) Plaintiff's allegations that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or the application of Section 11-31-1 of the Illinois Municipal Code, are unconstitutional on their face as stated authority and as applied authority against Plaintiff in this case, and Plaintiff alleges that Plaintiff's State Court case should have had subject matters of (3) Plaintiff's allegations that the excessive and/or arbitrary fines and/or penalties in the form of what Plaintiff alleges amounts to an unlawful and fraudulent erroneous lien, which Plaintiff alleges is imposed, under color of state law, against Citizens and/or against Citizens Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges amounts to an "unreasonable seizure" of property, under color of state law, and so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the

Fourteenth (equal protection) (substantive and procedural due process) Amendments to the United States Constitution, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

512. Furthermore, Plaintiff alleges that because Plaintiff originally filed Plaintiff's State Court case, in the State Court, in Lawrence County, against the State; to prevent the State Actor Defendants from seizing complete possession and/or complete control over Plaintiff's Private Property, Plaintiff alleges that any trial which would eventually be conducted, born out of Plaintiff's State Court case, should NOT have had subject matter about whether or not Plaintiff and/or Plaintiff's Private Property either was, and/or was not, in fact in violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or whether or not Plaintiff and/or Plaintiff's Private Property either was, and/or was not, in fact in violation of Section 11-31-1 of the Illinois Municipal Code.

513. Furthermore, Plaintiff truly believes and hereby alleges that if Plaintiff would have been forced to proceed with the so called "bench trial" in the State Court, in Lawrence County, which Plaintiff alleges was planned for September 8, 2022, Plaintiff truly believes and hereby alleges that Attorney Defendant Neal, and the State Court, in Lawrence County, would have found the Plaintiff, in this case, guilty of something, which Plaintiff truly believes, and hereby alleges, would have resulted in the complete and total loss of Plaintiff's Private Property. Which Plaintiff alleges brings another question to mind about this case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against the State Actor Defendants; what Court System, in the entire United States, would find the Plaintiff guilty of anything, much

less find the Plaintiff guilty of anything which Plaintiff alleges would have resulted in the complete and total loss of Plaintiff's Private Property.

514. Moreover, Plaintiff alleges that during the nearly two-year delay in the State Court case, even though the State Court was open to the public for regular business, other than the public was required to wear a face-mask at all times entering the State Courthouse, while Plaintiff was waiting for the State Court to take some kind of action on any and/or on all of Plaintiff's pending Documents and Motions, and while Defendant Neal was waiting until after the State Court had lifted its face-mask mandate before proceeding with Plaintiff's pending case, Plaintiff alleges that the so called "Dangerous Building" located on Plaintiffs Property did not seem to be an issue of concern for Defendant Neal nor did it seem to be an issue of concern for Defendant Bridgeport nor did it seem to be an issue of concern for any of the named Defendants in Lawrence County until just after the State Court had lifted its face-mask mandate.

515. Nevertheless, on September 1, 2022, Plaintiff filed, Plaintiff's "Notice of Removal of Pending State Court Action", in the District Court, however, after Plaintiff moved to remove Plaintiff's State Court case from the State Court, in Lawrence County Illinois, to the District Court, the District Court decided that removal by the "Plaintiff" was improper and the District Court remanded Plaintiff's State Court case back to the State Court, in Lawrence County, and Plaintiff alleges that on September 12, 2022, the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County Illinois, to "Close This Case."

516. However, Plaintiff alleges that even though District Court remanded Plaintiff's State Court case back to the State Court, in Lawrence County, and Plaintiff alleges that even though the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County, to "Close This Case.", Plaintiff alleges that State Court, and/or the Clerk of the State Court, in Lawrence

County, seemingly chose to either ignore and/or deify the District Court's DIRECTION to Close Plaintiff's Remanded State Court Case, and instead Plaintiff alleges that the State Court, in Lawrence County, seemingly chose to maintain Plaintiff's remanded State Court case as an open case. Which Plaintiff alleges brings another question to mind about Plaintiff's State Court case; why would the State Court and/or the Clerk of the State Court, in Lawrence County, seemingly choose to either ignore and/or deify the District Court's DIRECTION to Close Plaintiff's Remanded State Court Case, and instead the State Court, in Lawrence County, seemingly chose to maintain Plaintiff's remanded State Court case, in the State Court, as an open case.

517. Plaintiff alleges that there is only one reason that is obvious to Plaintiff, Plaintiff alleges that the State Court, in Lawrence County, maintained Plaintiff's remanded State Court case, in the State Court, as an open case, for the same reasons that Plaintiff alleges that the State Court, in Lawrence County, did not dismiss Plaintiff's then pending State Court case for Lack of Prosecution, which Plaintiff alleges is that if the State Court, in Lawrence County, would have dismissed Plaintiff's then pending State Court case for Lack of Prosecution, Plaintiff alleges that all of the "members", having anything to do with the adjudication of this case, in the State Court, in Lawrence County, including Attorney Defendant Neal, would NOT have been able to conduct the so called "bench trial" which Plaintiff alleges was planned for September 8, 2022, in order for the State Actor Defendants to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's then pending State Court case.

518. Plaintiff truly believes and hereby alleges that the reason the District Court "DIRECTED" the Clerk of the State Court, in Lawrence County Illinois, to Close Plaintiff's Remanded State Court Case, instead of the District Court just simply remanding Plaintiff's case, back to the State Court, in Lawrence County, without any direction, Plaintiff alleges that the

District Court understood the upside-down and backward bizarro world nature of Plaintiff's State Court case, whereby the Defendant actually drags the Plaintiff into Court, by proxy, which Plaintiff alleges was completely brought about because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and because all of the State Actor Defendants in this case, as well as all of their agents, failed to follow (65 ILCS 5/11-31-1) (from Ch. 24, par. 11-31-1) Sec. 11-31-1., of the Illinois Municipal Code, and because all of the State Actor Defendants in this case, as well as all of their agents, failed to provide the Plaintiff in this case with the proper and Constitutionally required "Due Process", which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

519. Plaintiff alleges that because the State Court, in Lawrence County, seemingly choose to either ignore and/or deify the District Court's DIRECTION to "Close This Case.", and instead the State Court, in Lawrence County, seemingly chose to maintain Plaintiff's remanded State Court case, in the State Court, as an open case, Plaintiff alleges that Plaintiff was then forced to file in the State Court, in Lawrence County, on October 14, 2022, Petitioner's Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice, in order for Plaintiff to end Plaintiff's remanded State Court case.

520. On November 10, 2022, the State Court, in Lawrence County Illinois granted Petitioner's Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice, stating the following: "Michael Allison; Motion of Petitioner (MA) to Dismiss the

Petition (Complaint) Herin W/O Prejudice is Hearby Granted". (See State Court "Record Sheet" from 04/04/2024 attached hereto as Exhibit (5.).

521. Plaintiff alleges that on or about September 29, 2023, Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving Plaintiff (30) days to move to vacate the Circuit Court's Order granting Plaintiff's previous "Motion to Voluntarily Suspend and/or to Dismiss Petitioner's Pending Case, Without Prejudice", which Plaintiff alleges had been Previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff alleges had been Previously Granted and Ordered Dismissed by the State Court, on November 10, 2022. (See "Notice Of Intent To Proceed With Demolition" from September 29, 2023, attached hereto as Exhibit (3.).

522. Plaintiff alleges that the "Notice Of Intent To Proceed With Demolition" also states that Plaintiff is advised that if Plaintiff does not file the motion to vacate the order of dismissal, and give the required notice within (30) days after the mailing of the notice, and serve a copy of the motion on the Chief Executive Officer of the City: Mayor Tyler J. Griffin, or if the motion is denied by the Court, or if the action is again dismissed, then the dismissal is with prejudice and the demolition of Plaintiff's Property will proceed forthwith. However, Plaintiff alleges that after Plaintiff was sent, "Notice Of Intent To Proceed With Demolition" by certified mail, on or about September 29, 2023, Plaintiff chose not to comply with any of the State Actor Defendants improper demands and Plaintiff alleges that Plaintiff did NOT file any other Motions into Plaintiff's Previously and Properly Dismissed State Court case, which Plaintiff alleges was no longer pending, in the State Court, in Lawrence County Illinois.

523. Plaintiff also alleges that by the State Actor Defendants, acting under color of state law, conspiring with and/or conspiring through and/or conspiring by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, Plaintiff alleges that the State Actor Defendants in this case, created a brand new "Cause of Action" in which Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's Substantive Due Process rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's Equal Protection rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff alleges that the State Actor Defendants in this case, once again violated Plaintiff's other "privileges" and "immunities" under color of state law, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

524. Plaintiff also alleges that by the State Actor Defendants in this case, acting under color of state law, conspiring with and/or conspiring through and/or conspiring by one or more of their agents, acting under color of state law, to send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, Plaintiff alleges that the State Actor Defendants in this case not only created a brand new "Cause of Action", but Plaintiff also alleges that the plain language used by the State Actor Defendants in the "Notice Of Intent To Proceed With Demolition", Plaintiff also alleges that the State Actor Defendants themselves demonstrate

that all of the issues raised by the Plaintiff in this case about all of the matters alleged in this complaint, were all part of an "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, which Plaintiff alleges Relates Directly Back and/or Plaintiff alleges Directly Relates Back to Plaintiff's original "Cause of Action" which Plaintiff alleges began, on or about May 27, 2020, sometime prior to the end of the thirty (30) day time period being given to the Plaintiff in this case by the "Notice To Remediate", and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, and continuing to the present date, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

525. Nevertheless, Plaintiff alleges that on or about March 13, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, and/or acting under color of state law, through and/or by one or more of its agents, and/or through and/or by one or more of the Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to Improperly Reopen Plaintiff's Previously Dismissed State Court case, which Plaintiff alleges had been Previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff alleges had been Previously Ordered Dismissed by the State Court, in Lawrence County Illinois, on November 10, 2022. Furthermore, Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly Reopen Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one

and/or all of the other State Actor Defendants in this case.

526. Plaintiff alleges that based on the most recent actions and/or acts of the State Actor Defendants in this case, brings another question to mind about Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against all of the State Actor Defendants; and if such Plaintiff were cheated and deprived of such Plaintiff's Due Process Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff were cheated and deprived of such Plaintiff's Equal Protection Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff chose to Motion to Dismiss such "Cause of Action" against such State Actor Defendants; what Defendant, in the entire United States, would Improperly, and Plaintiff alleges Purposefully, Reopen the Plaintiff's Previously and Properly Dismissed State Court case.

527. Furthermore, Plaintiff also alleges that based on the most recent actions and/or acts of the State Court, in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; what Court System, in the entire United States, would seemingly allow and/or seemingly permit any such Attorney, representing any such Defendant, to Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case.

528. Plaintiff also alleges that on or about March 13, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, and/or acting under color of state law, through and/or by one or more of its agents, and/or through and/or by one or more of the Defendants, acting under color of state law, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to Improperly file a "Notice of Status Hearing", into Plaintiff's Previously and Properly Dismissed State Court case.

Furthermore, Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted Defendants to Improperly file the "Notice of Status Hearing", into the Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. (See "Notice of Status Hearing" attached hereto as Exhibit (6.).

529. Plaintiff alleges that based on the most recent actions and/or acts of all of the State Actor Defendants in this case, brings another question to mind about Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against all of the State Actor Defendants; and if such Plaintiff were cheated and deprived of such Plaintiff's Due Process Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff were cheated and deprived of such Plaintiff's Equal Protection Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff chose to Motion to Dismiss such "Cause of Action" against all such State Actor Defendants; what Defendant, in the entire United States, would Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case to File any such "Notice of Status Hearing" into any such Plaintiff's Previously and Properly Dismissed State Court case.

530. Furthermore, Plaintiff also alleges that based on the most recent actions and/or acts of the State Court, in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; what Court System, in the entire United States, would seemingly allow and/or seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's

Previously and Properly Dismissed State Court case, to seemingly allow and/or to seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, File any such "Notice of Status Hearing" into any such Plaintiff's Previously and Properly Dismissed State Court case.

531. Plaintiff further alleges that on or about March 27, 2024, Defendant Neal, acting under color of state law, as an agent for Defendant Bridgeport, acting under color of state law, through and/or by one or more of its agents, and/or Defendants, acting under color of state law, through and/or by one or more of their agents, conspired with and/or conspired through and/or conspired by one or more of their agents, acting under color of state law, to Improperly file "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case. Furthermore, Plaintiff alleges that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants to Improperly file the "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. Moreover, Plaintiff alleges that the State Court, in Lawrence County, set the planed hearing, in the State Court, in Lawrence County, for May 15, 2024, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. (See "Notice of Hearing - Demolition of Unsafe and Dangerous Building" attached hereto as Exhibit (7.).

532. However, Plaintiff alleges that the plain language used by the Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building" states as follows:

> "Notice is hereby given that a hearing is scheduled in the above-captioned proceeding before the Honorable Michael Strange

> in Courtroom A of the Lawrence County Courthouse in Lawrenceville, Illinois on Wednesday, May 15, 2024 at 9: 30 a.m. on the Petitioner's Objections filed herein on June 22, 2020, and the Respondent's Response thereto on July 20, 2020. Your failure to appear, or if your objections are not sustained, may result in the Court entering an order authorizing the Respondent, City of Bridgeport, Illinois, to enter upon the subject property and undertake the immediate demolition of the building or buildings thereon deemed dangerous and unsafe. Dated: March 27, 2024."

533. Plaintiff truly believes, and hereby alleges, that based on the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", conveys the idea that the so called "Hearing" which was set for May 15, 2024, was intended by all of the State Actor Defendants in this case, including by Attorney Defendant Neal, and by the State Court, in Lawrence County, to act as Defendants so called "bench trial" which Plaintiff alleges was previously planned by the all of the State Actor Defendants in this case, including by Attorney Defendant Neal, and by the State Court, in Lawrence County, which Plaintiff alleges was set for September 8, 2022, in order for all of the State Actor Defendants in this case to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's Previously and Properly Dismissed State Court case.

534. Plaintiff also alleges that based on the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", conveys the idea that every word in the document was generated by the State Court, in Lawrence County itself with every word in the document sanctioned and backed by the power and the authority of the State Court, in Lawrence County itself. However, Plaintiff states that Plaintiff could be mistaken in assuming that every word in the document was NOT generated by the State Court, in Lawrence County itself with every word in the document NOT sanctioned and backed by the power and the authority of the State Court, in Lawrence County itself, after all Plaintiff alleges

that the State Court, in Lawrence County, seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly Reopen Plaintiff's Previously and Properly Dismissed State Court case and seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly File the "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case. Moreover, Plaintiff alleges that the State Court, in Lawrence County, set the planed hearing, in the State Court, in Lawrence County, for May 15, 2024, seemingly just to accommodate Attorney Defendant Neal and/or seemingly just to accommodate any one and/or all of the other State Actor Defendants in this case.

535. Plaintiff alleges that based on the most recent actions and/or acts of all of the State Actor Defendants in this case, brings another question to mind about Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a Court of Competent Jurisdiction, against all of the State Actor Defendants; and if such Plaintiff were cheated and deprived of such Plaintiff's Due Process Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff were cheated and deprived of such Plaintiff's Equal Protection Rights within such so called Court of Competent Jurisdiction; and if such Plaintiff chose to Motion to Dismiss such "Cause of Action" against all of the State Actor Defendants; what Defendant, in the entire United States, would Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case to File any such "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into any such Plaintiff's Previously and Properly Dismissed State Court case.

536. Furthermore, Plaintiff also alleges that based on the most recent actions and/or acts of the State Court in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; what Court System, in the entire United States, would seemingly allow and/or seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, Reopen any such Plaintiff's Previously and Properly Dismissed State Court case to seemingly allow and/or to seemingly permit any such Attorney, representing any such Defendants, to Improperly, and Plaintiff alleges Purposefully, File any such "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into any such Plaintiff's Previously and Properly Dismissed State Court case.

537. Plaintiff alleges that there is only one reason that Plaintiff alleges answers all of these questions that is obvious to the Plaintiff in this case, Plaintiff alleges that all of the "members", having anything to do with the adjudication of this case, in the State Court, in Lawrence County, including Attorney Defendant Neal, would then have been able to conduct the so called "bench trial" which Plaintiff alleges was previously planned for September 8, 2022, in order for all of the State Actor Defendants, including Attorney Defendant Neal, to unlawfully and fraudulently achieve Defendants desired outcome of Plaintiff's Previously and Properly Dismissed State Court case.

538. Plaintiff alleges that the Plaintiff in this case has exercised extreme Due Diligence in Plaintiff's efforts to present Plaintiff's "Cause of Action" to a Court of Competent Jurisdiction. However, Plaintiff alleges that even though the Plaintiff in this case has exercised extreme Due Diligence, Plaintiff alleges that the State Actor Defendants in this case continue to be intent and/or continue to be determined to violate Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case continue to be

intent and/or continue to be determined to violate Plaintiff's Substantive Due Process rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, continue to be intent and/or continue to be determined to violate Plaintiff's Equal Protection rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff alleges that the State Actor Defendants in this case, continue to be intent and/or continue to be determined to violate Plaintiff's other "privileges" and "immunities" under color of state law, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

539. Plaintiff alleges that by the State Actor Defendants in this case, improperly filling "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's Previously and Properly Dismissed State Court case; Plaintiff alleges that the State Actor Defendants in this case, created a brand new "Cause of Action" in which Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Procedural Due Process Rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Substantive Due Process rights, under color of state law, and Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to violate Plaintiff's Equal Protection rights, under color of state law, as founded under the principles set forth in the "Due Process" Clauses under the Fifth and Fourteenth Amendments as well as Plaintiff alleges that the State Actor Defendants in this

case, once again continue to be intent and/or continue to be determined to violate Plaintiff's other "privileges" and "immunities" under color of state law, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

540. Plaintiff also alleges that by the State Actor Defendants in this case improperly filling "Notice of Hearing - Demolition of Unsafe and Dangerous Building" into Plaintiff's dismissed State Court case, Plaintiff alleges that all of the State Actor Defendants in this case not only created a brand new "Cause of Action", but Plaintiff also alleges that based upon the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", Plaintiff also alleges that all of the State Actor Defendants in this case themselves demonstrate that all of the issues raised by the Plaintiff in this case about all of the matters alleged in this complaint, were all part of an "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights which Plaintiff alleges Directly Relates Back and/or Plaintiff alleges Relates Directly Back to Plaintiff's original "Cause of Action" which Plaintiff alleges began on or about May 27, 2020 sometime prior to the end of the thirty (30) day time period time period of notice being given to the Plaintiff in this case by the "Notice To Remediate" and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction and continuing to the present date, which Plaintiff alleges has resulted in the "Ongoing" and/or "Continuing Violation" of Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4).

541. Plaintiff states that on May 9, 2024, Plaintiff filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court, whereby Plaintiff stated in the Certificate of Service, the following:

> "It is hereby certified that on May 9, 2024, Plaintiff's Complaint and Demand for Jury Trial, was filed with the Clerk of the United States District Court for the Southern District of Illinois and one true and correct copy of this document will be served, in person, by Plaintiff, to the Lawrence County Circuit Clerk, as a courtesy to the State Court Lawrence County".

542. Plaintiff alleges that on May 14, 2024, Plaintiff served, in person, to the Lawrence County Circuit Clerk, one true and correct copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", which Plaintiff alleges was clearly marked on the document: "Courtesy Copy", as a courtesy to the State Court, in Lawrence County. Plaintiff also alleges that on May 14, 2024, Plaintiff stated to the Lawrence County Circuit Clerk, that because Plaintiff had filed, Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", in the District Court on May 9, 2024, Plaintiff would not be attending the State Court, Court date set for May 15, 2024. Plaintiff further alleges that on May 14, 2024, Plaintiff witnessed the Lawrence County Circuit Clerk make a copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", clearly marked as "Courtesy Copy", which Plaintiff alleges was intended as a courtesy to the State Court in Lawrence County, however, when Plaintiff inquired about the copy, being copied, the Lawrence County Circuit Clerk stated that the copy was intended for Attorney Defendant Neal. Plaintiff alleges that on or about May 14, 2024, the State Court in Lawrence County, and/or the Lawrence County Circuit Clerk, provided Attorney Defendant Neal with an advanced copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" even though Plaintiff states that as of

the time and the date that this Document will be filed with the Clerk of the District Court, Plaintiff states that Plaintiff has NOT officially or properly served any of the Defendants in this case with an official copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief".

543. Furthermore, Plaintiff truly believes, and hereby alleges, that if Plaintiff would have been forced to proceed with the so called "Hearing" in the State Court, in Lawrence County, which Plaintiff alleges was intended by all of the State Actor Defendants in this case, including by Attorney Defendant Neal, and by the State Court, in Lawrence County, to act as Defendants so called "bench trial" which Plaintiff alleges was planned for May 15, 2024, Plaintiff truly believes, and hereby alleges, that Attorney Defendant Neal, and the State Court, in Lawrence County, would have found the Plaintiff, in this case, guilty of something, which Plaintiff truly believes, and hereby alleges, would have resulted in the complete and total loss of Plaintiff's Private Property. Plaintiff also alleges that based on the most recent actions and/or acts of the State Actor Defendants in this case and based on the most recent actions and/or acts of the State Court, in Lawrence County, brings another question to mind about the Plaintiff's Previously and Properly Dismissed State Court case; if a Plaintiff, who brought a "Cause of Action" to a so called Court of Competent Jurisdiction, against the State Actor Defendants; what Court System, in the entire United States, would find the Plaintiff guilty of anything, much less find the Plaintiff guilty of anything which Plaintiff alleges would have resulted in the complete and total loss of Plaintiff's Private Property.

544. Moreover, Plaintiff alleges that based on the plain language used by the State Actor Defendants in the "Notice of Hearing - Demolition of Unsafe and Dangerous Building", Plaintiff alleges that if the Plaintiff in this case failed to appear before Judge Michael Strange in

Courtroom A of the Lawrence County Courthouse in Lawrenceville, Illinois on Wednesday, May 15, 2024 at 9: 30 a.m., without the Plaintiff in this case first filling Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court, on May 9, 2024, Plaintiff truly believes, and hereby alleges, that Attorney Defendant Neal, and the State Court, in Lawrence County, would have found the Plaintiff in this case guilty of something, which Plaintiff truly believes, and hereby alleges, would have resulted in the complete and total loss of Plaintiff's Private Property.

545. Plaintiff alleges that on May 15, 2024, the State Actor Defendants and the State Court, in Lawrence County held some kind of "hearing" about Plaintiff's Previously and Properly Dismissed State Court Case, which Plaintiff alleges was Improperly and Purposefully Reopened by the State Actor Defendants in this case and Plaintiff alleges that the State Court seemingly allowed and/or seemingly permitted the State Actor Defendants in this case to Improperly and/or Purposefully Reopen Plaintiff's Previously and Properly Dismissed State Court Case. However, because Plaintiff had already filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court, on May 9, 2024, Plaintiff did not attend the planed "hearing" in the State Court about Plaintiff's Previously and Properly Dismissed State Court Case.

546. Nevertheless, Plaintiff alleges that on May 15, 2024, the State Actor Defendants in this case and the State Court, in Lawrence County, once again continue to be intent and/or continue to be determined to take further action against the Plaintiff in this case by, the State Actor Defendants in this case and the State Court, in Lawrence County, setting some sort of planed "hearing" in the State Court, in Lawrence County, which the State Court referred to in the State Court Record Sheet as the following: FTC/FTA notice set for June 26, 2024, at 1:00 in

courtroom A. Attorney Defendant Neal appears for Respondents; Petitioner Failure To Appear. Case dismissed for want of prosecution. FTC set June 26, 2024 at 1:00. (See State Court "Record Sheet" from 05/17/2024 attached hereto as Exhibit (9.).

547. Furthermore, Plaintiff alleges that on or about May 14, 2024, the State Court in Lawrence County, and/or the Lawrence County Circuit Clerk, provided Attorney Defendant Neal with an advanced copy of Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief". Plaintiff alleges that on May 15, 2024, the State Actor Defendants and the State Court, in Lawrence County held some kind of "hearing" about Plaintiff's Previously and Properly Dismissed State Court Case, which Plaintiff alleges that the issue about the fact that Plaintiff had filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief" in the District Court on May 9, 2024, Plaintiff alleges was surely raised at the "hearing" on May 15, 2024.

548. Plaintiff alleges that on May 17, 2024, two days after the State Actor Defendants and the State Court, in Lawrence County held their "hearing" on May 15, 2024, Plaintiff alleges that the State Court Entered a PROPOSED ORDER on May 17, 2024, and the State Court Entered an Order Dismissing Action For Want Of Prosecution Filed., on May 17, 2024. (See State Court "Record Sheet" from 05/17/2024 attached hereto as Exhibit (9.).

549. However, Plaintiff alleges that on May 17, 2024, two days after the State Actor Defendants and the State Court, in Lawrence County held their "hearing" on May 15, 2024, Plaintiff alleges that the State Actor Defendants in this case, once again continue to be intent and/or continue to be determined to take further action against the Plaintiff in this case.

550. Plaintiff alleges that on May 17, 2024, the State Actor Defendants in this case, once again acting under color of state law, once again conspired with and/or conspired through and/or

conspired by one or more of their agents, acting under color of state law, to once again send "Notice Of Intent To Proceed With Demolition" to Plaintiff's address by certified mail, once again citing Section 11-31-1 of the Illinois Municipal Code as Defendants rationale for giving Plaintiff (30) days to Move to Vacate the State Court's Order Of Dismissal In The Aforesaid Proceeding And Serve A Copy Of The Motion On The Chief Executive Officer Of The City: Mayor Tyler J. Griffin, Bridgeport City Hall,. Plaintiff alleges that the State Actor Defendants threaten the Plaintiff that Plaintiff is Further Advised That If Plaintiff Does Not File The Motion And Give The Required Notice, Or If The Motion Is Denied By The Court, Or If The Action Is Again Dismissed For Want Of Prosecution, Then The Dismissal Is With Prejudice And The Demolition Will Proceed Forthwith. (See "Notice Of Intent To Proceed With Demolition" from May 17, 2024, attached hereto as Exhibit (10.).

551. However, Plaintiff alleges that Plaintiff is unconcerned about any of the State Actor Defendants' improper threats or improper demands for two reasons, (1) when Plaintiff filed Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", in the District Court on May 9, 2024, the Plaintiff in this case chose to file his "objections" in a Competent Court of Jurisdiction, instead of filing his "objections" in the State Court, in Lawrence County, and Plaintiff alleges that the State Actor Defendants themselves stated in the "Notice To Remediate", in relevant, part the following:

> "A person objecting to the proposed actions of the City of Bridgeport may file his or her objection in the Circuit Court of Lawrence County, Illinois or any other Court of Competent Jurisdiction."

(2). By filling Plaintiff's "Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief", in the District Court on May 9, 2024, Plaintiff alleges that the District Court NOW has Complete Jurisdiction over Plaintiff's Case, and Plaintiff

alleges that the District Court NOW has Complete Jurisdiction over all of the matters alleged in this Complaint, including Plaintiff's Motion For Injunctive Relief, which Plaintiff alleges leaves all of the State Actor Defendants in this case, including Attorney Defendant Neal, and the State Court, in Lawrence County, in the clear absence of all jurisdiction.

552. Finally, Plaintiff alleges that because of Defendant Neal's, and/or Defendant Griffin's, and/or Defendant Bridgeport's, and/or Defendant Morey's, and/or Defendant Lawrence County's, alleged acts of seizing legal and/or equitable interest and/or possession and/or control over Plaintiff's Private Property without Plaintiff being given a prior opportunity for a "Due Process" hearing and/or without a prior and/or valid "Court Order" being given by a Court of Competent Jurisdiction and denying Plaintiff of Plaintiff's Constitutional Rights, and because Plaintiff also alleges that all of the State Actor Defendants actions and/or acts alleged in this complaint were all undertaken maliciously, wantonly, and/or oppressively and because Plaintiff alleges that Plaintiff continues to be at further risk of further actions being taken against Plaintiff and/or being taken against Plaintiff's property interests in Plaintiff's Private Property and because Plaintiff continues to face irreparable harm, Plaintiff hereby respectfully requests Declaratory Judgment and Injunctive Relief from this Court. Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

553. WHEREFORE Plaintiff prays that judgment be entered in his favor and Plaintiff prays that this Court:

A. Declare Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code are unconstitutional on their face and/or as applied, and enjoin Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, from all further attempts to enforce Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code;

B. Award compensatory damages from Defendant Neal, and from Defendant Griffin, and from Defendant Bridgeport, and from Defendant Morey, and from Defendant Lawrence County

in an amount to be determined at trial for the matters alleged in this Complaint;

C. Award punitive damages as provided by law;

D. Award costs of suit incurred;

E. Even though Plaintiff is filing this action in this Court Pro Se, Plaintiff intends to obtain competent and qualified legal counsel to represent him in this case going forward, therefore Plaintiff requests that this Court award all costs of suit incurred and award reasonable attorney's fees; and

F. Provide such other and further relief as the Court may deem proper.

MOTION FOR RECUSAL OF CHIEF JUDGE ROSENSTENGEL
FOR CLEAR BIAS AND/OR PREJUDICE AGAINST THE PLAINTIFF'S CASE AND/OR
FOR CLEAR BIAS AND/OR PREJUDICE AGAINST THE PLAINTIFF IN THIS CASE

554. Plaintiff incorporates paragraphs 1. - 596., as if set forth in this section in full.

555. In support of the Plaintiff's Motion and/or Request and/or Demand that Chief Judge Nancy J. Rosenstingel recuse herself from all further actions to be taken in this case going forward, the Plaintiff states the following:

556. On January 23, 2025, the Chief Judge of the United States District Court for the Southern District of Illinois, Nancy J. Rosenstingel, filed a "MEMORANDUM AND ORDER" denying the Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint, and thereby the Chief Judge of the United States District Court for the Southern District of Illinois, Nancy J. Rosenstingel, also dismissed the Plaintiff's entire lawsuit which the Plaintiff had originally filed in the United States District Court for the Southern District of Illinois on May 9, 2024. The Plaintiff relies on Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" as evidence of this Clear Bias And/Or Prejudice Against The Plaintiff's Case And/Or For Clear Bias And/Or Prejudice Against The Plaintiff In This Case. *(See Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" attached hereto as Exhibit (1).*

557. In May of 2024, this Case was originally assigned to Judge Phil Gilbert, under Case No: 3:24-cv-01258-JPG. However, Judge Phil Gilbert recused himself from the Plaintiff's case. The Plaintiff's Case was then assigned to the Chief Judge of the United States District Court for

the Southern District of Illinois, Nancy J. Rosenstingel, under Case No: 3:24-cv-01258-NJR.

558. Prior to filling Plaintiff's Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief, the Plaintiff was under a deadline because the Plaintiff contends that the Defendants placed the Plaintiff in jeopardy by the Defendants improperly reopening Plaintiff's previously and properly dismissed State Court case which Plaintiff contends had been previously Motioned to Dismiss by the Plaintiff on October 14, 2022, and which Plaintiff contends had been previously Ordered Dismissed by the State Court, in Lawrence County Illinois, on November 10, 2022, and placing Plaintiff in jeopardy by the Defendants improperly forcing Plaintiff to appear in the State Court, in Lawrence County Illinois on May 15, 2024.

559. Plaintiff was in a rush to complete Plaintiff's Original Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief and Plaintiff unintentionally omitted some crucial information and after the State Actor Defendants in this case and the State Court, in Lawrence County improperly took further action against the Plaintiff on May 15, 2024, and again on May 17, 2024, Plaintiff had additional crucial information to add to a First Amended Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief, and Plaintiff took the opportunity to correct errors and eliminate duplicate paragraphs.

560. Plaintiff states that Rule 15. of the Federal Rules of Civil Procedure state the following: Amended and Supplemental Pleadings (a) AMENDMENTS BEFORE TRIAL. (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion

under Rule 12(b), (e), or (f), whichever is earlier. (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

561. Plaintiff states that at the time and date of the filling of Plaintiff's Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief, was prior to 21 days after filling of Plaintiff's Original Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief filled on May 9, 2024, and prior to any of the Defendants in this case being officially and properly served with Plaintiff's Original Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief.

562. In the "MEMORANDUM AND ORDER" filed by the Chief Judge of the United States District Court for the Southern District of Illinois, Nancy J. Rosenstingel, on January 23, 2025, the Chief Judge of the United States District Court for the Southern District of Illinois, Nancy J. Rosenstingel, also dismissed the Plaintiff's entire lawsuit without the Defendants in this case even filing a "Memorandum of Law to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)".

563. Notwithstanding the unreasonably broad sweep of Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" dismissing the Plaintiff's entire lawsuit, the Plaintiff in this case, hereby Motions and/or hereby Requests and/or hereby Demands that Chief Judge Nancy J. Rosenstingel recuse herself from all further actions to be taken in this case going forward based on the Plaintiff's contention of the clear Bias and/or Prejudice of Chief Judge Nancy J. Rosenstingel against the Plaintiff's case and/or clear Bias and/or Prejudice against the Plaintiff in this case which the Plaintiff contends is on full display in Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" dismissing the Plaintiff's entire lawsuit. (See

Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" attached hereto as Exhibit (1).

564. The following are some of the quoted excerpts from Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" along with some of the Plaintiff's disputes and arguments in opposition:

> "While Allison is permitted to commence the suit without prepaying the filing fee, the Court also must screen his complaint for the case to proceed. *See* 28 U.S.C. 1915(e)(2)(B). The Court shall dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. *Id.; see also Hoskins v. Poelstra,* 320 F.3d 761.763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone tie and legal expense."). Thus, the undersigned must examine the allegations of the complaint."

565. The Plaintiff disputes that his claims are frivolous or malicious, or fails to state a claim, or are claims for money damages against immune Defendants and the Plaintiff offers up his entire Complaint as the Plaintiff's "Best Evidence" as such.

> 'LEGAL STANDARD'
>
> "In reviewing the complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States,* 746 F.3d 753. 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649, 651 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418.422-23 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d. 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404."

566. The Plaintiff states that the Plaintiff's Complaint does indeed allege enough facts to "state

a claim to relief that is plausible on its face.", and the Plaintiff states that he did do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to the Plaintiff in this case that *might* be redressed by the law, and the Plaintiff states that the Plaintiff gave enough details about the subject-matter of the case to present a story that holds together.

"THE COMPLAINT"

"Allison asserts that he owns property in Bridgeport, Illinois, at 744 Keppas Street. (Doc. 3, p. 2). He alleges that the roof on the south side of his home collapsed while he was working out of state. (*Id.* at p. 9). When he returned to his home, he attempted to salvage his personal possessions and started the process of demolishing the remainder of the structure. (*Id.*). Once the COVID-19 pandemic swept the nation in March 2020, Allison paused his efforts to remove the damaged structure on his property. (*Id.* at p. 10). In May 2020, the City of Bridgeport sent a Notice to Remediate to Allison's address by certified mail and attached a two-foot by two-foot Notice into the siding of Allison's home with screws. (*Id.* at p.16)."

"The Notice conveyed the City's intent to begin demolition of the hazardous, vacant structure on Allison's property within 30 days if Allison failed to demolish, repair, or enclose the structure himself or file objections within 30 days in the Circuit Court of Lawrence County, Illinois, or another court of competent jurisdiction. (*Id.* at pp. 1849). In addition, the Notice warned that a lien may be placed on the property to recover the incurred costs of demolition, and the Notice listed Lawrence County Treasurer, Defendant Morey, as a lien. holder against the property. (*Id.* at p. 19). The City issued the Notice pursuant to Section 11-31-1(e) of the Illinois Municipal Code and Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport. (*Id.* at pp. 19-20). After receiving the Notice, Allison investigated the new lienholder against his property. Apparently, Morey provided a vague explanation for the listed lien, stating that it was a "common practice" and "done all the time." (*Id.* at pp. 18, 69)."

"According to Allison, the City of Bridgeport also never initiated a court action, which prevented him from filing objections to the Notice. Instead, in May 2020, Allison filed his own civil suit against the City of Bridgeport in the Circuit Court of Lawrence County, Illinois, which cost him a $326 filing fee. (*Id.* at pp. 26, 45). In October 2022, Allison filed a motion to voluntarily suspend or dismiss without prejudice in his state court case. (*Id.* at p. 58). A month later, the state court granted Allison's motion to dismiss the complaint without

prejudice. *(Id.* at pp. 59, 64). In 2024, Defendant Neal, who acted as the attorney for the City of Bridgeport in the state court action, resurrected the case by filing a "Notice of Status Hearing" along with a "Notice of Hearing - Demolition of Unsafe and Dangerous Building" after the case had already been dismissed. *(Id.* at pp. 32- 33, 64-65). Allison filed this action during the pendency of the "reopened" state case."

"Allison challenges Defendants' actions as running afoul of the process outlined in the Notice and the accompanying statutes. *(Id.* at pp. 19, 25-26, 31, 94). He argues that, according to the Notice, the City cannot demolish or place a lien on the property for associated costs if the property owner takes action within the 30-day window by filing an objection in court or cleaning up, demolishing, or repairing the property himself. *(Id.).* In Allison's view, the listed lien gave the appearance that the property taxes were unpaid, which jeopardized his name, reputation, and credit rating with his bank, mortgage holder, and the community. *(Id.* at pp. 22-24). Additionally, Allison urges that Defendants failed to apply to the Circuit Court of Lawrence County for a court order authorizing the threatened actions, which denied Allison the opportunity to properly object to the Notice within the 30-day window. *(Id.* at pp. 39, 95). Then, Allison criticizes the state court for allowing Defendant Neal to reopen his case and set his objections for a new hearing. *(Id.* at pp. 164466). Throughout his complaint, Allison also labels Defendants' actions as a scheme and a conspiracy. *(See, e.g., id.* at pp. 25, 76, 98, 107, 116, 125, 126, 128-31, 140-49, 167-73)."

"ANALYSIS"

"Allison initiated this action for infringement of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights, and he seeks a declaration that Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and Section 11-31-1(e) of the Illinois Municipal Code are unconstitutional on their face and/or as applied. (Doc. 3).[1] After consideration of Allison's 194-page and 423-paragraph complaint, the Court finds that he lacks standing to bring his claims. Even if Allison did have standing, most of his claims are barred by the statute of limitations, and the Court must likely abstain from hearing his remaining claim."

"[1] Allison filed a Motion for Leave to File a First Amended Complaint, (Doc. 10). He attached a proposed amended complaint to this motion. (Doc. 10-1). The Court reviewed the proposed 243-page and 545-paragraph amended complaint; however, it appears that pages 31 through 49 and 101 are missing or failed to copy correctly. After evaluating the available portions, the Court concludes that the proposed amended complaint substantially overlaps with the original complaint, and the additions do not change the nature of the claims or provide new information to support the allegations."

"I. *Standing*"

" "Article El of the Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *Pierre v. Midland Credit Management, Inc.*, 29 F.4th 934, 937 (7th Cir. 2022); U.S. CONST art. III, § 2. Standing to sue is an essential component of this case-or-controversy limitation. *Id.* To show Article III standing, "a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Choice v. Kohn Law Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023); *Lujan v. Defenders of Wildlife*, 504 U.S. 555. 560-61 (1992). Simply put, without an injury caused by the defendant that the court can remedy, there is no case or controversy for a federal court to resolve. *Pierre*, 29 F.4th at 937."

"After review of the complaint, the Court finds that Allison lacks standing to bring his claims as he alleges no concrete, particularized, or actual or imminent injury connected to Defendants that the Court can redress. Liberally construing the complaint, Allison appears to allege that he suffered in some way because the City of Bridgeport sought to demolish a collapsed structure on his property, the City of Bridgeport forced him to pay a $326 filing fee to initiate a civil suit and object to the threatened demolition, Lawrence County placed a premature lien on his property for the eventual demolition costs, and Defendant Neal reopened a previously dosed case initiated by Allison."

"According to the complaint, however, Allison's property remains intact, and no impending plan to carry out demolition looms over it. While the City of Bridgeport notified Allison of its intent to remove a collapsed structure on his property in 2020, nothing appears to have come of it. Thus far, the sequence of events has transpired as: the City of Bridgeport effecting notice in May 2020, Allison initiating a civil suit in state court to object to the Notice in June 2020, and the state court dismissing the case in November 2022 at Allison's request.

"According to the complaint, the state court allowed Defendant Neal to reopen the previously dismissed case in March 2024.[2]"

"[2] To the extent Allison points to the reopening of his state court case in 2024 as basis for this suit, he also fails to meet the requirements of standing. It is hard to imagine how the reopening of a state court action qualifies as a concrete injury in fact that could be redressed by this Court."

"At which time, Neal filed a "Notice of Hearing - Demolition of Unsafe and Dangerous Building." But the complaint, which was

> filed during the pendency of the reopened action, does not describe whether the City of Bridgeport obtained an order authorizing it to undertake demolition of the collapsed building on Allison's property or that a date has been set for demolition. Nor has Allison provided any indication that the building has actually been damaged or destroyed. Based on the complaint, Allison has failed to establish that he suffered an injury related to demolition or destruction of his property. His complaint also conveys that he received notice (placed on his property and sent via mail) and an opportunity to be heard (his state court action). Allison simply takes issue with the fact that he had to initiate a state court action to object to the demolition notice. As such, he lacks standing to bring his Fourth, Fifth, and Fourteenth Amendment claims. He has not shown any concrete, particularized, or actual or imminent injury—for example, a seizure or taking of his property or destruction of his property without due process. The process either appears to be ongoing or, possibly, the City of Bridgeport's intention to demolish his property has been abandoned. Either way, without the actual or imminent destruction of his property, Allison cannot assert a taking, seizure, or lack of due process."
>
> "Allison also attempts to establish an injury because Defendant Morey, the Lawrence County treasurer, listed herself as a lienholder on his property in the Notice to Remediate. Allison characterizes this action as so "prohibitive that it...amounts to a 'taking' of property, under color of state law," and claims that it damaged his name, reputation, and credit rating. (Doc. 3. sp. 8, 2$, 512, (9, 'a, a, 53_, 124, laa, 13 0, 1E, 10, 175,177). Under Illinois law, the filing of a municipal demolition lien does not impact a property owner's use of that property until the lien is enforced through foreclosure proceedings. *See* 65 ILCS 5/11-31-1. Though the Notice to Remediate listed Morey as a lienholder on the property, it is unclear from the complaint whether a municipal demolition lien was actually recorded or filed against the property. In any event, neither Morey nor Lawrence County ever acted on the lien. Again, Allison does not establish any concrete injury stemming from the listed lien."

567. Chief Judge Nancy J. Rosenstingel stated, "Under Illinois law, the filing of a municipal demolition lien does not impact a property owner's use of that property until the lien is enforced through foreclosure proceedings. *See* 65 ILCS 5/11-31-1."

568. However, Plaintiff first states that the Plaintiff did not sue "Under Illinois law", the Plaintiff states that Plaintiff sued under the United States Constitutional Law and the United

States Federal Law alleging that the State Actor Defendants, acting under color of state law, have continued (in an "Ongoing" and/or "Continuing Violation") to violate Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4), which the Plaintiff also states does require a certain standard of "Due Process" and Plaintiff seeks to redress various deprivations of rights, privileges, and/or immunities secured by the United States Constitution and/or other laws of the United States and Plaintiff seeks Declaratory Judgment and Injunctive Relief and Plaintiff demands a Jury Trial.

569. Chief Judge Nancy J. Rosenstingel goes on to say that "In any event, neither Morey nor Lawrence County ever acted on the lien. Again, Allison does not establish any concrete injury stemming from the listed lien." However, the Plaintiff states that first the Plaintiff disputes that the State Actor Defendants never acted on the lien that the State Actor Defendants placed on the Plaintiff's Private Property without the Constitutionally Required "Due Process". Second, the Plaintiff states that even if the State Actor Defendants could make the argument that the State Actor Defendants never acted on the lien that the State Actor Defendants placed on the Plaintiff's Private Property without the Constitutionally Required "Due Process", the Plaintiff states that the mere fact that that the State Actor Defendants placed a lien on the Plaintiff's Private Property without the Constitutionally Required "Due Process", the Plaintiff alleges is enough to state a claim for damages.

570. Chief Judge Nancy J. Rosenstingel goes on to state, "Though the Notice to Remediate listed Morey as a lienholder on the property, it is unclear from the complaint whether a municipal demolition lien was actually recorded or filed against the property."

571. However, as the Plaintiff stated in paragraph 54. Nevertheless, upon receiving "Notice To Remediate", Plaintiff called the Lawrence County Treasurer Office to inquire about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff's Private Property. Plaintiff was able to confirm, by an employee of the Lawrence County Treasurer Office, other than Defendant Morey, that the property taxes associated with the Real Property located at 744 Keppas St. Bridgeport Illinois were indeed paid. However, Plaintiff was unable to obtain any further information about the so called "Lien Holder" mentioned in the "Notice To Remediate".

572. Furthermore, as the Plaintiff stated in paragraph 55. Soon after Plaintiff had called the Lawrence County Treasurer Office to inquire about the listing of Defendant Morey, Lawrence County Treasurer, as a "Lien Holder" against Plaintiff's Private Property, Plaintiff went to the Lawrence County Recorder's Office of the Registrar and Plaintiff was able to confirm that the Lawrence County Recorder's Office of the Registrar did indeed have a record that Defendant Morey, Lawrence County Treasurer, did indeed have some sort of lien against Plaintiff's Private Property. However, the information Plaintiff obtained from the Lawrence County Recorder's Office of the Registrar about the so called "Lien Holder" was very vague and incomplete information.

573. Moreover, as the Plaintiff stated in paragraph 56. Soon after Plaintiff was able to confirm that the Lawrence County Recorder's Office of the Registrar did indeed have a record of some sort of lien imposed against the Plaintiff and/or against Plaintiff's Private Property, Plaintiff went to the Lawrence County Treasurer Office located at the Lawrence County Courthouse Annex and Plaintiff had a conversation with Defendant Morey to inquire about the listing of Defendant Morey as one of the "Lien Holders" against the Plaintiff and/or against

Plaintiff's Private Property, even though the property taxes associated with Plaintiff's Real Property located at 744 Keppas St. Bridgeport Illinois were indeed paid. Plaintiff contends that when Plaintiff inquired about the listing of Defendant Morey, Lawrence County Treasurer as a "Lien Holder" against Plaintiff's Private Property, Plaintiff contends that Defendant Morey was very vague and very lackadaisical about the listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, and Plaintiff contends that Defendant Morey tried to down play the seriousness of the issue, and Plaintiff contends that Defendant Morey stated about the issue, that it was a "common practice" and that it was "done all the time".

> "At most, Allison describes that Lawrence County deviated from the statutory procedure by recording the lien before securing a judgment to demolish the property. But this departure from statutory procedure is not an injury in and of itself. He also fails_to allege any facts to support the notion that he suffered a reputational injury or impact to his credit due to the municipal demolition lien listed on his property. Rather, Allison makes conclusory statements that his name, reputation, and credit rating suffered due to the lien. As such, it is impossible to discern an actual or concrete injury that resulted from the listed lien."
>
> "In his complaint, Allison tries to describe another injury—that the City of Bridgeport forced him to open a civil suit to object to the Notice to Remediate and pay a filing fee of $326 to do so. But "[t]he need to pay a filing fee for judicial review...is hardly the kind of harm needed to satisfy the Article III case or controversy requirement." *Wisconsin Voter Alliance v. Mills,* 720 F. Su-pp. 3d. 703, 709 (RD. Wis. 2024)."
>
> "Even if the filing fee was a concrete and particularized injury in fact, Allison fails to demonstrate that the injury was caused by any defendant, which is also required for standing. Allison chose to avail himself of a means of challenging the threatened demolition through judicial review and was charged a standard court filing fee in accordance with that decision. Moreover, the Seventh Circuit has recognized that simply allowing for judicial review can be an adequate procedure. *See Willow Way, LLC v. Village of Lyons, Ill.,* 83 F.4th 655, 656-57 (7th Cir. 2023) *(citing McKenzie v. Chicago,* 118 F.3d 552, 25/ (7th Cir. 1997) ("[S]omeone who wants to stop a demolition

> has only to file suit in state court, which automatically blocks action until the judge decides whether the building meets the statutory criteria for being razed."); *see also Graff v. City of Chicago*, 9 F.3d 1309, 1323-25 (7th Cir. 1993) (concluding that a state may impose the burden to initiate judicial review on the affected party)."
>
> "Notably, Allison could have applied for a waiver of his court fees in state court, as he did within this action. But he did not do so. Further, he could have sought reimbursement of his costs, if available, at the end of his state court proceeding. Initiating a lawsuit was the means for Allison to challenge the demolition notice, but Allison cannot causally connect payment of the filing fee to any defendant to establish standing. Thus, Allison also lacks standing as to the filing fee (a claim he raises under the Eighth Amendment)."

574. Chief Judge Nancy J. Rosenstingel stated, "In his complaint, Allison tries to describe another injury—that the City of Bridgeport forced him to open a civil suit to object to the Notice to Remediate and pay a filing fee of $326 to do so. But "[t]he need to pay a filing fee for judicial review...is hardly the kind of harm needed to satisfy the Article III case or controversy requirement." However, the Plaintiff states that the Plaintiff did not try to describe another injury by raising the issue of the filing fee of $326 entirely to state a claim for damages. The Plaintiff states that the Plaintiff raised the issue of being forced to file first in the State Court Case, and the Plaintiff states that the Plaintiff raised the issue of being forced to pay the filing fee of $326 in the State Court Case, as the Plaintiff's "Best Evidence" to allege that the State Actor Defendants failed to provide the proper and Constitutionally Required "Due Process".

> "Allison has not demonstrated any concrete or particularized injury that he sustained under the statute or ordinance he challenges in the complaint. As such, Allison also lacks standing to raise his request for a declaration that Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and Section 11-31-1(e) of the Illinois Municipal Code are unconstitutional on their face and/or as applied."
>
> "Because Allison lacks standing to raise his claims, the Court lacks subject matter jurisdiction over his claims."

575. Chief Judge Nancy J. Rosenstingel stated, "Allison has not demonstrated any concrete or particularized injury that he sustained under the statute or ordinance he challenges in the complaint." and

"Because Allison lacks standing to raise his claims, the Court lacks subject matter jurisdiction over his claims." However, the Plaintiff disputes that he has not demonstrated any concrete or particularized injury that he sustained under the statute or ordinance he challenges in the Plaintiff's Complaint and the Plaintiff disputes that the Plaintiff lacks standing to raise his claims and the Plaintiff disputes that this Court lacks subject matter jurisdiction over his claims and the Plaintiff offers up his entire Complaint as the Plaintiff's "Best Evidence" as such.

"II. *Statute of Limitations*"

> "In addition to Allison's lack of standing, much of the conduct he describes occurred over four years before he filed the complaint in this action. The City of Bridgeport posted its Notice to Remediate on his property and sent the same to him via mail in May 2020. That same notice listed Morey as a lienholder on the property. Allison initiated the state court action in June 2020, which is when he incurred the filing fee. To determine the statute of limitations for Section 1983 claims, federal courts adopt the forum state's statute of limitations for personal injury claims. *Mitchell v. Donchin,* 286 F.31:1, 447, 450 n. 1 (7th Cir. 2002). In. Illinois, the relevant statute of limitations is two years. *Id.;* 735 ILCS 5/13-202. As Allison initiated this suit nearly four years after the conduct noted above, his claims related to such conduct are also almost certainly barred by the statute of limitations."
>
> "Complaints typically do not need to anticipate and overcome affirmative defenses like a statute of limitations defense. *Amin Ijbara Equity Corp. v. Village of Oak Lawn,* 860, F.3d 489, 492 (7th Cir. 2017). But dismissal on a statute of limitations basis can be appropriate if the complaint contains everything necessary to establish that the claim is untimely. *Collins v. Village of Palatine, Ill.,* 875 F.3d 839,842 (7th Cir. 2017). Such is the case here. Thus, even if Allison had standing to bring these claims, they would likely be dismissed as time barred."

576. The Plaintiff states that on May 9, 2024, when the Plaintiff originally filed this case in the United States District Court for the Southern District of Illinois, the Plaintiff's case was assigned to Judge Phil Gilbert, under Case No: 3:24-cv-01258-JPG. However, Judge Phil Gilbert recused himself from the Plaintiff's case. The Plaintiff's case was then assigned to the Chief

Judge of the United States District Court for the Southern District of Illinois, Nancy J. Rosenstingel, under Case No: 3:24-cv-01258-NJR.

577. On January 23, 2025, the Chief Judge of the United States District Court for the Southern District of Illinois, Nancy J. Rosenstingel, filed a "MEMORANDUM AND ORDER" denying the Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint, and thereby the Chief Judge of the United States District Court for the Southern District of Illinois, Nancy J. Rosenstingel, also dismissed the Plaintiff's entire lawsuit "without prejudice", which the Plaintiff had filed in the United States District Court for the Southern District of Illinois on May 9, 2024.

578. Nevertheless, as of January 22, 2026, the Plaintiff will have refilled this case within one year of its Dismissal and the Plaintiff has added a Motion For Recusal Of Chief Judge Rosenstengel For Clear Bias And/Or Prejudice Against The Plaintiff's Case And/Or For Clear Bias And/Or Prejudice Against The Plaintiff In This Case. The Plaintiff relies on Chief Judge Nancy J. Rosenstingel's "MEMORANDUM AND ORDER" as evidence of this Clear Bias And/Or Prejudice Against The Plaintiff's Case And/Or For Clear Bias And/Or Prejudice Against The Plaintiff In This Case.

579. Furthermore, the Plaintiff refilled this case, on January 22, 2026, within one year of its Dismissal, based on an "Ongoing" and/or "Continuing Violation" of the Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4), and Plaintiff seeks to redress various deprivations of rights, privileges, and/or immunities secured by the United States Constitution and/or other laws of the United States.

580. The Plaintiff contends that because the Plaintiff refilled this case, on January 22, 2026, within one year of its Dismissal, and because this case is based on an "Ongoing" and/or "Continuing Violation" of the Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4), the Plaintiff contends that the application of the statute of limitations in this case is moot.

581. Moreover, the Plaintiff states that this case has never spent more than one year outside the Court System since this case was originally filed in the State Court on June 22, 2020, and the Plaintiff states that because the Plaintiff's case has never spent more than one year outside the Court System since this case was originally filed in the State Court on June 22, 2020, the Plaintiff contends that the application of the statute of limitations in this case is also moot.

"III. *Abstention*"

> "The only new conduct Allison alleges is the "reopening" of his dismissed state court case in early 2024. In that proceeding, Defendant Neal filed a Notice of Hearing regarding the demolition of the collapsed structure on Allison's property. Allison filed this lawsuit during the pendency of that reopened action. It is unclear what relief Allison seeks in relation to the ongoing state court action—perhaps intervention to halt the reopening of the case. But lower federal courts may not enjoin pending state court actions except in rare circumstances. *See Younger v. Harris*, 401 U.S. 37, 45-48 (1971). Typically, lower federal courts "must presume that state courts are capable of establishing and administering judicial process consistent with the requirements of the federal constitution, and 'that state procedures will afford an adequate remedy.'" *Barichello v. McDonald*, 98 F.3d 948, 954-55 (7th Cir. 1996) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. laa (1987)). Even if Allison had standing to raise a claim related to recent action in his state court case, the Court would likely have to abstain from deciding such claim."

582. The Plaintiff states that the Plaintiff's case falls within an exception to Federal Court

Abstention that derived from *Younger* premised on the "lack of an adequate state forum." The Plaintiff also states that unlike the other two exceptions, the Court has actually used this exception in practice. In *Gibson,* for example, the Court found that federal intervention is appropriate under this exception if the state courts are biased and unable to be trusted on a particular issue. In *Gibson,* the Court found that a board of optometrists was incapable of fairly adjudicating a particular suit because every member had a financial stake in its outcome.

583. The Plaintiff states that the Plaintiff lacked an adequate state forum because the Plaintiff alleges that the Second Judicial Circuit Court in Lawrence County Illinois was biased and prejudiced against the Plaintiff with direct and inherent conflicts of interest in that one of the named Defendants, Defendant Morey, is the Lawrence County Treasurer and a Lawrence County employee employed at the Lawrence County Courthouse Annex, 1106 Jefferson Street, Lawrenceville, IL.

584. Furthermore, the Plaintiff states that the Plaintiff lacked an adequate state forum because one of the named Defendants, Attorney Defendant Neal, was City Attorney for Defendant Bridgeport; a municipality in Lawrence County Illinois, as well as Attorney Defendant Neal was a Lawrence County employee employed as Attorney by the County Seat of Lawrence County, Lawrenceville Illinois.

585. Moreover, the Plaintiff states that the Plaintiff lacked an adequate state forum because one of the named Defendants in Plaintiff's State Court case is Defendant Lawrence County itself and the Plaintiff alleges that any State Court Judge that would hear Plaintiff's case in Lawrence County, as well as all other persons and/or "members" connected to the Second Judicial Circuit Court in Lawrence County are employees of Lawrence County and/or employees of the State of Illinois employed in Lawrence County and the Plaintiff alleges that the State

Courts of the Second Judicial Circuit are unable to be trusted in the particular issues raised in the Plaintiff's case.

586. The Plaintiff also alleges that the events which occurred and the actions that were taken by the State Court on July 26, 2022 during the hearing to dismiss Plaintiff's Cause of Action displays an example of the bias and prejudice of the State Court against the Plaintiff as well as displays an example of the bias and prejudice of the State Court in favor of Defendant Neal and thereby displays an example of the bias and prejudice of the State Court in favor of all of the State Actor Defendants in the Plaintiff's case.

587. The Plaintiff further alleges that even if the Plaintiff had employed recusal provisions to remove a particular biased judge in the State Court Case, the Plaintiff states that the bias and prejudice is so systematic and pervasive that the recusal provisions would be either unavailable or ineffective.

588. Moreover, the Plaintiff alleges that every "member" having anything to do with the adjudication of this case, in the State Court, in Lawrence County, are biased and prejudiced in the outcome of this case with direct and inherent conflicts of interest and/or every "member" having anything to do with the adjudication of this case, in the State Court have a financial stake in its outcome and the Plaintiff alleges that the Plaintiff has no other adequate alternative remedy at law.

"CONCLUSION"

> "For these reasons, the Court GRANTS Allison's Motion for Leave to Proceed *in forma pauperis* (Doc. 6) but DISMISSES the complaint (Doc. 3) for lack of subject matter jurisdiction. Because Allison lacks standing to raise his claims, and for the other analysis provided by the Court relating to the statute of limitations and abstention, the Court also declines to allow him to amend his complaint."

> "Furthermore, Allison's Motion for Leave to File Complaint and Demand for Jury Trial (Doc. 4 is DENIED as duplicative of the relief sought in his Motion for Leave to Proceed *in forma pauperis*. Allison's Motion for Leave to File First Amended Complaint and Demand for Jury Trial (Doc. 10) is also DENIED. The Court cannot fully review the proposed amended complaint because it appears to be missing pages 31 through 49 and 101. *(See* Doc. 10-1). From what the Court can review, the proposed amended complaint substantially overlaps with the original complaint, and the additions do not change Allison's ability to establish standing or the Court's analysis above."
>
> "This entire action is DISMISSED, and the Clerk of Court is DIRECTED to enter judgment accordingly."
>
> "IT IS SO ORDERED.
> DATED: January 23, 2025"
>
> "NANCY J. ROSENSTENGEL
> Chief U.S. District Judge"

589. Chief Judge Nancy J. Rosenstingel dismissed the Plaintiff's entire lawsuit, stating that: "the Court finds that Allison lacks standing to bring his claims as he alleges no concrete, particularized, or actual or imminent injury connected to Defendants that the Court can redress." However, the Plaintiff states that the Plaintiff's entire Complaint very precisely stipulates and very precisely alleges concrete, and particularized, and actual and imminent injuries connected to the State Actor Defendants that the Court can redress. Furthermore, the Plaintiff states that the standard of review on the Plaintiff's Pleadings is to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Porter v. Diblasio*, 93 F.3d 301, 305 (7th Cir. 1996). Moreover, the Plaintiff states that Dismissal is proper only where the Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S.Ct. 99 (1957).

590. Plaintiff alleges that the application of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or the application of Section 11-31-1 of the Illinois Municipal Code, are unconstitutional on their face as stated authority and/or as applied authority

against Plaintiff in this case because Plaintiff alleges that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien appear to be automatic. Furthermore, Plaintiff alleges that this lien which Plaintiff alleges that is imposed against Citizens and/or imposed against Citizens Private Property, are imposed under color of state law, sometime prior to the end of the thirty (30) day time period of notice being given and prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges that amounts to a "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, which Plaintiff alleges is only for an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges that amounts to an "unreasonable seizure" of property, under color of state law, and which Plaintiff alleges that the excessive and/or arbitrary fines and/or penalties in the form of some sort of lien are so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) (substantive and procedural due process) Amendments, which Plaintiff alleges amounts to nothing less than Civil Forfeiture, under color of state law, and/or which Plaintiff alleges amounts to nothing less than Legalized Theft of Citizens Real Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code.

591. Plaintiff alleges that the Due Process Clauses in the Fifth and Fourteenth

Amendments, insure Equal Protection under the law and require that, before a person is deprived of his Real Property by the government, he must be given adequate notice and an adequate opportunity for a "meaningful hearing" before a "neutral magistrate", and Plaintiff alleges that there must be a judicial determination that the seizure is justified. Furthermore, Plaintiff alleges that the Fourth Amendment guarantees each citizen of the United States "[t]he right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Plaintiff also alleges that the Eighth Amendment and the Fourteenth Amendment bar the government from imposing such excessive and/or arbitrary fines and/or penalties.

592. Plaintiff alleges that the penalty scheme, of excessive and/or arbitrary fines and/or penalties, in the form of some sort of lien, which is imposed, under color of state law, against Citizens and/or against Citizens Private Property for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, are so excessive and/or are so arbitrary that it can easily swamp the actual Real Value and/or it can easily swamp the actual Cash Value of the Real Property that is only said to be in violation.

593. Furthermore, Plaintiff alleges that by Defendants listing Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, Plaintiff alleges that Defendants, acting under color of state law, and/or through and/or by one or more of their agents, acting under color of state law, namely Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, seized legal and/or equitable interest and/or

possession and/or control over Plaintiff's Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport, and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, under color of state law, without Plaintiff being given a prior and adequate opportunity for a "meaningful due process hearing" before a "neutral magistrate", and/or without a prior and/or valid Court Order being given by a Court of Competent Jurisdiction.

594. Furthermore, the Plaintiff alleges that the State Actor Defendants, acting under color of state law, and/or through and/or by one or more of their agents, acting under color of state law, send an alleged violator, of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or an alleged violator, of Section 11-31-1 of the Illinois Municipal Code, a "Notice To Remediate" claiming that Defendant Morey, Lawrence County Treasurer, already has a lien attached to the alleged violator's Private Property, which Plaintiff alleges that the lien, which Plaintiff alleges is already attached to the alleged violator's Private Property, is attached sometime prior to the end of the thirty (30) day time period of notice being given in the "Notice To Remediate", and/or at any time thereafter and Plaintiff alleges that proof of the existence of this lien is also indicated in the "Notice To Remediate", by the listing of Defendant Morey, Lawrence County Treasurer, as one of the "Lien Holders" against a Citizen and/or against a Citizens Private Property, who are only said to be in violation. Plaintiff alleges that acting under color of state law, Defendants, and/or through and/or by one or more of their agents, acting under color of state law, also threaten, under color of state law, to take further action against a Citizen and/or against a Citizens Private Property, at any time thereafter, thirty (30) days of notice being given by the "Notice To Remediate" and Plaintiff alleges that the proof of the existence of this threat is also indicated in the "Notice To Remediate" and Plaintiff alleges that if the alleged

violator wishes to challenge the action which has already been taken, or if the alleged violator wishes to challenge any further action, Plaintiff alleges that because the State Actor Defendants do NOT follow the Constitutionally required "Due Process", Plaintiff alleges that the alleged violator is then forced to pay the required filing fee of $326.00 in order to file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, to prevent Defendants from seizing complete possession and/or to prevent Defendants from seizing complete control over the alleged violator's Private Property, which Plaintiff alleges forces the alleged violator to choose whether or not to spend $326.00 for the required filing fee, whether or not the alleged violator can afford to spend $326.00 for the required filing fee and Plaintiff alleges that if the alleged violator cannot afford to pay the required filing fee, but still wishes to challenge the action that has already been taken and/or wishes to challenge any further action, well then, Plaintiff alleges that the alleged violator is just out of luck because Plaintiff alleges that if the alleged violator does not pay the required filing fee of $326.00 and file his or her objection in the Circuit Court of Lawrence County Illinois or in a Competent Court of Jurisdiction, within thirty (30) days from the date of notice given, then, Plaintiff alleges that under color of state law, Defendants, and/or through and/or by one or more of their agents, acting under color of state law, seizes complete possession and/or seizes complete control over the alleged violator's Private Property, under color of state law, and Plaintiff alleges that Defendants, acting under color of state law, through and/or by one or more of their agents, acting under color of state law, will then proceed to demolish, repair or enclose and remove any and all garbage, debris and other hazardous, noxious or unhealthy substances or materials from the alleged offending property, under color of state law, and Plaintiff alleges that the Defendants, acting under color of state law, through and/or by one or more of their agents,

will then place an even larger lien on the alleged offending property, under color of state law, for all of the costs thereof.

595. Plaintiff further alleges that the excessive and/or arbitrary fines and/or penalties which Plaintiff alleges are imposed, under color of state law, are imposed in the form of what Plaintiff alleges is some sort of erroneous lien, under color of state law, which Plaintiff alleges are imposed against Citizens and/or against Citizens Private Property, under color of state law, sometime prior to the end of the thirty (30) day time period, and/or at any time thereafter, of notice being given and/or prior to any "Due Process" hearing being given by a Court of Competent Jurisdiction, which Plaintiff alleges amounts to an unreasonable "seizing" of legal and/or equitable interest and/or possession and/or control over Citizens Private Property, under color of state law, for only an alleged violation of Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or for only an alleged violation of Section 11-31-1 of the Illinois Municipal Code, which Plaintiff alleges amounts to an "unreasonable seizure" of property, under color of state law, and Plaintiff alleges that the "excessive" and/or arbitrary "fines" and/or "penalties", in the form of some sort of erroneous lien, are so prohibitive that it: (a) shocks the conscience; and (b) amounts to a "taking" of property, under color of state law, from those who are only said to be in violation without "Due Process", under color of state law, and without "Just Compensation", under color of state law, in violation of the Fourth (unreasonable seizure), the Fifth (takings) and (equal protection), the Eighth (excessive and/or arbitrary fines and/or penalties), and the Fourteenth (equal protection) and (substantive and procedural due process) Amendments to the United States Constitution, which Plaintiff alleges resulted in the "Ongoing" and/or "Continuing Violation" Plaintiff's Constitutional Rights, under color of state law, as protected under the Fourth, Fifth, Eighth, and Fourteenth Amendments to

the United States Constitution, pursuant to 42 U.S.C. §§§ 1983, 1985(2),(3), and 1986, and pursuant to 28 U.S.C. § 1343(a),(1),(2),(3),(4). Plaintiff also incorporates paragraphs 1. - 596., as if set forth in this section in full.

596. WHEREFORE Plaintiff prays that Plaintiff's Motion and/or Request and/or Demand that Chief Judge Nancy J. Rosenstingel recuse herself from all further actions to be taken in this case going forward be granted and Plaintiff prays that judgment be entered in his favor and Plaintiff prays that this Court:

A. Declare Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code are unconstitutional on their face and/or as applied, and enjoin Defendant Neal, and/or Defendant Griffin, and/or Defendant Bridgeport, and/or Defendant Morey, and/or Defendant Lawrence County, from all further attempts to enforce Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and/or Section 11-31-1 of the Illinois Municipal Code;

B. Award compensatory damages from Defendant Neal, and from Defendant Griffin, and from Defendant Bridgeport, and from Defendant Morey, and from Defendant Lawrence County in an amount to be determined at trial for the matters alleged in this Complaint;

C. Award punitive damages as provided by law;

D. Award costs of suit incurred;

E. Even though Plaintiff is filing this action in this Court Pro Se, Plaintiff intends to obtain competent and qualified legal counsel to represent him in this case going forward, therefore Plaintiff requests that this Court award all costs of suit incurred and award reasonable attorney's fees; and

F. Provide such other and further relief as the Court may deem proper.

Respectfully submitted by:

Michael D. Allison
Plaintiff Pro Se
Dated January 22, 2026

Michael D. Allison
744 Keppas St.
Bridgeport, IL 62417

CERTIFICATE OF SERVICE

It is hereby certified that on January 22, 2026, Plaintiff's Complaint and Demand for Jury Trial and Motion for Declaratory Judgment and Injunctive Relief and Motion for Recusal of Chief Judge Rosenstengel for Clear Bias and/or Prejudice Against the Plaintiff's Case and/or for Clear Bias and/or Prejudice Against the Plaintiff in this case, was filed with the Clerk of the United States District Court for the Southern District of Illinois and one true and correct copy of this document as well as any document attached hereto along with two copies of Notice of a Lawsuit and Request to Waive Service of a Summons and two copies of Waver of the Service of Summons and two copies of a Summons and a copy of the Complaint will be served upon the following:

James M. Neal
721 12th St.
Lawrenceville, IL 62439
618-943-3900

Tyler J. Griffin
City of Bridgeport
235 Washington St.
Bridgeport, IL. 62417
618-945-7323

City of Bridgeport
235 Washington St.
Bridgeport, IL. 62417
618-945-7323

Barbie Morey
Lawrence County Treasurer
Lawrence County Courthouse Annex
1106 Jefferson Street
Lawrenceville, IL. 62439
618-943-2016

Lawrence County Illinois
Lawrence County Circuit Clerk
Lawrence County Courthouse
Lawrenceville, IL 62439
618-943-2815

Respectfully submitted by
Michael D. Allison
Michael D. Allison
Plaintiff Pro Se
Dated January 22, 2026